37.3.2   constitute the company as the agent of the Seller for the sale of the Sale Shares on the terms of this Article 37; and

37.3.3   save as provided in Article 37.8, be irrevocable.

37.4   The Sale Shares shall be offered for purchase in accordance with this Article 37 at a price per Sale Share (**Sale Price**) agreed between the Seller and the directors or, in default of such agreement by the end of the 15th working day after the date of service of the Transfer Notice:

37.4.1   if the directors so elect within that fifteen working day period after the date of service of the Transfer Notice, the Sale Price shall be the price per Sale Share reported on by the Valuers as their written opinion of the open market value of each Sale Share (**Market Value**) as at the date of service of the Transfer Notice (in which case for the purposes of these Articles the Sale Price shall be deemed to have been determined on the date of the receipt by the company of the Valuer's report); and

37.4.2   otherwise the Sale Price shall be the Proposed Sale Price, in which case for the purpose of these Articles the Sale Price shall be deemed to have been agreed at the end of that 15th working day.

37.5   If instructed to report on their opinion of Market Value under Article 37.4 the Valuers shall:

37.5.1   act as expert and not as arbitrator and their written determination shall be final and binding on the shareholders; and

37.5.2   proceed on the basis that:

37.5.2.1   the open market value of each Sale Share shall be the sum which a willing buyer would agree with a willing seller to be the purchase price for all the class of shares of which the Sale Shares form part, divided by the number of issued shares then comprised in that class;

37.5.2.2   there shall be no addition of any premium or subtraction of any discount by reference to the size of the holding the subject of the Transfer Notice or in relation to any restrictions on the transferability of the Sale Shares; and

37.5.2.3   any difficulty in applying either of the foregoing bases shall be resolved by the Valuers as they think fit in their absolute discretion.

37.6   The company will use its reasonable endeavours to procure that the Valuers deliver their written opinion of the Market Value to the directors and to the Seller within twenty-eight days of being requested to do so.

37.7   The Valuers' fees for reporting on their opinion of the Market Value shall be borne as the Valuers shall specify in their valuation having regard to the conduct of the parties and the merit of their agreements in respect of the matters in dispute or otherwise (in the absence of any such specification by the Valuers) as to one half by the Seller and as to the other half by the company unless the Seller revokes the Transfer Notice pursuant to Article 37.8, in which case the Seller shall pay all the Valuers' fees.

37.8   If the Market Value is reported on by the Valuers under Article 37.4 to be less than the Proposed Sale Price, the Seller may revoke any Transfer Notice which was not stated to be, or is not deemed by these Articles to be, irrevocable by written notice given to the directors within the period of five working days after the date the directors serve on the Seller the Valuers' written opinion of the Market Value.

37.9   The directors shall at least ten working days after and no more than twenty working days after the Sale Price has been agreed or determined give an Offer Notice to all shareholders to whom the Sale Shares are to be offered in accordance with these Articles.

37.10   An Offer Notice shall:

37.10.1   specify the Sale Price;

37.10.2   contain the other details included in the Transfer Notice; and

37.10.3   invite each of the shareholders (other than the Seller) to respond in writing, before expiry of the Offer Notice, to purchase the numbers of Sale Shares specified by them in their application,

and shall expire twenty working days after its service.

37.11   After the expiry date of the Offer Notice, the directors shall allocate the Sale Shares in accordance with the applications received save that:

37.11.1   if there are applications from shareholders for more than the number of Sale Shares available, they shall be allocated to those applicants in proportion (as nearly as possible but without allocating to any shareholder more Sale Shares than the maximum number applied for by him) to the number of shares then held by them respectively; however, in his application for Sale Shares a shareholder may, if he so desires, indicate that he would be willing to purchase a particular proportionate entitlement (**Excess Shares**), in which case, applications for Excess Shares shall be allocated in accordance with such application, or in the event of competition among those shareholders applying for Excess Shares in such proportions as equal (as nearly as may be) the proportions of all the shares held by such shareholders;

37.11.2   if it is not possible to allocate any of the Sale Shares without involving fractions, they shall be allocated amongst them in such manner as the Board shall think fit; and

37.11.3   if the Transfer Notice contained a valid Total Transfer Condition, no allocation of Sale Shares shall be made unless all the Sale Shares are allocated.

37.12   The directors shall, within five working days of the expiry date of the Offer Notice, give notice in writing (**Allocation Notice**) to the Seller and to each person to whom Sale Shares have been allocated (each a **Buyer**) specifying the name and address of each Buyer, the number and class of Sale Shares agreed to be purchased by him and the aggregate price payable for them.

37.13   Completion of a sale and purchase of Sale Shares pursuant to an Allocation Notice shall take place at the registered office of the company at the time specified in the Allocation Notice when the Seller shall, upon payment to him by a

PX 42

Buyer of the Sale Price in respect of the Sale Shares allocated to that Buyer, transfer those Sale Shares and deliver the relative share certificate(s) to that Buyer.

37.14 The Seller may, during the period of thirty working days immediately following the expiry date of the Offer Notice, sell all or any of these Sale Shares, for which an Allocation Notice has not been given, by way of bona fide sale to the proposed transferee (if any) named in the Transfer Notice or, if none was so named, to any transferee, in either case at any price per Sale Share which is not less than the Sale Price, without any deduction, rebate or allowance to the proposed transferee, provided that:

37.14.1 the Seller may not transfer such share and the directors shall not register any transfer to a transferee who is not at that date a shareholder unless such transferee is first approved in writing by the directors; and

37.14.2 if the Transfer Notice contained a Total Transfer Condition, the Seller shall not be entitled, save with the written consent of the directors, to sell only some of the Sale Shares under this Article 37.14.

37.15 If a Seller fails for any reason (including death) to transfer any Sale Shares when required pursuant to this Article 37, the directors may authorise any director of the company (who shall be deemed to be irrevocably appointed as the attorney of the Seller for the purpose) to execute each necessary transfer of such Sale Shares and deliver it on the Seller's behalf. The company may receive the purchase money for such Sale Shares from the Buyer and shall upon receipt (subject, if necessary, to the transfer being duly stamped) register the Buyer as the holder of such Sale Shares. The company shall hold such purchase money in a separate bank account on trust for the Seller but shall not be bound to earn or pay interest on any money so held. The company's receipt for such purchase money shall be a good discharge to the Buyer who shall not be bound to see to the application of it, and after the name of the Buyer has been entered in the register of members in purported exercise of the power conferred by this Article 37.15 the validity of the proceedings shall not be questioned by any person.

## 38   Prohibited Transfers

Notwithstanding any other provision of these articles, no transfer of any Share shall be registered if it is to any minor, undischarged bankrupt, trustee in bankruptcy or person of unsound mind.

## 39   Transmission of shares

39.1 Nothing in these articles releases the estate of a deceased shareholder from any liability in respect of a share solely or jointly held by that shareholder.

39.2 Article 27(3) of the Model Articles shall be amended by the insertion of the words "subject to the provisions of Article 14.1", after the initial word "But".

## 40   Transmittees bound by prior notices

Article 29 of the Model Articles shall be amended by the insertion of the words "or the name of any person nominated under article 27(2)" after the words "transmittee's name".

## 41   Procedure for disposing of fractions of shares

41.1 This Article applies where:

41.1.1 there has been a consolidation or division of shares; and

41.1.2 as a result, shareholders are entitled to fractions of shares.

41.2 The directors may:

41.2.1 sell the shares representing the fractions to any person including the company for the best price reasonably obtainable;

41.2.2 authorise any person to execute an instrument of transfer of the shares to the purchaser or a person nominated by the purchaser; and

41.2.3 distribute the net proceeds of sale in due proportion among the holders of the shares.

41.3 The person to whom the shares are transferred is not obliged to ensure that any purchase money is received by the person entitled to the relevant fractions.

41.4 The transferee's title to the shares is not affected by any irregularity in or invalidity of the process leading to their sale.

## 42   Calculation of dividends

42.1 Except as otherwise provided by the articles or the rights attached to shares, all dividends must be:

42.1.1 declared and paid according to the amounts paid up on the shares on which the dividend is paid; and

42.1.2 apportioned and paid proportionately to the amounts paid up on the shares during any portion or portions of the period in respect of which the dividend is paid.

42.2 If any share is issued on terms providing that it ranks for dividend as from a particular date, that share ranks for dividend accordingly.

## 43   Deductions from distributions in respect of sums owed to the company

43.1 If:

43.1.1 a share is subject to the company's lien; and

43.1.2 the directors are entitled to issue a lien enforcement notice in respect of it,

**PX 42**              **FTC-MOBE-003452**

they may, instead of issuing a lien enforcement notice, deduct from any dividend or other sum payable in respect of the share any sum of money which is payable to the company in respect of that share to the extent that they are entitled to require payment under a lien enforcement notice.

43.2    Money so deducted must be used to pay any of the sums payable in respect of that share.

43.3    The company must notify the distribution recipient in writing of:

     43.3.1    the fact and amount of any such deduction;

     43.3.2    any non-payment of a dividend or other sum payable in respect of a share resulting from any such deduction; and

     43.3.3    how the money deducted has been applied.

**44    Authority to capitalise and appropriation of capitalised sums**

Article 36(4) of the Model Articles shall be amended by inserting the phrase "in or towards paying up any amounts unpaid on existing shares held by the persons entitled, or" after the words "may be applied".

**45    Convening general meetings**

The directors may call general meetings and, on the requisition of shareholders pursuant to the provisions of the Companies Act 2006, shall forthwith proceed to convene a general meeting in accordance with the Companies Act 2006. If there are not within the United Kingdom sufficient directors to call a general meeting, any director or the shareholders requisitioning the meeting (or any of them representing more than one half of the total voting rights of them all) may call a general meeting. If the company has only a single shareholder, such shareholder shall be entitled at any time to call a general meeting.

**46    Notice of general meetings**

46.1    General meetings (other than an adjourned meeting) shall be called by at least fourteen Clear Days' notice but a general meeting may be called by shorter notice if it is so agreed by a majority in number of the shareholders having a right to attend and vote, being a majority together holding not less than ninety per cent (90%) in nominal value of the shares at the meeting, giving that right.

46.2    The notice shall specify the time, date and place of the meeting, the general nature of the business to be transacted and the terms of any resolution to be proposed at it.

46.3    Subject to the provisions of these articles and to any restrictions imposed on any shares, the notice shall be given to all shareholders, to all persons entitled to a share in consequence of the death or bankruptcy of a shareholder (if the company has been notified of their entitlement) and to the directors, alternate directors and the auditors for the time being of the company.

46.4    The accidental omission to give notice of a meeting to, or the non-receipt of notice of a meeting by, any person entitled to receive notice shall not invalidate the proceedings at that meeting.

**47    Resolutions requiring special notice**

47.1    If the Companies Act 2006 requires special notice to be given of a resolution, then the resolution will not be effective unless notice of the intention to propose it has been given to the company at least twenty-eight Clear Days before the general meeting at which it is to be proposed.

47.2    Where practicable, the company must give the shareholders notice of the resolution in the same manner and at the same time as it gives notice of the general meeting at which it is to be proposed. Where that is not practicable, the company must give the shareholders at least fourteen Clear Days' before the relevant general meeting by advertisement in a newspaper with an appropriate circulation.

47.3    If, after notice to propose such a resolution has been given to the company, a meeting is called for a date twenty-eight days or less after the notice has been given, the notice shall be deemed to have been properly given, even though it was not given within the time required by Article 47.1.

**48    Quorum for general meetings**

No business shall be transacted at any meeting unless a quorum is present. Subject to section 318(2) of the Companies Act 2006, two qualifying persons (as defined in section 318(3) of the Companies Act 2006) entitled to vote upon the business to be transacted shall be a quorum, provided that if the company has only a single shareholder, the quorum shall be one such qualifying person.

**49    Adjournment**

Article 41(1) of the Model Articles shall be amended by inserting the following sentence at the end of the first sentence of that article: "If, at the adjourned meeting, a quorum is not present within half an hour from the time appointed for the meeting, the meeting shall be dissolved".

**50    Voting: general**

50.1    Subject to any rights or restrictions attached to any shares, on a show of hands, every shareholder who (being an individual) is present in person or (being a corporation) is present by a duly authorised representative (unless the representative is himself a shareholder, in which case he shall have more than one vote) shall have one vote. A proxy shall not be entitled to vote on a show of hands.

**PX 42**

FTC-MOBE-003453

50.2    No shareholder shall vote at any general meeting or at any separate meeting of the holder of any class of shares, either in person or by proxy, in respect of any share held by him unless all monies presently payable by him in respect of that share have been paid.

50.3    In the case of joint holders the vote of the senior who tenders a vote shall be accepted to the exclusion of the votes of the other joint holders; and seniority shall be determined by the order in which the names of the holders stand in the register of members.

50.4    Unless a poll is duly demanded, a declaration by the chairman that a resolution has been carried or carried unanimously, or by a particular majority, or lost, or not carried by a particular majority and an entry to that effect in the minutes of the meeting shall be conclusive evidence of the fact without proof of the number or proportion of the votes recorded in favour of or against the resolution.

## 51   Poll votes

51.1    On a poll every shareholder who (being an individual is present in person or by proxy or (being a corporation) is present by a duly authorised representative or by proxy shall have one vote for every share of which he is the holder. On a poll, a shareholder entitled to more than one vote need not use all his votes or cast all the votes he uses in the same way.

51.2    Article 44(2) of the Model Articles shall be amended by the insertion of the following sub-paragraph as article 44(2)(e):
"a person or persons holding shares conferring a right to vote on the resolution on which not less than one tenth of the total sum paid up on all the shares conferring that right.".

51.3    Article 44(3) of the Model Articles shall be amended by inserting the following sentence at the end of the Article:
"A demand so withdrawn shall not invalidate the result of a show of hands declared before the demand was made".

51.4    The result of the poll shall be deemed to be the resolution of the meeting at which the poll was demanded.

51.5    A poll demanded on the election of a chairman or on a question of adjournment shall be taken forthwith. A poll demanded on any other question shall be taken either forthwith or at such time and place as the chairman directs not being more than thirty days after the poll is demanded. The demand for a poll shall not prevent the continuance of a meeting for the transaction of any business other than the question on which the poll was demanded. If a poll is demanded before the declaration of the result of a show of hands and the demand is duly withdrawn, the meeting shall continue as if the demand had not been made.

51.6    No notice need be given of a poll not taken forthwith if the time and place at which it is to be taken are announced at the meeting at which it is demanded. In any other case at least seven Clear Days' notice shall be given specifying the time and place at which the poll is to be taken.

## 52   Content of proxy notices

52.1    Subject to the provisions of these articles, a shareholder is entitled to appoint another person as his proxy to exercise all or any of his rights to attend and to speak and vote at a general meeting. A shareholder may appoint more than one proxy in relation to a meeting, provided that each proxy is appointed to exercise the rights attached to a different share or shares held by that shareholder.

52.2    Proxies may only validly be appointed by a notice in writing (**proxy notice**) which:

52.2.1    states the name and address of the shareholder appointing the proxy;

52.2.2    identifies the person appointed to be that shareholder's proxy and the general meeting in relation to which that person is appointed;

52.2.3    is signed by or on behalf of the shareholder appointing the proxy, or is authenticated in such manner as the directors may determine; and

52.2.4    is delivered to the company in accordance with the articles and in accordance with any instructions contained in the notice of the general meeting (or adjourned meeting) to which they relate and received by the company:

52.2.4.1    subject to articles 52.2.4.2 and 52.2.4.3, in the case of a general meeting or adjourned meeting, not less than forty-eight hours before the time for holding the meeting or adjourned meeting at which the right to vote is to be exercised;

52.2.4.2    in the case of a poll taken more than forty-eight hours after it is demanded, after the poll has been demanded and not less than twenty-four hours before the time appointed for the taking of the poll; or

52.2.4.3    where the poll is not taken forthwith but is taken not more than forty-eight hours after it was demanded, at the time at which the poll was demanded or twenty-four hours before the time appointed for the taking of the poll, whichever is the later,

and a proxy notice which is not delivered and received in such manner shall be invalid.

52.3    Article 45(3) of the Model Articles shall be amended by the addition of the following at the end of the article:
" and the proxy is obliged to vote or abstain from voting in accordance with the specified instructions. However, the Company is not obliged to check whether a proxy votes or abstains from voting as he has been instructed and shall incur no liability for failing to do so. Failure by a proxy to vote or abstain from voting as instructed at a meeting shall not invalidate proceedings at that meeting."

**PX 42**        FTC-MOBE-003454

53  **Delivery of proxy notices**

53.1  Any notice of a general meeting must specify the address or addresses (**proxy notification address**) at which the company or its agents will receive proxy notices relating to that meeting, or any adjournment of it, delivered in hard copy or electronic form.

53.2  Article 46(1) of the Model Articles shall be amended by inserting the words: "to a proxy notification address" at the end of that Article.

53.3  A notice revoking a proxy appointment only takes effect if it is received by the company:

53.3.1  Subject to articles 53.3.2 and 53.3.3, in the case of a general or adjourned meeting, not less than forty-eight hours before the time for holding the meeting or adjourned meeting at which the right to vote is to be exercised;

53.3.2  in the case of a poll taken more than forty-eight hours after it was demanded, not less than twenty-four hours before the time appointed for the taking of the poll; or

53.3.3  in the case of a poll not taken forthwith but not more than forty-eight hours after it was demanded, at the time at which it was demanded or twenty-four hours before the time appointed for the taking of the poll, whichever is later,

and a notice which is not delivered and received in such manner shall be invalid.

53.4  In calculating the periods referred to in Article 52 (Content of proxy notices) and this Article 53, no account shall be taken of any part of a day that is not a working day.

54  **Representation of corporations at meetings**

Subject to the Companies Act 2006, a company which is a shareholder may, by resolution of its directors or other governing body, authorise one or more persons to act as its representative or representatives at a meeting of the company or at a separate meeting of the holders of a class of shares of the company (**corporate representative**). A director, secretary or other person authorised for the purpose by the directors may require a corporate representative to produce a certified copy of the resolution of authorisation before permitting him to exercise his powers.

55  **A resolution of the shareholders (or a class of shareholders) may be passed as a written resolution in accordance with chapter 2 of part 13 of the Companies Act 2006.**

56  **Means of communication to be used**

56.1  Any notice, document or other information shall be deemed served on or delivered to the intended recipient:

56.1.1  If properly addressed and sent by prepaid United Kingdom first class post to an address in the United Kingdom, forty-eight hours after it was posted;

56.1.2  If properly addressed and delivered by hand, when it was given or left at the appropriate address;

56.1.3  If properly addressed and send or supplied by electronic means forty-eight hours after the document or information was sent or supplied; and

56.1.4  If sent or supplied by means of a website, when the material is first made available on the website or (if later) when the recipient receives (or is deemed to have received) notice of the fact that the material is available on the website.

For the purposes of this Article 56.1, no account shall be taken of any part of a day that is not a working day.

56.2  In proving that any notice, document or other information was properly addressed, it shall be sufficient to show that the notice, document or other information was delivered to an address permitted for the purpose by the Companies Act 2006.

56.3  In the case of joint holders of a share, all notices or documents shall be given to the joint holder whose name stands first in the register in respect of the joint holding. Notice so given shall be sufficient notice to all of the joint holders. Where there are joint holders of a share, anything which needs to be agreed or specified in relation to any notice, document or other information to be sent or supplied to them can be agreed or specified by any one of the joint holders. The agreement or specification of the joint holder whose name stands first in the register will be accepted to the exclusion of the agreement or specification of any other joint holder (s) whose name(s) stand later in the register.

56.4  The Company may give notice to the transmittee of a member, by sending or delivering it in any manner authorised by these Articles for the giving of notice to a member, addressed to that person by name, or by the title, of representative of the deceased or trustee of the bankrupt or representative by operation of law or by any like description, at the address (if any) within the United Kingdom supplied for the purpose by the person claiming to be so entitled. Until such an address has been so supplied, a notice may be given in any manner in which it might have been given if the death or bankruptcy or operation of law had not occurred.

57  **Company seals**

Article 49(3) of the Model Articles shall be amended by the insertion of the words "by either at least two authorised persons or" after the word "signed".

58  **Indemnity**

58.1  Subject to Article 58.2, but without prejudice to any indemnity to which a relevant officer is otherwise entitled:

58.1.1  each relevant officer shall be indemnified out of the company's assets against all costs, charges, losses, expenses and liabilities incurred by him as a relevant officer:

**PX 42**

FTC-MOBE-003455

58.1.1.1    in the actual or purported execution and/or discharge of his duties, or in relation to them; and

58.1.1.2    in relation to the company's (or any associated company's) activities as trustee of an occupational pension scheme (as defined in section 235(6) of the Companies Act 2006),

including (in each case) any liability incurred by him in defending any civil or criminal proceedings in which judgment is given in his favour or in which he is acquitted or the proceedings are otherwise disposed of without any finding or admission of any material breach of duty on his part or in connection with any application in which the court grants him, in his capacity as a relevant officer, relief from liability for negligence, default, breach of duty or breach of trust in relation to the company's (or any associated company's ) affairs; and

58.1.2    the company may provide any relevant officer with funds to meet expenditure incurred or to be incurred by him in connection with any proceedings or application referred to in Article 58.1.1 and otherwise may take any action to enable any such relevant officer to avoid incurring such expenditure.

58.2    This Article does not authorise any indemnity which would be prohibited or rendered void by any provision of the Companies Acts or by any other provision of law.

58.3    In this Article 58:

58.3.1    companies are associated if one is a subsidiary of the other or both are subsidiaries of the same body corporate, and

58.3.2    a **relevant officer** means any director or alternate director or other officer or former director or other officer  of the company or an associated company (including any company which is a trustee of an occupational pension scheme (as defined by section 235(6) of the Companies Act 2006) and may, if the shareholders so decide, include any person engaged by the company (or any associated company) as auditor (whether or not he is also a director or other officer), to the extent he acts in his capacity as auditor).

## 59   Insurance

59.1    The directors may decide to purchase and maintain insurance, at the expense of the company, for the benefit of any relevant officer in respect of any relevant loss.

59.2    In this Article:

59.2.1    a **relevant officer** means any director or alternate director or other officer or former director or other officer of the company or an associated company (including any company which is a trustee of an occupational pension scheme (as defined by section 235(6) of the Companies Act 2006;

59.2.2    a **relevant loss** means any loss or liability which has been or may be incurred by a relevant officer in connection with that officer's duties or powers in relation to the company, any associated company or any pension fund or employees' share scheme of the company or associated company; and

59.2.3    companies are associated if one is a subsidiary of the other or both are subsidiaries of the same body corporate.

© The Association of Company Registration Agents Limited 2009. All rights reserved.

**PX 42**                       **FTC-MOBE-003456**



I, Matthew Lloyd McPhee,
hereby certify this to be a
true copy of the original.

matt mcphee

P          AUS
MCPHEE
MATTHEW LLOYD
AUSTRALIAN

M                    NARROGIN

AUSTRALIA

P<AUSMCPHEE<<MATTHEW<LLOYD<<<<<<<<<<<<<<<<<

**PX 42**          **FTC-MOBE-003457**



# LABUAN FINANCIAL SERVICES AUTHORITY

FORM 7

Labuan Companies Act 1990
(Subsection 15(5))

Company No.:

LL10885

## CERTIFICATE OF INCORPORATION OF A LABUAN COMPANY

This is to certify that MOBE Ltd. is incorporated under the Labuan Companies Act 1990 on and from the 1st day of July, in the year of 2014 and that the company is a company limited by shares.

Given under my hand and seal this 1st day of July, in the year of 2014.



(ESSAH ABDUL MANAF)
For the Labuan Financial Services Authority
Federal Territory of Labuan
Malaysia

(LABUAN INTERNATIONAL BUSINESS AND FINANCIAL CENTRE)

**PX 42**

FTC-MOBE-003458

FORM 25

Labuan Companies Act 1990
(Subsection 94(5))

CERTIFIED TRUE COPY

Authorised Representative of
LAW & COMMERCE CORPORATE SERVICES LTD.
Resident Secretary

Company No:

LL10885

RETURN ON PARTICULARS AND CHANGES OF DIRECTORS AND SECRETARIES

MOBE Ltd.

1.    The particulars are as follows:

| Full Name | Designation | Address/ Register Office | Nationality/ Place of Incorporation | NRIC No./ Passport No./ Registration No. | Date of Birth (if individual) | # Nature of Appointments Change/Cessation and Effective Date |
|---|---|---|---|---|---|---|
| Matthew Lloyd McPhee | Director | ███████ | Australian | Passport No: ███████ | 28 January 1987 | Appointed with effect from 01 July 2014 |
| Woo Sau Ming | Secretary | ███████ | Malaysian | NRIC No: ███████ | 16 June 1962 | Appointed with effect from 01 July 2014 |
| LAW & COMMERCE CORPORATE SERVICES LTD | Resident Secretary | Level 2, Lot 19, Lazenda Commercial Centre, Phase 3, 87007 F.T. Labuan, Malaysia. | Incorporated in F.T. Labuan | Company No: LL05103 | ---------- | Appointed with effect from 01 July 2014 |

Dated the 02nd day of July, in the year of 2014.

for LAW & COMMERCE CORPORATE SERVICES LTD.

Authorised Signature

Resident Secretary

* Delete whichever is inapplicable
· Insert designation, i.e. Director , Corporate Director, Alternate Director, Secretary, Resident Secretary, Joint Secretary.
# For new companies state "Appointed with effect from date of incorporation"
** Applicable to Labuan protected cell company only.
NOTE: Particulars of existing directors need not be notified in subsequent form.

| Lodged in the office of the Labuan Financial Services Authority in Labuan by :- | | For Registry's Use |
|---|---|---|
| Name : | LAW & COMMERCE TRUST LIMITED | Date of Registration : |
| Address : | Level 2, Lot 19, Lazenda Commercial Centre, Phase 3, 87007 Labuan F.T. Labuan Malaysia | Receipt No: |
| Telephone No.: +6 0087 421044          Fax No.: +6 0087 421048 | | Checked by : |

PX 42                    FTC-MOBE-003459

FORM 23

*Labuan Companies Act 1990*
(Subsection 85(2))

CERTIFIED TRUE COPY

Company No.:

LL10885

Authorised Representative of
LAW & COMMERCE CORPORATE SERVICES LTD.
Resident Secretary

NOTICE OF SITUATION OR CHANGES OF REGISTERED OFFICE

MOBE Ltd.

To
Director General
Labuan Financial Services Authority,
Labuan, Malaysia.

The above-named Labuan company gives notice that with effect from the 01st day of July, in the year of 2014.

*(A)    Its registered office will be situated at:
LEVEL 2, LOT 19, LAZENDA COMMERCIAL CENTRE, PHASE 3, 87007 F.T. LABUAN, MALAYSIA.

*(b)    Its registered office has changed from –
———————————————— to –———————————————————

for LAW & COMMERCE CORPORATE SERVICES LTD.

Dated this 02nd day of July, in the year of 2014.

Authorised Secretary

Resident Secretary

* Delete whichever is inapplicable.
+ Insert full address

| Lodged in the office of the Labuan Financial Services Authority in Labuan by : | For Registry's Use |
|---|---|
| Name :    LAW & COMMERCE TRUST LIMITED | Date of Registration |
| Address :    Level 2, Lot 19, Lazenda Commercial Centre, Phase 3, 87007 Labuan F.T. Labuan Malaysia. | Receipt No.: |
| Telephone Nos.: +6 087 421644        Fax No.: +6 087 421646 | Checked By: |

**PX 42**                    FTC-MOBE-003460

**Shareholders**

| Full Name and Address/ Registered Office | Nationality/ Place of Incorporation | UC No./Passport No./ Registration No. | Number of Shares Allotted | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Ordinary | | Preference | | Otherwise | |
| | | | Cash | Others | Cash | Others | Cash | Others |
| Matthew Lloyd McPhee | Australian | (Passport No.) | 100 | - | - | - | - | - |

Dated this 02nd day of July, in the year of 2014.

for LAW & COMMERCE CORPORATE SERVICES LTD.

Authorised Signature

Resident Secretary

| | | | | |
|---|---|---|---|---|
| | Lodged in the office of the Labuan Financial Services Authority in Labuan by | | | For Registry Use |
| Name | LAW & COMMERCE PROT LIMITED | | | |
| Address | Level 3, Lot 7A, Labanda Commercial Centre, Phase 3, 87007 Labuan F.T. Labuan Malaysia | | Date of Registration Receipt No. | |
| Telephone No. | +6 (087) 421544 | Fax No.  +6 (087) 421544 | Checked By | |

FTC-MOBE-003461

| Shares Allotted | Details of Shares | | |
|---|---|---|---|
| | Ordinary | Preference | Others (Specify class) |
| (b) Otherwise than in cash: | | | |
| (i) Number of shares issued as partly paid up to the extent of the currency in which the shares are denominated per share otherwise than in cash | - | - | - |
| (ii) Total amount, if any, agreed to be considered as paid on those (i.e. the above) shares which have been issued as partly paid up to that extent | - | - | - |
| (iii) Total amount, if any, agreed to be considered as unpaid on those shares | - | - | - |

Particulars of the allottee of the share so allotted and the number and classes of shares allotted to them are as follows:

| Full Name and Address/ Registered Office | Nationality/ Place of Incorporation | I/C No./Passport No./ Registration No. | Number of Shares Allotted | | | | | |
|---|---|---|---|---|---|---|---|---|
| | | | Ordinary | | Preference | | Otherwise | |
| | | | Cash | Others | Cash | Others | Cash | Others |
| Matthew Lloyd McPhee ■■■■■ | Australian | ■■■■ (Passport No.) | 100 | - | - | - | - | - |

Summary of share capital and shareholder after the allotment of shares:

| Share Capital (currency and amount) | | | | |
|---|---|---|---|---|
| Type | Ordinary | Preference | Otherwise | Total |
| Issued | 100 | - | - | USD100.00 |
| Paid-up | 100 | - | - | USD100.00 |

**PX 42**

FTC-MOBE-003462

**FORM 13**
Labuan Companies Act 1990
(Subsection 43(1))

CERTIFIED TRUE COPY

Authorised Representative of
LAW & COMMERCE CORPORATE SERVICES LTD.
Resident Secretary

Company No.:

LL10885

RETURN OF ALLOTMENT OF SHARES

MOBE Ltd.

The shares referred to in this return were allotted on the 01st day of July, in the year of 2014.

| Shares Allotted | | Details of Shares | | |
|---|---|---|---|---|
| | | Ordinary | Preference | Others (Specify class) |
| 1. | Number of shares issued | 100 | - | - |
| 2. | Shares paid in cash: | | | |
| | (a) Number of shares issued subject to payment wholly in cash | 100 | - | - |
| | (b) Total amount agreed to be considered as paid on those (i.e. the above) shares which have been deemed issued as fully paid up in cash | USD100.00 | | |
| 3. | Shares paid in consideration other than cash: | | | |
| | (a) Number of shares issued as fully paid up otherwise than in cash | - | - | - |
| | (b) Total amount, if any, agreed to be considered as paid on those (i.e. the above) shares which have been deemed issued as fully paid up otherwise than in cash | - | - | - |
| 4. | Shares partly paid | | | |
| | (a) Cash | | | |
| | (i) Number of shares issued as partly paid up to the extent of the currency in which the shares are denominated per share | - | | - |
| | (ii) Total amount, if any, agreed to be considered as paid on those (i.e. the above) shares which have been issued as partly paid up to that extent | - | - | - |
| | (iii) Total amount, if any, agreed to be considered as unpaid on those shares | - | - | - |

FTC-MOBE-003463



# LABUAN FINANCIAL SERVICES AUTHORITY

FORM 7

Labuan Companies Act 1990
(Subsection 15(5))

Company No.:

LL10685

## CERTIFICATE OF INCORPORATION OF A LABUAN COMPANY

This is to certify that MOBE Ltd. is incorporated under the Labuan Companies Act 1990 on and from the 1st day of July, in the year of 2014 and that the company is a company limited by shares.

Given under my hand and seal this 1st day of July, in the year of 2014.

(ESSAH ABDUL MANAF)
For the Labuan Financial Services Authority
Federal Territory of Labuan
Malaysia

(LABUAN INTERNATIONAL BUSINESS AND FINANCIAL CENTRE)

FTC-MOBE-003464

# BYLAWS
## OF
## MOBEPROCESSING.COM, INC.
### (A DELAWARE CORPORATION)

## ARTICLE I
## OFFICES

**Section 1.**   **Registered Office.** The registered office of the corporation in the State of Delaware shall be in the City of Wilmington, County of New Castle.

**Section 2.**   **Other Offices.** The corporation shall also have and maintain an office or principal place of business at such place as may be fixed by the Board of Directors, and may also have offices at such other places, both within and without the State of Delaware, as the Board of Directors may from time to time determine or the business of the corporation may require.

## ARTICLE II
## CORPORATE SEAL

**Section 3.**   **Corporate Seal.** The corporate seal, if adopted by the Board of Directors, shall consist of a die bearing the name of the corporation and the inscription, "Corporate Seal-Delaware." Said seal may be used by causing it or a facsimile thereof to be impressed or affixed or reproduced or otherwise.

## ARTICLE III
## STOCKHOLDERS' MEETINGS

**Section 4.**   **Place of Meetings.** Meetings of the stockholders of the corporation shall be held at such place, either within or without the State of Delaware, as may be designated from time to time by the Board of Directors, or, if not so designated, then at the principal office of the corporation required to be maintained pursuant to Section 2 hereof.

**Section 5.**   **Annual Meeting.**

(a)   The annual meeting of the stockholders of the corporation, for the purpose of election of directors and for such other business as may lawfully come before it, shall be held on such date and at such time as may be designated from time to time by the Board of Directors.

(b)   At an annual meeting of the stockholders, only such business shall be conducted as shall have been properly brought before the meeting. To be properly brought before an annual meeting, business must be: (A) specified in the notice of meeting (or any supplement thereto) given by or at the direction of the Board of Directors, (B) otherwise properly brought before the meeting by or at the direction of the Board of Directors, or (C) otherwise properly brought before the meeting by a stockholder. For business to be properly brought before an annual meeting by a stockholder, the stockholder must have given timely notice thereof in

FTC-MOBE-003465

writing to the Secretary of the corporation. To be timely, a stockholder's notice must be delivered to or mailed and received at the principal executive offices of the corporation not later than the close of business on the sixtieth (60th) day nor earlier than the close of business on the ninetieth (90th) day before the first anniversary of the preceding year's annual meeting; provided, however, that if no annual meeting was held in the previous year or the date of the annual meeting has been changed by more than thirty (30) days from the date contemplated at the time of the previous year's proxy statement, notice by the stockholder to be timely must be so received not earlier than the close of business on the ninetieth (90th) day before such annual meeting and not later than the close of business on the later of the sixtieth (60th) day before such annual meeting or, if public announcement of the date of such annual meeting is first made by the corporation fewer than seventy (70) days before the date of such annual meeting, the close of business on the tenth (10th) day following the day on which public announcement of the date of such meeting is first made by the corporation. A stockholder's notice to the Secretary shall set forth as to each matter the stockholder proposes to bring before the annual meeting: (i) a brief description of the business desired to be brought before the annual meeting and the reasons for conducting such business at the annual meeting, (ii) the name and address, as they appear on the corporation's books, of the stockholder proposing such business, (iii) the class and number of shares of the corporation which are beneficially owned by the stockholder, (iv) any material interest of the stockholder in such business, and (v) any other information that is required to be provided by the stockholder pursuant to Regulation 14A under the Securities Exchange Act of 1934, as amended (the "1934 Act"), in his capacity as a proponent to a stockholder proposal. Notwithstanding the foregoing, in order to include information with respect to a stockholder proposal in the proxy statement and form of proxy for a stockholders' meeting, stockholders must provide notice as required by the regulations promulgated under the 1934 Act. Notwithstanding anything in these Bylaws to the contrary, no business shall be conducted at any annual meeting except in accordance with the procedures set forth in this paragraph (b). The chairman of the annual meeting shall, if the facts warrant, determine and declare at the meeting that business was not properly brought before the meeting and in accordance with the provisions of this paragraph (b), and, if he should so determine, he shall so declare at the meeting that any such business not properly brought before the meeting shall not be transacted.

(c)     For purposes of this Section 5, "public announcement" shall mean disclosure in a press release reported by the Dow Jones News Service, Associated Press, or comparable national news service or in a document publicly filed by the corporation with the Securities and Exchange Commission pursuant to Section 13, 14, or 15(d) of the 1934 Act.

Section 6.     Special Meetings.

(a)     Special meetings of the stockholders of the corporation may be called, for any purpose or purposes, by (i) the Chairman of the Board of Directors, (ii) the Chief Executive Officer, (iii) the Board of Directors pursuant to a resolution adopted by a majority of the total number of authorized directors (whether or not there exist any vacancies in previously authorized directorships at the time any such resolution is presented to the Board of Directors for adoption), or (iv) by the holders of shares entitled to cast not less than ten percent (10%) of the votes at the meeting and shall be held at such place, on such date, and at such time as the Board of Directors shall fix. At any time or times that the corporation is subject to Section 2115(b) of the California General Corporation Law ("CGCL"), stockholders holding five percent (5%) or more of the

Bylaws of MobeProcessing.com, Inc.

outstanding shares shall have the right to call a special meeting of stockholders as set forth in Section 18(c) herein.

(b)     If a special meeting is properly called by any person or persons other than the Board of Directors, the request shall be in writing, specifying the general nature of the business proposed to be transacted, and shall be delivered personally or sent by registered mail or by telegraphic or other facsimile transmission to the Chairman of the Board of Directors, the Chief Executive Officer, or the Secretary of the corporation. No business may be transacted at such special meeting otherwise than specified in such notice. The Board of Directors shall determine the time and place of such special meeting, which shall be held not less than thirty-five (35) nor more than one hundred twenty (120) days after the date of the receipt of the request. Upon determination of the time and place of the meeting, the officer receiving the request shall cause notice to be given to the stockholders entitled to vote, in accordance with the provisions of Section 7 of these Bylaws. If the notice is not given within sixty (60) days after the receipt of the request, the person or persons properly requesting the meeting may set the time and place of the meeting and give the notice. Nothing contained in this paragraph (b) shall be construed as limiting, fixing, or affecting the time when a meeting of stockholders called by action of the Board of Directors may be held.

Section 7.     Notice of Meetings. Except as otherwise provided by law or the Certificate of Incorporation, written notice of each meeting of stockholders shall be given not less than ten (10) nor more than sixty (60) days before the date of the meeting to each stockholder entitled to vote at such meeting, such notice to specify the place, date, and hour and purpose or purposes of the meeting. Notice of the time, place, and purpose of any meeting of stockholders may be waived in writing, signed by the person entitled to notice thereof, either before or after such meeting, and will be waived by any stockholder by his attendance thereat in person or by proxy, except when the stockholder attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. Any stockholder so waiving notice of such meeting shall be bound by the proceedings of any such meeting in all respects as if due notice thereof had been given.

Section 8.     Quorum. At all meetings of stockholders, except where otherwise provided by statute or by the Certificate of Incorporation, or by these Bylaws, the presence, in person or by proxy duly authorized, of the holders of a majority of the outstanding shares of stock entitled to vote shall constitute a quorum for the transaction of business. In the absence of a quorum, any meeting of stockholders may be adjourned, from time to time, either by the chairman of the meeting or by vote of the holders of a majority of the shares represented thereat, but no other business shall be transacted at such meeting. The stockholders present at a duly called or convened meeting, at which a quorum is present, may continue to transact business until adjournment, notwithstanding the withdrawal of enough stockholders to leave less than a quorum. Except as otherwise provided by law, the Certificate of Incorporation or these Bylaws, all action taken by the holders of a majority of the vote cast in all matters other than the election of directors, the affirmative vote of a majority of shares present in person or represented by proxy at the meeting and entitled to vote on the subject matter shall be the act of the stockholders. Except as otherwise provided by statute, the Certificate of Incorporation or these Bylaws, directors shall be elected by a plurality of the votes of the shares present in person or represented

Bylaws of MobeProcessing.com, Inc.

*M.M* 

3

by proxy at the meeting and entitled to vote on the election of directors. Where a separate vote by a class or classes or series is required, except where otherwise provided by the statute or by the Certificate of Incorporation or these Bylaws, a majority of the outstanding shares of such class or classes or series, present in person or represented by proxy, shall constitute a quorum entitled to take action with respect to that vote on that matter and, except where otherwise provided by statute or by the Certificate of Incorporation or these Bylaws, the affirmative vote of the majority (plurality, in the case of the election of directors) of the votes cast by the holders of shares of such class or classes or series shall be the act of such class or classes or series.

Section 9.    Adjournment and Notice of Adjourned Meetings. Any meeting of stockholders, whether annual or special, may be adjourned from time to time either by the chairman of the meeting or by the vote of a majority of the shares casting votes. When a meeting is adjourned to another time or place, notice need not be given of the adjourned meeting if the time and place thereof are announced at the meeting at which the adjournment is taken. At the adjourned meeting, the corporation may transact any business which might have been transacted at the original meeting. If the adjournment is for more than thirty (30) days or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting shall be given to each stockholder of record entitled to vote at the meeting.

Section 10.    Voting Rights. For the purpose of determining those stockholders entitled to vote at any meeting of the stockholders, except as otherwise provided by law, only persons in whose names shares stand on the stock records of the corporation on the record date, as provided in Section 12 of these Bylaws, shall be entitled to vote at any meeting of stockholders. Every person entitled to vote or execute consents shall have the right to do so either in person or by an agent or agents authorized by a proxy granted in accordance with Delaware law. An agent so appointed need not be a stockholder. No proxy shall be voted after three (3) years from its date of creation unless the proxy provides for a longer period.

Section 11.    Joint Owners of Stock. If shares or other securities having voting power stand of record in the names of two (2) or more persons, whether fiduciaries, members of a partnership, joint tenants, tenants in common, tenants by the entirety, or otherwise, or if two (2) or more persons have the same fiduciary relationship respecting the same shares, unless the Secretary is given written notice to the contrary and is furnished with a copy of the instrument or order appointing them or creating the relationship wherein it is so provided, their acts with respect to voting shall have the following effect: (a) if only one (1) votes, his act binds all; (b) if more than one (1) votes, the act of the majority so voting binds all; (c) if more than one (1) votes, but the vote is evenly split on any particular matter, each faction may vote the securities in question proportionally, or may apply to the Delaware Court of Chancery for relief as provided in the Delaware General Corporation Law, Section 217(b). If the instrument filed with the Secretary shows that any such tenancy is held in unequal interests, a majority or even-split for the purpose of subsection (c) shall be a majority or even-split in interest.

Section 12.    List of Stockholders. The Secretary shall prepare and make, at least ten (10) days before every meeting of stockholders, a complete list of the stockholders entitled to vote at said meeting, arranged in alphabetical order, showing the address of each stockholder and the number of shares registered in the name of each stockholder. Such list shall be open to the examination of any stockholder, for any purpose germane to the meeting, during ordinary

Bylaws of MobeProcessing.com, Inc.

4

FTC-MOBE-003468

business hours, for a period of at least ten (10) days before the meeting, either at a place within the city where the meeting is to be held, which place shall be specified in the notice of the meeting, or, if not specified, at the place where the meeting is to be held. The list shall be produced and kept at the time and place of meeting during the whole time thereof and may be inspected by any stockholder who is present.

Section 13.   Action Without Meeting.

(a)     Unless otherwise provided in the Certificate of Incorporation, any action required by statute to be taken at any annual or special meeting of the stockholders, or any action which may be taken at any annual or special meeting of the stockholders, may be taken without a meeting, without prior notice and without a vote, if a consent in writing, setting forth the action so taken, shall be signed by the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote thereon were present and voted.

(b)     Every written consent shall bear the date of signature of each stockholder who signs the consent, and no written consent shall be effective to take the corporate action referred to therein unless, within sixty (60) days of the earliest dated consent delivered to the corporation in the manner herein required, written consents signed by a sufficient number of stockholders to take action are delivered to the corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the corporation having custody of the book in which proceedings of meetings of stockholders are recorded. Delivery made to a corporation's registered office shall be by hand or by certified or registered mail, return receipt requested.

(c)     Prompt notice of the taking of the corporate action without a meeting by less than unanimous written consent shall be given to those stockholders who have not consented in writing. If the action which is consented to is such as would have required the filing of a certificate under any section of the Delaware General Corporation Law if such action had been voted on by stockholders at a meeting thereof, then the certificate filed under such section shall state, in lieu of any statement required by such section concerning any vote of stockholders, that written consent has been given in accordance with Section 228 of the Delaware General Corporation Law.

Section 14.   Organization.

(a)     At every meeting of stockholders, the Chairman of the Board of Directors, or, if a Chairman has not been appointed or is absent, the President, or, if the President is absent, a chairman of the meeting chosen by a majority in interest of the stockholders entitled to vote, present in person or by proxy, shall act as chairman. The Secretary, or, in his absence, an Assistant Secretary directed to do so by the President, shall act as secretary of the meeting.

(b)     The Board of Directors of the corporation shall be entitled to make such rules or regulations for the conduct of meetings of stockholders as it shall deem necessary, appropriate or convenient. Subject to such rules and regulations of the Board of Directors, if any, the chairman of the meeting shall have the right and authority to prescribe such rules, regulations,

Bylaws of MobeProcessing.com, Inc.

M.M

5

and procedures and to do all such acts as, in the judgment of such chairman, are necessary, appropriate, or convenient for the proper conduct of the meeting, including, without limitation, establishing an agenda or order of business for the meeting, rules and procedures for maintaining order at the meeting and the safety of those present, limitations on participation in such meeting to stockholders of record of the corporation and their duly authorized and constituted proxies and such other persons as the chairman shall permit, restrictions on entry to the meeting after the time fixed for the commencement thereof, limitations on the time allotted to questions or comments by participants and regulation of the opening and closing of the polls for balloting on matters which are to be voted on by ballot. Unless and to the extent determined by the Board of Directors or the chairman of the meeting, meetings of stockholders shall not be required to be held in accordance with rules of parliamentary procedure.

## ARTICLE IV
## DIRECTORS

**Section 15.    Number and Term of Office.**  The authorized number of directors of the corporation shall be fixed by the Board of Directors from time to time. Directors need not be stockholders unless so required by the Certificate of Incorporation. If for any cause the directors shall not have been elected at an annual meeting, they may be elected as soon thereafter as convenient at a special meeting of the stockholders called for that purpose in the manner provided in these Bylaws.

**Section 16.    Powers.**  The powers of the corporation shall be exercised, its business conducted, and its property controlled by the Board of Directors, except as may be otherwise provided by statute or by the Certificate of Incorporation.

**Section 17.    Term of Directors.**

(a)    Subject to the rights of the holders of any series of Preferred Stock to elect additional directors under specified circumstances, directors shall be elected at each annual meeting of stockholders for a term of one year. Each director shall serve until his successor is duly elected and qualified or until his death, resignation, or removal. No decrease in the number of directors constituting the Board of Directors shall shorten the term of any incumbent director.

(b)    No person entitled to vote at an election for directors may cumulate votes to which such person is entitled, unless, at the time of such election, the corporation is subject to Section 2115(b) of the CGCL. During such time or times that the corporation is subject to Section 2115(b) of the CGCL, every stockholder entitled to vote at an election for directors may cumulate such stockholder's votes and give one candidate a number of votes equal to the number of directors to be elected multiplied by the number of votes to which such stockholder's shares are otherwise entitled, or distribute the stockholder's votes on the same principle among as many candidates as such stockholder thinks fit. No stockholder, however, shall be entitled to so cumulate such stockholder's votes unless (a) the names of such candidate or candidates have been placed in nomination before the voting and (b) the stockholder has given notice at the meeting, before the voting, of such stockholder's intention to cumulate such stockholder's votes. If any stockholder has given proper notice to cumulate votes, all stockholders may cumulate their votes for any candidates who have been properly placed in nomination. Under cumulative voting,

Bylaws of MobeProcessing.com, Inc.

6

the candidates receiving the highest number of votes, up to the number of directors to be elected, are elected.

Section 18.    Vacancies.

(a)    Unless otherwise provided in the Certificate of Incorporation, any vacancies on the Board of Directors resulting from death, resignation, disqualification, removal, or other causes and any newly created directorships resulting from any increase in the number of directors shall, unless the Board of Directors determines by resolution that any such vacancies or newly created directorships shall be filled by stockholders, be filled only by the affirmative vote of a majority of the directors then in office, even though less than a quorum of the Board of Directors. Any director elected in accordance with the preceding sentence shall hold office for the remainder of the full term of the director for which the vacancy was created or occurred and until such director's successor shall have been elected and qualified. A vacancy in the Board of Directors shall be deemed to exist under this Bylaw in the case of the death, removal, or resignation of any director.

(b)    If at the time of filling any vacancy or any newly created directorship, the directors then in office shall constitute less than a majority of the whole board (as constituted immediately before any such increase), the Delaware Court of Chancery may, upon application of any stockholder or stockholders holding at least ten percent (10%) of the total number of the shares at the time outstanding having the right to vote for such directors, summarily order an election to be held to fill any such vacancies or newly created directorships, or to replace the directors chosen by the directors then in offices as aforesaid, which election shall be governed by Section 211 of the Delaware General Corporation Law

(c)    At any time or times that the corporation is subject to §2115(b) of the CGCL, if, after the filling of any vacancy, the directors then in office who have been elected by stockholders shall constitute less than a majority of the directors then in office, then:

(i)    Any holder or holders of an aggregate of five percent (5%) or more of the total number of shares at the time outstanding having the right to vote for those directors may call a special meeting of stockholders; or

(ii)    The Superior Court of the proper county shall, upon application of such stockholder or stockholders, summarily order a special meeting of the stockholders, to be held to elect the entire board, all in accordance with Section 305(c) of the CGCL, the term of office of any director shall terminate upon that election of a successor. (CGCL §305 (c)).

Section 19.    Resignation. Any director may resign at any time by delivering his written resignation to the Secretary, such resignation to specify whether it will be effective at a particular time, upon receipt by the Secretary, or at the pleasure of the Board of Directors. If no such specification is made, it shall be deemed effective at the pleasure of the Board of Directors. When one or more directors shall resign from the Board of Directors, effective at a future date, a majority of the directors then in office, including those who have so resigned, shall have power to fill such vacancy or vacancies, the vote thereon to take effect when such resignation or resignations shall become effective, and each Director so chosen shall hold office for the

Bylaws of MobeProcessing.com, Inc.                                                                          7

unexpired portion of the term of the Director whose place shall be vacated and until his successor shall have been duly elected and qualified.

### Section 20.   Removal.

(a)   Subject to any limitations imposed by applicable law (and assuming the corporation is not subject to Section 2115 of the CGCL), the Board of Directors or any director may be removed from office at any time (i) with cause by the affirmative vote of the holders of a majority of the voting power of all then-outstanding shares of voting stock of the corporation entitled to vote at an election of directors or (ii) without cause by the affirmative vote of the holders of a majority of the voting power of all then-outstanding shares of voting stock of the corporation, entitled to vote at an election of directors.

(b)   During such time or times that the corporation is subject to Section 2115(b) of the CGCL, the Board of Directors or any individual director may be removed from office at any time without cause by the affirmative vote of the holders of at least a majority of the outstanding shares entitled to vote on such removal; provided, however, that unless the entire Board is removed, no individual director may be removed when the votes cast against such director's removal, or not consenting in writing to such removal, would be sufficient to elect that director if voted cumulatively at an election which the same total number of votes were cast (or, if such action is taken by written consent, all shares entitled to vote were voted) and the entire number of directors authorized at the time of such director's most recent election were then being elected.

### Section 21.   Meetings of the Board of Directors.

(a)   Annual Meetings. The annual meeting of the Board of Directors shall be held immediately before or after the annual meeting of stockholders and at the place where such meeting is held. No notice of an annual meeting of the Board of Directors shall be necessary and such meeting shall be held for the purpose of electing officers and transacting such other business as may lawfully come before it.

(b)   Regular Meetings. Unless otherwise restricted by the Certificate of Incorporation, regular meetings of the Board of Directors may be held at any time or date and at any place within or without the State of Delaware which has been designated by the Board of Directors and publicized among all directors. No formal notice shall be required for a regular meeting of the Board of Directors.

(c)   Special Meetings. Unless otherwise restricted by the Certificate of Incorporation, special meetings of the Board of Directors may be held at any time and place within or without the State of Delaware whenever called by the Chairman of the Board, the President, or any two of the directors.

(d)   Telephone Meetings. Any member of the Board of Directors, or of any committee thereof, may participate in a meeting by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear

Bylaws of MobeProcessing.com, Inc.

8

   FTC-MOBE-003472

each other, and participation in a meeting by such means shall constitute presence in person at such meeting.

(e)    Notice of Meetings. Notice of the time and place of all special meetings of the Board of Directors shall be orally or in writing, by telephone, including a voice messaging system or other system or technology designed to record and communicate messages, facsimile, telegraph or telex, or by electronic mail or other electronic means, during normal business hours, at least twenty-four (24) hours before the date and time of the meeting, or sent in writing to each director by first class mail, postage prepaid, at least three (3) days before the date of the meeting. Notice of any meeting may be waived in writing at any time before or after the meeting and will be waived by any director by attendance thereat, except when the director attends the meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.

(f)    Waiver of Notice. The transaction of all business at any meeting of the Board of Directors, or any committee thereof, however called or noticed, or wherever held, shall be as valid as though had at a meeting duly held after regular call and notice, if a quorum be present and if, either before or after the meeting, each of the directors not present shall sign a written waiver of notice. All such waivers shall be filed with the corporate records or made a part of the minutes of the meeting.

Section 22.    Quorum and Voting.

(a)    Unless the Certificate of Incorporation requires a greater number and except with respect to indemnification questions arising under Section 43 hereof, for which a quorum shall be one-third of the exact number of directors fixed from time to time, a quorum of the Board of Directors shall consist of a majority of the exact number of directors fixed from time to time by the Board of Directors in accordance with the Certificate of Incorporation; provided, however, at any meeting, whether a quorum be present or otherwise, a majority of the directors present may adjourn from time to time until the time fixed for the next regular meeting of the Board of Directors, without notice other than by announcement at the meeting.

(b)    At each meeting of the Board of Directors at which a quorum is present, all questions and business shall be determined by the affirmative vote of a majority of the directors present, unless a different vote be required by law, the Certificate of Incorporation, or these Bylaws.

Section 23.    Action Without Meeting. Unless otherwise restricted by the Certificate of Incorporation or these Bylaws, any action required or permitted to be taken at any meeting of the Board of Directors or of any committee thereof may be taken without a meeting, if all members of the Board of Directors or committee, as the case may be, consent thereto in writing, and such writing or writings are filed with the minutes of proceedings of the Board of Directors or committee.

Section 24.    Fees and Compensation. Directors shall be entitled to such compensation for their services as may be approved by the Board of Directors, including, if so approved, by resolution of the Board of Directors, a fixed sum and expenses of attendance, if any, for

Bylaws of MobeProcessing.com, Inc.

9

FTC-MOBE-003473

attendance at each regular or special meeting of the Board of Directors and at any meeting of a committee of the Board of Directors. Nothing herein contained shall be construed to preclude any director from serving the corporation in any other capacity as an officer, agent, employee, or otherwise and receiving compensation therefor.

Section 25.   Committees.

(a)   Executive Committee. The Board of Directors may appoint an Executive Committee to consist of one (1) or more members of the Board of Directors. The Executive Committee, to the extent permitted by law and provided in the resolution of the Board of Directors shall have and may exercise all the powers and authority of the Board of Directors in the management of the business and affairs of the corporation, and may authorize the seal of the corporation to be affixed to all papers which may require it; but no such committee shall have the power or authority in reference to (i) approving or adopting, or recommending to the stockholders, any action or matter expressly required by the Delaware General Corporation Law to be submitted to stockholders for approval, or (ii) adopting, amending, or repealing any bylaw of the corporation.

(b)   Other Committees. The Board of Directors may, from time to time, appoint such other committees as may be permitted by law. Such other committees appointed by the Board of Directors shall consist of one (1) or more members of the Board of Directors and shall have such powers and perform such duties as may be prescribed by the resolution or resolutions creating such committees, but in no event shall any such committee have the powers denied to the Executive Committee in these Bylaws.

(c)   Term. Each member of a committee of the Board of Directors shall serve a term on the committee coexistent with such member's term on the Board of Directors. The Board of Directors, subject to any requirements of any outstanding series of Preferred Stock, the provisions of subsections (a) or (b) of this Bylaw may at any time increase or decrease the number of members of a committee or terminate the existence of a committee. The membership of a committee member shall terminate on the date of his death or voluntary resignation from the committee or from the Board of Directors. The Board of Directors may at any time for any reason remove any individual committee member and the Board of Directors may fill any committee vacancy created by death, resignation, removal, or increase in the number of members of the committee. The Board of Directors may designate one or more directors as alternate members of any committee, who may replace any absent or disqualified member at any meeting of the committee, and, in addition, in the absence or disqualification of any member of a committee, the member or members thereof present at any meeting and not disqualified from voting, whether or not he or they constitute a quorum, may unanimously appoint another member of the Board of Directors to act at the meeting in the place of any such absent or disqualified member.

(d)   Meetings. Unless the Board of Directors shall otherwise provide, regular meetings of the Executive Committee or any other committee appointed pursuant to this Section 25 shall be held at such times and places as are determined by the Board of Directors, or by any such committee, and when notice thereof has been given to each member of such committee, no further notice of such regular meetings need be given thereafter. Special meetings of any such committee may be held at any place which has been determined from time to time by

Bylaws of MobeProcessing.com, Inc.

10

such committee, and may be called by any director who is a member of such committee, upon written notice to the members of such committee of the time and place of such special meeting given in the manner provided for the giving of written notice to members of the Board of Directors of the time and place of special meetings of the Board of Directors. Notice of any special meeting of any committee may be waived in writing at any time before or after the meeting and will be waived by any director by attendance thereat, except when the director attends such special meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. A majority of the authorized number of members of any such committee shall constitute a quorum for the transaction of business, and the act of a majority of those present at any meeting at which a quorum is present shall be the act of such committee.

Section 26.   Organization. At every meeting of the directors, the Chairman of the Board of Directors, or, if a Chairman has not been appointed or is absent, the President, or if the President is absent, the most senior Vice President, (if a director) or, in the absence of any such person, a chairman of the meeting chosen by a majority of the directors present, shall preside over the meeting. The Secretary, or in his absence, any Assistant Secretary directed to do so by the President, shall act as secretary of the meeting.

## ARTICLE V
## OFFICERS

Section 27.   Officers Designated. The officers of the corporation shall include, if and when designated by the Board of Directors, the Chairman of the Board of Directors, the Chief Executive Officer, the President, one or more Vice Presidents, the Secretary, the Chief Financial Officer, the Treasurer and the Controller, all of whom shall be elected at the annual organizational meeting of the Board of Directors. The Board of Directors may also appoint one or more Assistant Secretaries, Assistant Treasurers, Assistant Controllers, and such other officers and agents with such powers and duties as it shall deem necessary. The Board of Directors may assign such additional titles to one or more of the officers as it shall deem appropriate. Any one person may hold any number of offices of the corporation at any one time unless specifically prohibited therefrom by law. The salaries and other compensation of the officers of the corporation shall be fixed by or in the manner designated by the Board of Directors.

Section 28.   Tenure and Duties of Officers.

(a)   General. All officers shall hold office at the pleasure of the Board of Directors and until their successors shall have been duly elected and qualified, unless sooner removed. Any officer elected or appointed by the Board of Directors may be removed at any time by the Board of Directors. If the office of any officer becomes vacant for any reason, the vacancy may be filled by the Board of Directors.

(b)   Duties of Chairman of the Board of Directors. The Chairman of the Board of Directors, when present, shall preside at all meetings of the stockholders and the Board of Directors. The Chairman of the Board of Directors shall perform other duties commonly incident to his office and shall also perform such other duties and have such other powers as the Board of Directors shall designate from time to time. If there is no President, then the Chairman of the

Bylaws of MobeProcessing.com, Inc.

11

      FTC-MOBE-003475

Board of Directors shall also serve as the Chief Executive Officer of the corporation and shall have the powers and duties prescribed in paragraph (c) of this Section 28.

(c)     Duties of President. The President shall preside at all meetings of the stockholders and at all meetings of the Board of Directors, unless the Chairman of the Board of Directors has been appointed and is present. Unless some other officer has been elected Chief Executive Officer of the corporation, the President shall be the chief executive officer of the corporation and shall, subject to the control of the Board of Directors, have general supervision, direction, and control of the business and officers of the corporation. The President shall perform other duties commonly incident to his office and shall also perform such other duties and have such other powers as the Board of Directors shall designate from time to time.

(d)     Duties of Vice Presidents. The Vice Presidents may assume and perform the duties of the President in the absence or disability of the President or whenever the office of President is vacant. The Vice Presidents shall perform other duties commonly incident to their office and shall also perform such other duties and have such other powers as the Board of Directors or the President shall designate from time to time.

(e)     Duties of Secretary. The Secretary shall attend all meetings of the stockholders and of the Board of Directors and shall record all acts and proceedings thereof in the minute book of the corporation. The Secretary shall give notice in conformity with these Bylaws of all meetings of the stockholders and of all meetings of the Board of Directors and any committee thereof requiring notice. The Secretary shall perform all other duties given him in these Bylaws and other duties commonly incident to his office and shall also perform such other duties and have such other powers as the Board of Directors shall designate from time to time. The President may direct any Assistant Secretary to assume and perform the duties of the Secretary in the absence or disability of the Secretary, and each Assistant Secretary shall perform other duties commonly incident to his office and shall also perform such other duties and have such other powers as the Board of Directors or the President shall designate from time to time.

(f)     Duties of Chief Financial Officer. The Chief Financial Officer shall keep or cause to be kept the books of account of the corporation in a thorough and proper manner and shall render statements of the financial affairs of the corporation in such form and as often as required by the Board of Directors or the President. The Chief Financial Officer, subject to the order of the Board of Directors, shall have the custody of all funds and securities of the corporation. The Chief Financial Officer shall perform other duties commonly incident to his office and shall also perform such other duties and have such other powers as the Board of Directors or the President shall designate from time to time. The President may direct the Treasurer or any Assistant Treasurer, or the Controller or any Assistant Controller to assume and perform the duties of the Chief Financial Officer in the absence or disability of the Chief Financial Officer, and each Treasurer and Assistant Treasurer and each Controller and Assistant Controller shall perform other duties commonly incident to his office and shall also perform such other duties and have such other powers as the Board of Directors or the President shall designate from time to time.

Bylaws of MobeProcessing.com, Inc.                                    12

**Section 29.    Delegation of Authority.** The Board of Directors may from time to time delegate the powers or duties of any officer to any other officer or agent, notwithstanding any provision hereof.

**Section 30.    Resignations.** Any officer may resign at any time by giving written notice to the Board of Directors or to the President or to the Secretary. Any such resignation shall be effective when received by the person or persons to whom such notice is given, unless a later time is specified therein, in which event the resignation shall become effective at such later time. Unless otherwise specified in such notice, the acceptance of any such resignation shall not be necessary to make it effective. Any resignation shall be without prejudice to the rights, if any, of the corporation under any contract with the resigning officer.

**Section 31.    Removal.** Any officer may be removed from office at any time, either with or without cause, by the affirmative vote of a majority of the directors in office at the time, or by the unanimous written consent of the directors in office at the time, or by any committee or superior officers upon whom such power of removal may have been conferred by the Board of Directors.

## ARTICLE VI
## EXECUTION OF CORPORATE INSTRUMENTS AND VOTING OF SECURITIES OWNED BY THE CORPORATION

**Section 32.    Execution of Corporate Instruments.** The Board of Directors may, in its discretion, determine the method and designate the signatory officer or officers, or other person or persons, to execute on behalf of the corporation any corporate instrument or document, or to sign on behalf of the corporation the corporate name without limitation, or to enter into contracts on behalf of the corporation, except where otherwise provided by law or these Bylaws, and such execution or signature shall be binding upon the corporation. All checks and drafts drawn on banks or other depositaries on funds to the credit of the corporation or in special accounts of the corporation shall be signed by such person or persons as the Board of Directors shall authorize so to do. Unless authorized or ratified by the Board of Directors or within the agency power of an officer, no officer, agent, or employee shall have any power or authority to bind the corporation by any contract or engagement or to pledge its credit or to render it liable for any purpose or for any amount.

**Section 33.    Voting of Securities Owned by the Corporation.** All stock and other securities of other corporations owned or held by the corporation for itself, or for other parties in any capacity, shall be voted, and all proxies with respect thereto shall be executed, by the person authorized so to do by resolution of the Board of Directors, or, in the absence of such authorization, by the Chairman of the Board of Directors, the Chief Executive Officer, the President, or any Vice President.

## ARTICLE VII
## SHARES OF STOCK

**Section 34.    Form and Execution of Certificates.** Certificates for the shares of stock of the corporation shall be in such form as is consistent with the Certificate of Incorporation and

Bylaws of MobeProcessing.com, Inc.                                                13