applicable law. Every holder of stock in the corporation shall be entitled to have a certificate signed by or in the name of the corporation by the Chairman of the Board of Directors, or the President or any Vice President and by the Treasurer or Assistant Treasurer or the Secretary or Assistant Secretary, certifying the number of shares owned by him in the corporation. Any or all of the signatures on the certificate may be facsimiles. In case any officer, transfer agent, or registrar who has signed or whose facsimile signature has been placed upon a certificate shall have ceased to be such officer, transfer agent, or registrar before such certificate is issued, it may be issued with the same effect as if he were such officer, transfer agent, or registrar at the date of issue. Each certificate shall state upon the face or back thereof, in full or in summary, all of the powers, designations, preferences, and rights, and the limitations or restrictions of the shares authorized to be issued or shall, except as otherwise required by law, set forth on the face or back a statement that the corporation will furnish without charge to each stockholder who so requests the powers, designations, preferences, and relative, participating, optional, or other special rights of each class of stock or series thereof and the qualifications, limitations, or restrictions of such preferences and/or rights. Within a reasonable time after the issuance or transfer of uncertificated stock, the corporation shall send to the registered owner thereof a written notice containing the information required to be set forth or stated on certificates pursuant to this section or otherwise required by law or with respect to this section a statement that the corporation will furnish without charge to each stockholder who so requests the powers, designations, preferences, and relative participating, optional, or other special rights of each class of stock or series thereof and the qualifications, limitations, or restrictions of such preferences and/or rights. Except as otherwise expressly provided by law, the rights and obligations of the holders of certificates representing stock of the same class and series shall be identical.

Section 35.    **Lost Certificates.** A new certificate or certificates shall be issued in place of any certificate or certificates theretofore issued by the corporation alleged to have been lost, stolen, or destroyed, upon the making of an affidavit of that fact by the person claiming the certificate of stock to be lost, stolen, or destroyed. The corporation may require, as a condition precedent to the issuance of a new certificate or certificates, the owner of such lost, stolen, or destroyed certificate or certificates, or his legal representative, to agree to indemnify the corporation in such manner as it shall require or to give the corporation a surety bond in such form and amount as it may direct as indemnity against any claim that may be made against the corporation with respect to the certificate alleged to have been lost, stolen, or destroyed.

Section 36.    **Transfers.**

(a)    Transfers of record of shares of stock of the corporation shall be made only upon its books by the holders thereof, in person or by attorney duly authorized, and upon the surrender of a properly endorsed certificate or certificates for a like number of shares.

(b)    The corporation shall have power to enter into and perform any agreement with any number of stockholders of any one or more classes of stock of the corporation to restrict the transfer of shares of stock of the corporation of any one or more classes owned by such stockholders in any manner not prohibited by the Delaware General Corporation Law.

PX 42          FTC-MOBE-003478

Section 37.    Fixing Record Dates.

(a)    In order that the corporation may determine the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournment thereof, the Board of Directors may fix, in advance, a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which record date shall, subject to applicable law, not be more than sixty (60) nor less than ten (10) days before the date of such meeting. If no record date is fixed by the Board of Directors, the record date for determining stockholders entitled to notice of or to vote at a meeting of stockholders shall be at the close of business on the day next preceding the day on which notice is given, or if notice is waived, at the close of business on the day next preceding the day on which the meeting is held. A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders shall apply to any adjournment of the meeting; provided, however, that the Board of Directors may fix a new record date for the adjourned meeting.

(b)    In order that the corporation may determine the stockholders entitled to consent to corporate action in writing without a meeting, the Board of Directors may fix a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted by the Board of Directors, and which date shall not be more than ten (10) days after the date upon which the resolution fixing the record date is adopted by the Board of Directors. Any stockholder of record seeking to have the stockholders authorize or take corporate action by written consent shall, by written notice to the Secretary, request the Board of Directors to fix a record date. The Board of Directors shall promptly, but in all events within ten (10) days after the date on which such a request is received, adopt a resolution fixing the record date. If no record date has been fixed by the Board of Directors within ten (10) days of the date on which such a request is received, the record date for determining stockholders entitled to consent to corporate action in writing without a meeting, when no prior action by the Board of Directors is required by applicable law, shall be the first date on which a signed written consent setting forth the action taken or proposed to be taken is delivered to the corporation by delivery to its registered office in the State of Delaware, its principal place of business, or an officer or agent of the corporation having custody of the book in which proceedings of meetings of stockholders are recorded. Delivery made to the corporation's registered office shall be by hand or by certified or registered mail, return receipt requested. If no record date has been fixed by the Board of Directors and prior action by the Board of Directors is required by law, the record date for determining stockholders entitled to consent to corporate action in writing without a meeting shall be at the close of business on the day on which the Board of Directors adopts the resolution taking such prior action.

(c)    In order that the corporation may determine the stockholders entitled to receive payment of any dividend or other distribution or allotment of any rights or the stockholders entitled to exercise any rights in respect of any change, conversion, or exchange of stock, or for the purpose of any other lawful action, the Board of Directors may fix, in advance, a record date, which record date shall not precede the date upon which the resolution fixing the record date is adopted, and which record date shall be not more than sixty (60) days before such action. If no record date is fixed, the record date for determining stockholders for any such purpose shall be at the close of business on the day on which the Board of Directors adopts the resolution relating thereto.

Bylaws of MobeProcessing.com, Inc.                                    *M.M.*        15

PX 42                      FTC-MOBE-003479

**Section 38.   Registered Stockholders.** The corporation shall be entitled to recognize the exclusive right of a person registered on its books as the owner of shares to receive dividends, and to vote as such owner, and shall not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person whether or not it shall have express or other notice thereof, except as otherwise provided by the laws of Delaware.

## ARTICLE VIII
### OTHER SECURITIES OF THE CORPORATION

**Section 39.   Execution of Other Securities.** All bonds, debentures, and other corporate securities of the corporation, other than stock certificates (covered in Section 34), may be signed by the Chairman of the Board of Directors, the President, or any Vice President, or such other person as may be authorized by the Board of Directors, and the corporate seal impressed thereon or a facsimile of such seal imprinted thereon and attested by the signature of the Secretary or an Assistant Secretary, or the Chief Financial Officer or Treasurer or an Assistant Treasurer; provided, however, that where any such bond, debenture, or other corporate security shall be authenticated by the manual signature, or where permissible facsimile signature, of a trustee under an indenture pursuant to which such bond, debenture, or other corporate security shall be issued, the signatures of the persons signing and attesting the corporate seal on such bond, debenture, or other corporate security may be the imprinted facsimile of the signatures of such persons. Interest coupons appertaining to any such bond, debenture, or other corporate security, authenticated by a trustee as aforesaid, shall be signed by the Treasurer or an Assistant Treasurer of the corporation or such other person as may be authorized by the Board of Directors, or bear imprinted thereon the facsimile signature of such person. In case any officer who shall have signed or attested any bond, debenture, or other corporate security, or whose facsimile signature shall appear thereon or on any such interest coupon, shall have ceased to be such officer before the bond, debenture, or other corporate security so signed or attested shall have been delivered, such bond, debenture, or other corporate security nevertheless may be adopted by the corporation and issued and delivered as though the person who signed the same or whose facsimile signature shall have been used thereon had not ceased to be such officer of the corporation.

## ARTICLE IX
### DIVIDENDS

**Section 40.   Declaration of Dividends.** Dividends upon the capital stock of the corporation, subject to the provisions of the Certificate of Incorporation and applicable law, if any, may be declared by the Board of Directors pursuant to law at any regular or special meeting. Dividends may be paid in cash, in property, or in shares of the capital stock, subject to the provisions of the Certificate of Incorporation and applicable law.

**Section 41.   Dividend Reserve.** Before payment of any dividend, there may be set aside out of any funds of the corporation available for dividends such sum or sums as the Board of Directors from time to time, in their absolute discretion, think proper as a reserve or reserves to meet contingencies, or for equalizing dividends, or for repairing or maintaining any property of the corporation, or for such other purpose as the Board of Directors shall think conducive to

Bylaws of MobeProcessing.com, Inc.                                    16

the interests of the corporation, and the Board of Directors may modify or abolish any such reserve in the manner in which it was created.

## ARTICLE X
## FISCAL YEAR

**Section 42.** **Fiscal Year.** The fiscal year of the corporation shall be fixed by resolution of the Board of Directors.

## ARTICLE XI
## INDEMNIFICATION

**Section 43.** **Indemnification of Directors, Executive Officers, Other Officers, Employees, and Other Agents.**

(a) <u>Directors and Executive Officers</u>. The corporation shall indemnify its directors and executive officers (for the purposes of this Article XI, "executive officers" shall have the meaning defined in Rule 3b-7 promulgated under the 1934 Act) to the fullest extent not prohibited by the Delaware General Corporation Law or any other applicable law; provided, however, that the corporation may modify the extent of such indemnification by individual contracts with its directors and executive officers; and, provided, further, that the corporation shall not be required to indemnify any director or executive officer in connection with any proceeding (or part thereof) initiated by such person unless (i) such indemnification is expressly required to be made by law, (ii) the proceeding was authorized by the Board of Directors of the corporation, (iii) such indemnification is provided by the corporation, in its sole discretion, pursuant to the powers vested in the corporation under the Delaware General Corporation Law or any other applicable law or (iv) such indemnification is required to be made under subsection (d).

(b) <u>Officers, Employees, and Other Agents</u>. The corporation shall have power to indemnify its officers, employees, and other agents as set forth in the Delaware General Corporation Law or any other applicable law. The Board of Directors shall have the power to delegate the determination of whether indemnification shall be given to any such person except executive officers to such officers or other persons as the Board of Directors shall determine.

(c) <u>Expenses</u>. The corporation shall advance to any person who was or is a party or is threatened to be made a party to any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative, by reason of the fact that he is or was a director or executive officer, of the corporation, or is or was serving at the request of the corporation as a director or executive officer of another corporation, partnership, joint venture, trust, or other enterprise, before the final disposition of the proceeding, promptly following request therefor, all expenses incurred by any director or executive officer in connection with such proceeding upon receipt of an undertaking by or on behalf of such person to repay said amounts if it should be determined ultimately that such person is not entitled to be indemnified under this Bylaw or otherwise. Notwithstanding the foregoing, unless otherwise determined pursuant to paragraph (e) of this Bylaw, no advance shall be made by the corporation to an executive officer of the corporation (except by reason of the fact that such executive officer is or was a director of the corporation, in which event this paragraph shall not apply) in any

Bylaws of MobeProcessing.com, Inc.

*[signature]*   17

PX 42   FTC-MOBE-003481

action, suit, or proceeding, whether civil, criminal, administrative, or investigative, if a determination is reasonably and promptly made (i) by the Board of Directors by a majority vote of a quorum consisting of directors who were not parties to the proceeding, or (ii) if such quorum is not obtainable, or, even if obtainable, a quorum of disinterested directors so directs, by independent legal counsel in a written opinion, that the facts known to the decision-making party at the time such determination is made demonstrate clearly and convincingly that such person acted in bad faith or in a manner that such person did not believe to be in or not opposed to the best interests of the corporation.

(d)   Enforcement. Without the necessity of entering into an express contract, all rights to indemnification and advances to directors and executive officers under this Bylaw shall be deemed to be contractual rights and be effective to the same extent and as if provided for in a contract between the corporation and the director or executive officer. Any right to indemnification or advances granted by this Bylaw to a director or executive officer shall be enforceable by or on behalf of the person holding such right in any court of competent jurisdiction if (i) the claim for indemnification or advances is denied, in whole or in part, or (ii) no disposition of such claim is made within ninety (90) days of request therefor. The claimant in such enforcement action, if successful in whole or in part, shall be entitled to be paid also the expense of prosecuting his claim. In connection with any claim for indemnification, the corporation shall be entitled to raise as a defense to any such action that the claimant has not met the standards of conduct that make it permissible under the Delaware General Corporation Law or any other applicable law for the corporation to indemnify the claimant for the amount claimed. In connection with any claim by an executive officer of the corporation (except in any action, suit, or proceeding, whether civil, criminal, administrative, or investigative, by reason of the fact that such executive officer is or was a director of the corporation) for advances, the corporation shall be entitled to raise a defense as to any such action clear and convincing evidence that such person acted in bad faith or in a manner that such person did not believe to be in or not opposed to the best interests of the corporation, or with respect to any criminal action or proceeding that such person acted without reasonable cause to believe that his conduct was lawful. Neither the failure of the corporation (including its Board of Directors, independent legal counsel, or its stockholders) to have made a determination before the commencement of such action that indemnification of the claimant is proper in the circumstances because he has met the applicable standard of conduct set forth in the Delaware General Corporation Law or any other applicable law, nor an actual determination by the corporation (including its Board of Directors, independent legal counsel, or its stockholders) that the claimant has not met such applicable standard of conduct, shall be a defense to the action or create a presumption that claimant has not met the applicable standard of conduct.

(e)   Non-Exclusivity of Rights. The rights conferred on any person by this Bylaw shall not be exclusive of any other right which such person may have or hereafter acquire under any applicable statute, provision of the Certificate of Incorporation, Bylaws, agreement, vote of stockholders or disinterested directors, or otherwise, both as to action in his official capacity and as to action in another capacity while holding office. The corporation is specifically authorized to enter into individual contracts with any or all of its directors, officers, employees, or agents respecting indemnification and advances, to the fullest extent not prohibited by the Delaware General Corporation Law or any other applicable law.

Bylaws of MobeProcessing.com, Inc.                    *M. M.*          18

(f)     Survival of Rights. The rights conferred on any person by this Bylaw shall continue as to a person who has ceased to be a director, officer, employee, or other agent and shall inure to the benefit of the heirs, executors, and administrators of such a person.

(g)     Insurance. To the fullest extent permitted by the Delaware General Corporation Law, the corporation or any other applicable law, upon approval by the Board of Directors, may purchase insurance on behalf of any person required or permitted to be indemnified pursuant to this Bylaw.

(h)     Amendments. Any repeal or modification of this Bylaw shall only be prospective and shall not affect the rights under this Bylaw in effect at the time of the alleged occurrence of any action or omission to act that is the cause of any proceeding against any agent of the corporation.

(i)     Saving Clause. If this Bylaw or any portion hereof shall be invalidated on any ground by any court of competent jurisdiction, then the corporation shall nevertheless indemnify each director and executive officer to the full extent not prohibited by any applicable portion of this Bylaw that shall not have been invalidated, or by any other applicable law. If this Section 43 shall be invalid due to the application of the indemnification provisions of another jurisdiction, then the corporation shall indemnify each director and executive officer to the full extent under applicable law.

(j)     Certain Definitions. For the purposes of this Bylaw, the following definitions shall apply:

(1)     The term "proceeding" shall be broadly construed and shall include, without limitation, the investigation, preparation, prosecution, defense, settlement, arbitration, and appeal of, and the giving of testimony in, any threatened, pending, or completed action, suit, or proceeding, whether civil, criminal, administrative, or investigative.

(2)     The term "expenses" shall be broadly construed and shall include, without limitation, court costs, attorneys' fees, witness fees, fines, amounts paid in settlement or judgment, and any other costs and expenses of any nature or kind incurred in connection with any proceeding.

(3)     The term the "corporation" shall include, in addition to the resulting corporation, any constituent corporation (including any constituent of a constituent) absorbed in a consolidation or merger which, if its separate existence had continued, would have had power and authority to indemnify its directors, officers, and employees or agents, so that any person who is or was a director, officer, employee, or agent of such constituent corporation, or is or was serving at the request of such constituent corporation as a director, officer, employee, or agent of another corporation, partnership, joint venture, trust, or other enterprise, shall stand in the same position under the provisions of this Bylaw with respect to the resulting or surviving corporation as he would have with respect to such constituent corporation if its separate existence had continued.

Bylaws of MobeProcessing.com, Inc.                                        19

(4)    References to a "director," "executive officer," "officer," "employee," or "agent" of the corporation shall include, without limitation, situations where such person is serving at the request of the corporation as, respectively, a director, executive officer, officer, employee, trustee, or agent of another corporation, partnership, joint venture, trust, or other enterprise.

(5)    References to "other enterprises" shall include employee benefit plans; references to "fines" shall include any excise taxes assessed on a person with respect to an employee benefit plan; and references to "serving at the request of the corporation" shall include any service as a director, officer, employee, or agent of the corporation which imposes duties on, or involves services by, such director, officer, employee, or agent with respect to an employee benefit plan, its participants, or beneficiaries; and a person who acted in good faith and in a manner he reasonably believed to be in the interest of the participants and beneficiaries of an employee benefit plan shall be deemed to have acted in a manner "not opposed to the best interests of the corporation" as referred to in this Bylaw.

## ARTICLE XII
## NOTICES

Section 44.   Notices.

(a)    Notice to Stockholders. Whenever, under any provisions of these Bylaws, notice is required to be given to any stockholder, it shall be given in writing, timely and duly deposited in the United States mail, postage prepaid, and addressed to his last known post office address as shown by the stock record of the corporation or its transfer agent.

(b)    Notice to Directors. Any notice required to be given to any director may be given by the method stated in subsection (a), or by overnight delivery service, facsimile, telex, or telegram, except that such notice other than one which is delivered personally shall be sent to such address as such director shall have filed in writing with the Secretary, or, in the absence of such filing, to the last known post office address of such director.

(c)    Affidavit of Mailing. An affidavit of mailing, executed by a duly authorized and competent employee of the corporation or its transfer agent appointed with respect to the class of stock affected, specifying the name and address or the names and addresses of the stockholder or stockholders, or director or directors, to whom any such notice or notices was or were given, and the time and method of giving the same, shall in the absence of fraud, be prima facie evidence of the facts therein contained.

(d)    Time Notices Deemed Given. All notices given by mail or by overnight delivery service, as above provided, shall be deemed to have been given as at the time of mailing, and all notices given by facsimile, telex, or telegram shall be deemed to have been given as of the sending time recorded at time of transmission.

(e)    Methods of Notice. It shall not be necessary that the same method of giving notice be employed in respect of all directors, but one permissible method may be

Bylaws of MobeProcessing.com, Inc.                                      *M.M.*        20

                    FTC-MOBE-003484

employed in respect of any one or more, and any other permissible method or methods may be employed in respect of any other or others.

(f)     **Failure to Receive Notice**. The period or limitation of time within which any stockholder may exercise any option or right, or enjoy any privilege or benefit, or be required to act, or within which any director may exercise any power or right, or enjoy any privilege, pursuant to any notice sent him in the manner above provided, shall not be affected or extended in any manner by the failure of such stockholder or such director to receive such notice.

(g)     **Notice to Person with Whom Communication Is Unlawful**. Whenever notice is required to be given, under any provision of law or of the Certificate of Incorporation or Bylaws of the corporation, to any person with whom communication is unlawful, the giving of such notice to such person shall not be required and there shall be no duty to apply to any governmental authority or agency for a license or permit to give such notice to such person. Any action or meeting which shall be taken or held without notice to any such person with whom communication is unlawful shall have the same force and effect as if such notice had been duly given. If the action taken by the corporation is such as to require the filing of a certificate under any provision of the Delaware General Corporation Law, the certificate shall state, if such is the fact and if notice is required, that notice was given to all persons entitled to receive notice except such persons with whom communication is unlawful.

(h)     **Notice to Person with Undeliverable Address**. Whenever notice is required to be given, under any provision of law or the Certificate of Incorporation or Bylaws of the corporation, to any stockholder to whom (i) notice of two consecutive annual meetings, and all notices of meetings or of the taking of action by written consent without a meeting to such person during the period between such two consecutive annual meetings, or (ii) all, and at least two, payments (if sent by first class mail) of dividends or interest on securities during a twelve-month period, have been mailed addressed to such person at his address as shown on the records of the corporation and have been returned undeliverable, the giving of such notice to such person shall not be required. Any action or meeting which shall be taken or held without notice to such person shall have the same force and effect as if such notice had been duly given. If any such person shall deliver to the corporation a written notice setting forth his then-current address, the requirement that notice be given to such person shall be reinstated. If the action taken by the corporation is such as to require the filing of a certificate under any provision of the Delaware General Corporation Law, the certificate need not state that notice was not given to persons to whom notice was not required to be given pursuant to this paragraph.

### ARTICLE XIII
### AMENDMENTS

**Section 45.     Amendments**. Subject to paragraph (h) of Section 43 of the Bylaws, these Bylaws may be amended or repealed and new Bylaws adopted by the stockholders entitled to vote. The Board of Directors shall also have the power, if such power is conferred upon the Board of Directors by the Certificate of Incorporation, to adopt, amend, or repeal Bylaws (including, without limitation, the amendment of any Bylaw setting forth the number of Directors who shall constitute the whole Board of Directors).

Bylaws of MobeProcessing.com, Inc.                                    21

## ARTICLE XIV
### RIGHT OF FIRST REFUSAL

**Section 46.**     **Right of First Refusal.** No stockholder shall sell, assign, pledge, or in any manner transfer any of the shares of Common Stock of the corporation or any right or interest therein, whether voluntarily or by operation of law, or by gift or otherwise, except by a transfer which meets the requirements hereinafter set forth in this bylaw:

(a)     If the stockholder desires to sell or otherwise transfer any of his shares of Common Stock, then the stockholder shall first give written notice thereof to the corporation. The notice shall name the proposed transferee and state the number of shares to be transferred, the proposed consideration, and all other terms and conditions of the proposed transfer.

(b)     For thirty (30) days following receipt of such notice, the corporation shall have the option to purchase all (but not less than all) of the shares specified in the notice at the price and upon the terms set forth in such notice; provided, however, that, with the consent of the stockholder, the corporation shall have the option to purchase a lesser portion of the shares specified in said notice at the price and upon the terms set forth therein. In the event of a gift, property settlement, or other transfer in which the proposed transferee is not paying the full price for the shares, and that is not otherwise exempted from the provisions of this Section 46, the price shall be deemed to be the fair market value of the stock at such time as determined in good faith by the Board of Directors. If the corporation elects to purchase all of the shares or, with consent of the stockholder, a lesser portion of the shares, it shall give written notice to the transferring stockholder of its election and settlement for said shares shall be made as provided below in paragraph (d).

(c)     The corporation may assign its rights hereunder.

(d)     If the corporation and/or its assignee(s) elect to acquire any of the shares of the transferring stockholder as specified in said transferring stockholder's notice, the Secretary of the corporation shall so notify the transferring stockholder and settlement thereof shall be made in cash within thirty (30) days after the Secretary of the corporation receives said transferring stockholder's notice; provided that if the terms of payment set forth in said transferring stockholder's notice were other than cash against delivery, the corporation and/or its assignee(s) shall pay for said shares on the same terms and conditions set forth in said transferring stockholder's notice.

(e)     If the corporation and/or its assignees(s) do not elect to acquire all of the shares specified in the transferring stockholder's notice, said transferring stockholder may, within the sixty-day period following the expiration of the option rights granted to the corporation and/or its assignees(s) herein, transfer the shares specified in said transferring stockholder's notice which were not acquired by the corporation and/or its assignees(s) as specified in said transferring stockholder's notice. All shares so sold by said transferring stockholder shall continue to be subject to the provisions of this bylaw in the same manner as before said transfer.

(f)     Anything to the contrary contained herein notwithstanding, the following transactions shall be exempt from the provisions of this bylaw:

Bylaws of MobeProcessing.com, Inc.                         *M.M.*           22

(1)     A stockholder's transfer of any or all shares held either during such stockholder's lifetime or on death by will or intestacy to such stockholder's immediate family or to any custodian or trustee for the account of such stockholder or such stockholder's immediate family or to any limited partnership of which the shareholder, members of such shareholder's immediate family or any trust for the account of such shareholder or such shareholder's immediate family will be the general of limited partner(s) of such partnership. "Immediate family" as used herein shall mean spouse, lineal descendant, father, mother, brother, or sister of the stockholder making such transfer.

(2)     A stockholder's bona fide pledge or mortgage of any shares with a commercial lending institution, provided that any subsequent transfer of said shares by said institution shall be conducted in the manner set forth in this bylaw.

(3)     A stockholder's transfer of any or all of such stockholder's shares to the corporation or to any other stockholder of the corporation.

(4)     A stockholder's transfer of any or all of such stockholder's shares to a person who, at the time of such transfer, is an officer or director of the corporation.

(5)     A corporate stockholder's transfer of any or all of its shares pursuant to and in accordance with the terms of any merger, consolidation, reclassification of shares, or capital reorganization of the corporate stockholder, or pursuant to a sale of all or substantially all of the stock or assets of a corporate stockholder.

(6)     A corporate stockholder's transfer of any or all of its shares to any or all of its stockholders.

(7)     A transfer by a stockholder which is a limited or general partnership to any or all of its partners or former partners.

In any such case, the transferee, assignee, or other recipient shall receive and hold such stock subject to the provisions of this bylaw, and there shall be no further transfer of such stock except in accord with this bylaw.

(g)     The provisions of this bylaw may be waived with respect to any transfer either by the corporation, upon duly authorized action of its Board of Directors, or by the stockholders, upon the express written consent of the owners of a majority of the voting power of the corporation (excluding the votes represented by those shares to be transferred by the transferring stockholder). This bylaw may be amended or repealed either by a duly authorized action of the Board of the Board of Directors or by the stockholders, upon the express written consent of the owners of a majority of the voting power of the corporation.

(h)     Any sale or transfer, or purported sale or transfer, of securities of the corporation shall be null and void unless the terms, conditions, and provisions of this bylaw are strictly observed and followed.

(i)     The foregoing right of first refusal shall terminate on either of the following dates, whichever shall first occur:

Bylaws of MobeProcessing.com, Inc.                                    _MM_     23

(1)    On January 1, 2025; or

(2)    Upon the date securities of the corporation are first offered to the public pursuant to a registration statement filed with, and declared effective by, the United States Securities and Exchange Commission under the Securities Act of 1933, as amended.

(j)    The certificates representing shares of Common Stock of the corporation shall bear on their face the following legend so long as the foregoing right of first refusal remains in effect:

"THE SHARES REPRESENTED BY THIS CERTIFICATE ARE SUBJECT TO A RIGHT OF FIRST REFUSAL OPTION IN FAVOR OF THE CORPORATION AND/OR ITS ASSIGNEE(S), AS PROVIDED IN THE BYLAWS OF THE CORPORATION."

## ARTICLE XV
## LOANS TO OFFICERS

**Section 47.    Loans to Officers.** The corporation may lend money to, or guarantee any obligation of, or otherwise assist any officer or other employee of the corporation or of its subsidiaries, including any officer or employee who is a Director of the corporation or its subsidiaries, whenever, in the judgment of the Board of Directors, such loan, guarantee, or assistance may reasonably be expected to benefit the corporation. The loan, guarantee, or other assistance may be with or without interest and may be unsecured, or secured in such manner as the Board of Directors shall approve, including, without limitation, a pledge of shares of stock of the corporation. Nothing in these Bylaws shall be deemed to deny, limit, or restrict the powers of guaranty or warranty of the corporation at common law or under any statute.

## ARTICLE XVI
## MISCELLANEOUS

**Section 48.    Annual Report.**

(a)    Subject to the provisions of paragraph (b) of this Bylaw, the Board of Directors shall cause an annual report to be sent to each stockholder of the corporation not later than one hundred twenty (120) days after the close of the corporation's fiscal year. Such report shall include a balance sheet as of the end of such fiscal year and an income statement and statement of changes in financial position for such fiscal year, accompanied by any report thereon of independent accountants or, if there is no such report, the certificate of an authorized officer of the corporation that such statements were prepared without audit from the books and records of the corporation. When there are more than 100 stockholders of record of the corporation's shares, as determined by Section 605 of the CGCL, additional information as required by Section 1501(b) of the CGCL shall also be contained in such report, provided that if the corporation has a class of securities registered under Section 12 of the 1934 Act, that Act shall take precedence. Such report shall be sent to stockholders at least fifteen (15) days before the next annual meeting of stockholders after the end of the fiscal year to which it relates.

Bylaws of MobeProcessing.com, Inc.                                          24

(b)   If and so long as there are fewer than 100 holders of record of the corporation's shares, the requirement of sending of an annual report to the stockholders of the corporation is hereby expressly waived.

Approved by Unanimous Written Consent of the Shareholders and Directors of the corporation on **December 3, 2014**.

_____          8ᵗʰ  MARCH  2015
Secretary                                 Date

Bylaws of MobeProcessing.com, Inc.                                    25

PX 42                    FTC-MOBE-003489

 CHAIN

### Date Range: 2015-09-01 To 2015-09-30
### Account: 1002216850 - MOBE.COM (USD)
### Current Balance: 68,736.17

Details

| Date | Transaction Number | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|
| 01-09-2015 05:13 | 368099920 | Settlements | | 426.85 | 73,716.87 |
| 01-09-2015 05:13 | 368099930 | Credits | 2,397.95 | | 71,318.92 |
| 01-09-2015 05:13 | 368099940 | Discount Fees | 21.14 | | 71,297.78 |
| 01-09-2015 05:13 | 368099950 | Transaction Fees | 18.60 | | 71,279.18 |
| 01-09-2015 05:13 | 368099960 | Reserve Account | 42.69 | | 71,236.49 |
| 01-09-2015 11:13 | 368304090 | Consolidated Payment to: ▇860 | 308.88 | | 70,927.61 |
| 01-09-2015 11:13 | 368304110 | WIRE Sent REF: ▇8110 | 21,430.56 | | 49,497.05 |
| 01-09-2015 11:13 | 368304120 | WIRE Fee | 50.00 | | 49,447.05 |
| 02-09-2015 07:56 | 368529960 | Settlements | | 19,912.45 | 69,359.50 |
| 02-09-2015 07:56 | 368529970 | Credits | 1,772.95 | | 67,586.55 |
| 02-09-2015 07:56 | 368529980 | Discount Fees | 985.67 | | 66,600.88 |
| 02-09-2015 07:56 | 368529990 | Transaction Fees | 102.30 | | 66,498.58 |
| 02-09-2015 07:56 | 368530000 | Reserve Account | 1,991.25 | | 64,507.33 |
| 02-09-2015 10:27 | 368733670 | Chargebacks Ref: JNL-447110 | 49.00 | | 64,458.33 |
| 02-09-2015 10:27 | 368733680 | Chargeback Fee | 41.50 | | 64,416.83 |
| 02-09-2015 11:45 | 368747770 | Consolidated Payment from: ▇860 | | 1,302.42 | 65,719.25 |
| 02-09-2015 11:45 | 368747780 | WIRE Sent REF: ▇990 | 26,650.11 | | 39,069.14 |
| 02-09-2015 11:45 | 368747790 | WIRE Fee | 50.00 | | 39,019.14 |
| 03-09-2015 08:01 | 369035710 | Settlements | | 70,114.51 | 109,133.65 |
| 03-09-2015 08:01 | 369035720 | Credits | 686.00 | | 108,447.65 |
| 03-09-2015 08:01 | 369035730 | Discount Fees | 3,470.68 | | 104,976.97 |
| 03-09-2015 08:01 | 369035740 | Transaction Fees | 373.20 | | 104,603.77 |
| 03-09-2015 08:01 | 369035750 | Reserve Account | 7,011.46 | | 97,592.31 |
| 03-09-2015 11:17 | 369113640 | WIRE Sent REF: ▇0780 | 30,273.03 | | 67,319.28 |
| 03-09-2015 11:17 | 369113650 | WIRE Fee | 50.00 | | 67,269.28 |

FTC-MOBE-003490

| Date | Transaction Number | Description | Debit | Credit | Balance |
|------|-------------------|-------------|-------|--------|---------|
| 03-09-2015 11:24 | 369127520 | Chargebacks Ref: JNL-447520 | 1,347.00 | | 65,922.28 |
| 03-09-2015 11:24 | 369127530 | Chargeback Fee | 41.50 | | 65,880.78 |
| 03-09-2015 12:33 | 369168690 | Chargeback Reversal Ref: JNL-447590 | | 98.00 | 65,978.78 |
| 04-09-2015 08:21 | 369403370 | Settlements | | 61,547.00 | 127,525.78 |
| 04-09-2015 08:21 | 369403380 | Credits | 3,827.00 | | 123,698.78 |
| 04-09-2015 08:21 | 369403390 | Discount Fees | 3,046.58 | | 120,652.20 |
| 04-09-2015 08:21 | 369403400 | Transaction Fees | 358.20 | | 120,294.00 |
| 04-09-2015 08:21 | 369403410 | Reserve Account | 6,154.71 | | 114,139.29 |
| 04-09-2015 10:07 | 369470230 | Dispute Prevention Fees | 100.00 | | 114,039.29 |
| 04-09-2015 11:51 | 369481030 | Chargebacks Ref: JNL-448180 | 166.95 | | 113,872.34 |
| 04-09-2015 11:51 | 369481040 | Chargeback Fee | 166.00 | | 113,706.34 |
| 04-09-2015 12:52 | 369536390 | WIRE Sent REF: ████2350 | 2,621.81 | | 111,084.53 |
| 04-09-2015 12:52 | 369536400 | WIRE Fee | 50.00 | | 111,034.53 |
| 05-09-2015 09:33 | 369746730 | Settlements | | 52,250.04 | 163,284.57 |
| 05-09-2015 09:33 | 369746740 | Credits | 343.00 | | 162,941.57 |
| 05-09-2015 09:33 | 369746750 | Discount Fees | 2,586.38 | | 160,355.19 |
| 05-09-2015 09:33 | 369746760 | Transaction Fees | 295.50 | | 160,059.69 |
| 05-09-2015 09:33 | 369746770 | Reserve Account | 5,225.01 | | 154,834.68 |
| 06-09-2015 04:49 | 370015490 | Settlements | | 22,251.70 | 177,086.38 |
| 06-09-2015 04:49 | 370015500 | Credits | 1,078.00 | | 176,008.38 |
| 06-09-2015 04:49 | 370015510 | Discount Fees | 1,101.47 | | 174,906.91 |
| 06-09-2015 04:49 | 370015520 | Transaction Fees | 236.10 | | 174,670.81 |
| 06-09-2015 04:49 | 370015530 | Reserve Account | 2,225.18 | | 172,445.63 |
| 07-09-2015 04:50 | 370192590 | Settlements | | 13,016.65 | 185,462.28 |
| 07-09-2015 04:50 | 370192600 | Credits | 2,001.00 | | 183,461.28 |
| 07-09-2015 04:50 | 370192610 | Discount Fees | 644.33 | | 182,816.95 |
| 07-09-2015 04:50 | 370192620 | Transaction Fees | 210.00 | | 182,606.95 |
| 07-09-2015 04:50 | 370192630 | Reserve Account | 1,301.68 | | 181,305.27 |
| 08-09-2015 05:30 | 370564170 | Settlements | | 32,884.95 | 214,190.22 |
| 08-09-2015 05:30 | 370564180 | Credits | 2,939.90 | | 211,250.32 |
| 08-09-2015 05:30 | 370564190 | Discount Fees | 1,627.80 | | 209,622.52 |
| 08-09-2015 05:30 | 370564200 | Transaction Fees | 283.20 | | 209,339.32 |

FTC-MOBE-003491

| Date | Transaction Number | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|
| 08-09-2015 05:30 | 370564210 | Reserve Account | 3,288.50 | | 206,050.82 |
| 08-09-2015 10:39 | 370658190 | Chargebacks Ref: JNL-448730 | 252.00 | | 205,798.82 |
| 08-09-2015 10:39 | 370658200 | Chargeback Fee | 249.00 | | 205,549.82 |
| 08-09-2015 10:39 | 370659720 | Chargeback Reversal Ref: JNL-448730 | | 7.00 | 205,556.82 |
| 08-09-2015 10:39 | 370660500 | Retrieval Requests Ref: JNL-448730 | | | 205,556.82 |
| 08-09-2015 10:39 | 370660510 | Retrieval Request Fee | 26.50 | | 205,530.32 |
| 09-09-2015 05:28 | 370928440 | Settlements | | 59,524.65 | 265,054.97 |
| 09-09-2015 05:28 | 370928450 | Credits | 1,270.00 | | 263,784.97 |
| 09-09-2015 05:28 | 370928460 | Discount Fees | 2,946.47 | | 260,838.50 |
| 09-09-2015 05:28 | 370928470 | Transaction Fees | 382.80 | | 260,455.70 |
| 09-09-2015 05:28 | 370928480 | Reserve Account | 5,952.47 | | 254,503.23 |
| 09-09-2015 06:33 | 370991350 | Dispute Prevention Fees | 50.00 | | 254,453.23 |
| 09-09-2015 11:15 | 371001560 | Chargebacks Ref: JNL-449260 | 49.00 | | 254,404.23 |
| 09-09-2015 11:15 | 371001570 | Chargeback Fee | 41.50 | | 254,362.73 |
| 09-09-2015 11:15 | 371002060 | Chargeback Reversal Ref: JNL-449260 | | 49.00 | 254,411.73 |
| 09-09-2015 11:20 | 371002780 | Consolidated Payment from: ▮▮▮8860 | | 21,096.21 | 275,507.94 |
| 09-09-2015 11:20 | 371002790 | WIRE Sent REF: ▮▮▮▮5710 | 27,170.51 | | 248,337.43 |
| 09-09-2015 11:20 | 371002800 | WIRE Fee | 50.00 | | 248,287.43 |
| 10-09-2015 05:31 | 371304830 | Settlements | | 18,064.70 | 266,352.13 |
| 10-09-2015 05:31 | 371304840 | Credits | 2,815.00 | | 263,537.13 |
| 10-09-2015 05:31 | 371304850 | Discount Fees | 894.20 | | 262,642.93 |
| 10-09-2015 05:31 | 371304860 | Transaction Fees | 145.20 | | 262,497.73 |
| 10-09-2015 05:31 | 371304870 | Reserve Account | 1,806.48 | | 260,691.25 |
| 10-09-2015 09:08 | 371370740 | Consolidated Payment from:▮▮8860 | | 13,892.47 | 274,583.72 |
| 10-09-2015 09:08 | 371370750 | WIRE Sent REF: ▮▮▮▮5110 | 71,125.14 | | 203,458.58 |
| 10-09-2015 09:08 | 371370760 | WIRE Fee | 50.00 | | 203,408.58 |
| 10-09-2015 10:14 | 371384700 | Chargebacks Ref: JNL-449600 | 2,497.00 | | 200,911.58 |
| 10-09-2015 10:14 | 371384710 | Chargeback Fee | 41.50 | | 200,870.08 |
| 11-09-2015 08:58 | 371659490 | Credits | 2,537.00 | | 198,333.08 |

**PX 42**

| Date | Transaction Number | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|
| 11-09-2015 08:58 | 371659500 | Transaction Fees | 16.20 | | 198,316.88 |
| 11-09-2015 10:08 | 371753700 | Consolidated Payment from ▮▮▮8860 | | 11,591.59 | 209,908.47 |
| 11-09-2015 10:08 | 371753710 | WIRE Sent REF: ▮▮▮▮7580 | 59,269.15 | | 150,639.32 |
| 11-09-2015 10:08 | 371753720 | WIRE Fee | 50.00 | | 150,589.32 |
| 11-09-2015 10:15 | 371763880 | Dispute Prevention Fees | 50.00 | | 150,539.32 |
| 11-09-2015 11:13 | 371790210 | Chargebacks Ref: JNL-449970 | 490.00 | | 150,049.32 |
| 11-09-2015 11:13 | 371790220 | Chargeback Fee | 415.00 | | 149,634.32 |
| 12-09-2015 04:42 | 371881960 | Credits | 1,673.95 | | 147,960.37 |
| 12-09-2015 04:42 | 371881970 | Transaction Fees | 10.50 | | 147,949.87 |
| 14-09-2015 08:29 | 372322520 | Credits | 2,695.00 | | 145,254.87 |
| 14-09-2015 08:29 | 372322530 | Transaction Fees | 17.10 | | 145,237.77 |
| 14-09-2015 10:10 | 372433030 | Dispute Prevention Fees | 50.00 | | 145,187.77 |
| 14-09-2015 11:35 | 372439080 | Chargebacks Ref: JNL-450100 | 509.00 | | 144,678.77 |
| 14-09-2015 11:35 | 372439090 | Chargeback Fee | 456.50 | | 144,222.27 |
| 14-09-2015 11:35 | 372440260 | Chargeback Reversal Ref: JNL-450100 | | 49.00 | 144,271.27 |
| 14-09-2015 12:19 | 372446240 | Consolidated Payment from ▮▮▮8860 | | 4,754.67 | 149,025.94 |
| 14-09-2015 12:19 | 372446250 | WIRE Sent REF: ▮▮▮▮0020 | 75,025.41 | | 74,000.53 |
| 14-09-2015 12:19 | 372446260 | WIRE Fee | 50.00 | | 73,950.53 |
| 15-09-2015 06:27 | 372814660 | Dispute Prevention Fees | 50.00 | | 73,900.53 |
| 15-09-2015 09:17 | 372839910 | Consolidated Payment from ▮▮▮6860 | | 16,106.30 | 90,006.83 |
| 15-09-2015 09:17 | 372839920 | WIRE Sent REF: ▮▮▮▮4700 | 40,331.35 | | 49,675.48 |
| 15-09-2015 09:17 | 372839930 | WIRE Fee | 50.00 | | 49,625.48 |
| 15-09-2015 12:48 | 372884910 | Chargebacks Ref: JNL-450320 | 49.00 | | 49,576.48 |
| 15-09-2015 12:48 | 372884920 | Chargeback Fee | 41.50 | | 49,534.98 |
| 16-09-2015 07:54 | 373130600 | Credits | 2,537.00 | | 46,997.98 |
| 16-09-2015 07:54 | 373130610 | Transaction Fees | 16.50 | | 46,981.48 |
| 16-09-2015 09:48 | 373203990 | WIRE Sent REF: ▮▮▮▮6000 | 46,931.48 | | 50.00 |

**PX 42**

FTC-MOBE-003493

| Date | Transaction Number | Description | Debit | Credit | Balance |
|------|-------------------|-------------|-------|--------|---------|
| 16-09-2015 09:48 | 373204000 | WIRE Fee | 50.00 | | 0.00 |
| 17-09-2015 07:11 | 373558510 | Dispute Prevention Fees | 150.00 | | (150.00) |
| 17-09-2015 09:55 | 373565390 | Consolidated Payment from: 8860 | | 59,031.65 | 58,881.65 |
| 17-09-2015 09:55 | 373565400 | WIRE Sent REF: 2600 | 58,981.65 | | (100.00) |
| 17-09-2015 09:55 | 373565410 | WIRE Fee | 50.00 | | (150.00) |
| 17-09-2015 10:56 | 373613100 | Chargebacks Ref: JNL-450980 | 49.00 | | (199.00) |
| 17-09-2015 10:56 | 373613110 | Chargeback Fee | 41.50 | | (240.50) |
| 17-09-2015 13:20 | 373621230 | Debit Memo (non-taxable) AUG F2S BREACH, TICKET552724 | 5,000.00 | | (5,240.50) |
| 18-09-2015 08:44 | 373763010 | Transaction Fees | 0.60 | | (5,241.10) |
| 18-09-2015 10:14 | 373914900 | Consolidated Payment from 8860 | | 75,809.96 | 70,568.86 |
| 18-09-2015 10:14 | 373914910 | WIRE Sent REF: 7180 | 70,518.86 | | 50.00 |
| 18-09-2015 10:14 | 373914920 | WIRE Fee | 50.00 | | 0.00 |
| 18-09-2015 10:33 | 373932910 | Dispute Prevention Fees | 100.00 | | (100.00) |
| 21-09-2015 10:00 | 374608700 | Consolidated Payment from 8860 | | 123,999.87 | 123,899.87 |
| 21-09-2015 10:00 | 374608710 | WIRE Sent REF: 5110 | 123,849.87 | | 50.00 |
| 21-09-2015 10:00 | 374608720 | WIRE Fee | 50.00 | | 0.00 |
| 21-09-2015 10:44 | 374664020 | Chargebacks Ref: JNL-451380 | 588.00 | | (588.00) |
| 21-09-2015 10:44 | 374664030 | Chargeback Fee | 498.00 | | (1,086.00) |
| 22-09-2015 05:25 | 374925310 | Transaction Fees | 2.70 | | (1,088.70) |
| 22-09-2015 10:09 | 375007580 | Consolidated Payment from: 8860 | | 35,564.32 | 34,475.62 |
| 22-09-2015 10:09 | 375007590 | WIRE Sent REF: 2570 | 34,425.62 | | 50.00 |
| 22-09-2015 10:09 | 375007600 | WIRE Fee | 50.00 | | 0.00 |
| 22-09-2015 10:14 | 375012100 | Chargebacks Ref: JNL-451730 | 117.95 | | (117.95) |
| 22-09-2015 10:14 | 375012110 | Chargeback Fee | 124.50 | | (242.45) |
| 23-09-2015 10:55 | 375399880 | Consolidated Payment from: 8860 | | 11,157.24 | 10,914.79 |
| 23-09-2015 10:55 | 375399890 | WIRE Sent REF: | 10,864.79 | | 50.00 |

**PX 42**          **FTC-MOBE-003494**

| Date | Transaction Number | Description | Debit | Credit | Balance |
|---|---|---|---|---|---|
| | | ████6460 | | | |
| 23-09-2015 10:55 | 375399900 | WIRE Fee | 50.00 | | 0.00 |
| 23-09-2015 12:24 | 375406970 | Chargebacks Ref: JNL-452530 | 147.00 | | (147.00) |
| 23-09-2015 12:24 | 375406980 | Chargeback Fee | 124.50 | | (271.50) |
| 23-09-2015 12:24 | 375408210 | Retrieval Requests Ref: JNL-452530 | | | (271.50) |
| 23-09-2015 12:24 | 375408220 | Retrieval Request Fee | 53.00 | | (324.50) |
| 24-09-2015 05:38 | 375634160 | Transaction Fees | 2.70 | | (327.20) |
| 24-09-2015 08:02 | 375696260 | Dispute Prevention Fees | 50.00 | | (377.20) |
| 24-09-2015 11:09 | 375709300 | Chargebacks Ref: JNL-452860 | 196.00 | | (573.20) |
| 24-09-2015 11:09 | 375709310 | Chargeback Fee | 166.00 | | (739.20) |
| 24-09-2015 11:09 | 375710260 | Chargeback Reversal Ref: JNL-452860 | | 49.00 | (690.20) |
| 25-09-2015 05:03 | 375867300 | Transaction Fees | 11.70 | | (701.90) |
| 25-09-2015 06:55 | 376038560 | Dispute Prevention Fees | 50.00 | | (751.90) |
| 25-09-2015 10:15 | 376075740 | Chargebacks Ref: JNL-453130 | 98.00 | | (849.90) |
| 25-09-2015 10:15 | 376075750 | Chargeback Fee | 83.00 | | (932.90) |
| 26-09-2015 12:01 | 376189470 | Transaction Fees | 1.20 | | (934.10) |
| 27-09-2015 04:48 | 376429030 | Transaction Fees | 3.90 | | (938.00) |
| 28-09-2015 07:13 | 376719840 | Dispute Prevention Fees | 50.00 | | (988.00) |
| 28-09-2015 07:13 | 376720820 | Dispute Prevention Fees | 50.00 | | (1,038.00) |
| 28-09-2015 10:27 | 376733990 | Chargebacks Ref: JNL-453530 | 708.00 | | (1,746.00) |
| 28-09-2015 10:27 | 376734000 | Chargeback Fee | 415.00 | | (2,161.00) |
| 29-09-2015 05:11 | 376928280 | Transaction Fees | 4.80 | | (2,165.80) |
| 29-09-2015 05:11 | 376928290 | Transaction Fees | 0.60 | | (2,166.40) |
| 29-09-2015 07:11 | 377122640 | Dispute Prevention Fees | 50.00 | | (2,216.40) |
| 29-09-2015 10:40 | 377176790 | Chargebacks Ref: JNL-453990 | 147.00 | | (2,363.40) |
| 29-09-2015 10:40 | 377176800 | Chargeback Fee | 124.50 | | (2,487.90) |
| 29-09-2015 10:51 | 377182330 | Consolidated Payment from ████6860 | | 15,729.45 | 13,241.55 |
| 29-09-2015 10:51 | 377182340 | WIRE Sent REF: | 13,513.05 | | (271.50) |

**PX 42**                    **FTC-MOBE-003495**

| Date | Transaction Number | Description | Debit | Credit | Balance |
|------|-------------------|-------------|-------|--------|---------|
| | | ████2220 | | | |
| 29-09-2015 10:51 | 377182350 | WIRE Fee | 50.00 | | (321.50) |
| 30-09-2015 05:39 | 377407790 | Transaction Fees | 9.90 | | (331.40) |
| 30-09-2015 06:59 | 377473730 | Dispute Prevention Fees | 100.00 | | (431.40) |
| 30-09-2015 10:28 | 377483880 | Chargebacks Ref: JNL-454130 | 49.00 | | (480.40) |
| 30-09-2015 10:28 | 377483890 | Chargeback Fee | 41.50 | | (521.90) |
| 30-09-2015 10:28 | 377484870 | Retrieval Requests Ref: JNL-454130 | | | (521.90) |
| 30-09-2015 10:28 | 377484880 | Retrieval Request Fee | 26.50 | | (548.40) |
| 30-09-2015 12:04 | 377498190 | Consolidated Payment from ████6860 | | 43,004.83 | 42,456.43 |
| 30-09-2015 12:04 | 377498200 | WIRE Sent REF: ████7830 | 42,623.43 | | (167.00) |
| 30-09-2015 12:04 | 377498210 | WIRE Fee | 50.00 | | (217.00) |
| 30-09-2015 15:50 | 377944400 | Monthly Flat Fee | 50.00 | | (267.00) |
| | | **Totals** | **856,843.50** | **783,286.48** | |

**PX 42**

FTC-MOBE-003496



**CREDICORP BANK**
Cuenta con nosotros

EXPENSE CONTROL BY MERCHANT  - EPX  -  01/Jan/2015 -
30/Jun/2015

| Mes | Comercio | Descriptor | MID | Gross Sale $ | Gross Sale # | Sales Mastercard $ | Sales VISA $ |
|---|---|---|---|---|---|---|---|
| Jan-2015 | | | | | | | |
| | MOBE INC. | Mobeorder.com | 3218 | 500,398.15 | 3850 | 162,997.65 | 337,400.50 |
| Feb-2015 | | | | | | | |
| | MOBE INC. | Mobeorder.com | 3218 | 496,547.85 | 4098 | 172,755.90 | 323,791.95 |
| Mar-2015 | | | | | | | |
| | MOBE INC. | Mobeorder.com | 3218 | 500,974.45 | 3100 | 152,656.95 | 348,317.50 |
| Apr-2015 | | | | | | | |
| | MOBE INC. | Mobeorder.com | 3218 | 502,044.70 | 3314 | 156,434.90 | 345,609.80 |
| May-2015 | | | | | | | |
| | MOBE INC. | Mobeorder.com | 3218 | 485,681.75 | 3009 | 147,955.95 | 337,725.80 |
| Jun-2015 | | | | | | | |
| | MOBE INC. | Mobeorder.com | 3218 | 500,493.00 | 3620 | 173,558.75 | 326,934.25 |
| | Total | | | **2,986,139.90** | **20991** | **966,360.10** | **2,019,779.80** |

**PX 42**

FTC-MOBE-003497

| Sales Mastercard # | Sales VISA # | Net Sales $ | Net Sales # | Refund $ | Refund # | Refund Ratios % |
|---|---|---|---|---|---|---|
| 1375 | 2475 | 476,620.80 | 3850 | 97,665.65 | 834 | 19.52 |
| 1331 | 2767 | 472,952.85 | 4098 | 27,492.00 | 388 | 5.54 |
| 1040 | 2060 | 477,171.65 | 3100 | 65,749.00 | 1081 | 13.12 |
| 1144 | 2170 | 478,190.80 | 3314 | 60,787.95 | 779 | 12.11 |
| 984 | 2025 | 462,606.05 | 3009 | 43,403.00 | 639 | 8.94 |
| 1235 | 2385 | 476,712.14 | 3620 | 53,779.75 | 715 | 10.75 |
| **7109** | **13882** | **2,844,254.29** | **20991** | **348,877.35** | **4436** | **11.68** |

**PX 42**

FTC-MOBE-003498

| RFN  Mastercard $ | RFN  VISA $ | RFN  Mastercard # | RFN  VISA # | Chbks Reversados | Chbks # | Total ChargeBacks | Chbks Ratios % |
|---|---|---|---|---|---|---|---|
| 32,970.85 | 64,694.80 | 287 | 547 | 834 | 102 | 23,356.28 | 4.67 |
| 8,673.00 | 18,819.00 | 133 | 255 | 388 | 95 | 20,598.59 | 4.15 |
| 22,834.00 | 42,915.00 | 343 | 738 | 1081 | 118 | 19,295.48 | 3.85 |
| 20,771.00 | 40,016.95 | 251 | 528 | 779 | 100 | 25,104.63 | 5.00 |
| 13,412.00 | 29,991.00 | 204 | 435 | 639 | 126 | 48,223.75 | 9.93 |
| 16,776.95 | 37,002.80 | 253 | 462 | 715 | 128 | 39,044.34 | 7.80 |
| 115,437.80 | 233,439.55 | 1471 | 2965 | 4436 | 669 | 175,623.07 | 5.88 |

**PX 42**

FTC-MOBE-003499

| Chbks  Mastercard $ | Chbks  VISA $ | Chbks  Mastercard # | Chbks  VISA # |
|---|---|---|---|
| | | | |
| 14,635.39 | 8,720.89 | 43 | 59 |
| | | | |
| 5,490.07 | 15,108.52 | 33 | 62 |
| | | | |
| 6,144.85 | 13,150.63 | 42 | 76 |
| | | | |
| 2,358.47 | 22,746.16 | 26 | 74 |
| | | | |
| 12,057.79 | 36,165.96 | 47 | 79 |
| | | | |
| 10,083.78 | 28,960.56 | 46 | 82 |
| 50,770.35 | 124,852.72 | 237 | 432 |

**PX 42**

FTC-MOBE-003500

**Maybank**

Malayan Banking Berhad (3813-K) (GST Registration Number : 000 141295516)
14th Floor, Menara Maybank, 100 Jalan Tun Perak, 50050 Kuala Lumpur, Malaysia

000001      MBB KLCC

MUKV 頁 /PAGE       1

(046)041215/4496-41

NO. INVOIS CUKAI
税务发票号    C8S150930114496188437
TAX INVOICE NO

MATTHEW LLOYD MCPHEE
SOHO SUITES@KLCC
B1-28, UNIT NO 8, 28TH FLR
NO 20, JALAN PERAK
50450 KL WP

TARIKH PENYATA
结单日期     30/09/15
STATEMENT DATE

NOMBOR AKAUN
户號          ▮437
ACCOUNT
NUMBER

JOINT ACCOUNT HOLDER:
1.                          2.
3.

Eligible for Protection by PIDM / TAX INVOICE          SAVINGS ACCOUNT

## URUSNIAGA AKAUN/ 户口进支项 /ACCOUNT TRANSACTIONS

| TARIKH MASUK 进支日期 ENTRY DATE | BUTIR URUSNIAGA 进支项说明 TRANSACTION DESCRIPTION | JUMLAH URUSNIAGA 银 钱 TRANSACTION AMOUNT | BAKI PENYATA 结单存款 STATEMENT BALANCE |
|---|---|---|---|
| | BEGINING BALANCE | | 23,382.92 |
| 01/07/15 | PRE-AUTH DEBIT | 28.73- | 23,354.19 |
| 01/07/15 | PRE-AUTH DEBIT | 30.68- | 23,323.51 |
| 02/07/15 | PRE-AUTH REFUND | 48.86+ | 23,372.37 |
| 02/07/15 | SALE DEBIT | 48.52- | 23,323.85 |
| 03/07/15 | PRE-AUTH REFUND | 28.73+ | 23,352.58 |
| 03/07/15 | SALE DEBIT | 28.40- | 23,324.18 |
| 03/07/15 | PRE-AUTH DEBIT | 245.99- | 23,078.19 |
| 04/07/15 | PRE-AUTH REFUND | 30.68+ | 23,108.87 |
| 04/07/15 | SALE DEBIT | 30.09- | 23,078.78 |
| 06/07/15 | PRE-AUTH REFUND | 245.99+ | 23,324.77 |
| 06/07/15 | SALE DEBIT | 243.46- | 23,081.31 |
| 08/07/15 | SALE DEBIT | 3,753.46- | 19,327.85 |
| 18/07/15 | SALE DEBIT | 250.00- | 19,077.85 |
| 25/07/15 | PRE-AUTH DEBIT | 43.57- | 19,034.28 |
| 27/07/15 | PRE-AUTH REFUND | 43.57+ | 19,077.85 |
| 27/07/15 | SALE DEBIT | 43.15- | 19,034.70 |
| 28/07/15 | PRE-AUTH DEBIT | 387.20- | 18,647.50 |
| 28/07/15 | PRE-AUTH DEBIT | 34.69- | 18,612.81 |
| 28/07/15 | PRE-AUTH REFUND | 34.69+ | 18,647.50 |
| 28/07/15 | PRE-AUTH DEBIT | 34.69- | 18,612.81 |
| 29/07/15 | PRE-AUTH REFUND | 387.20+ | 19,000.01 |
| 29/07/15 | SALE DEBIT | 383.41- | 18,616.60 |
| 29/07/15 | PRE-AUTH REFUND | 34.69+ | 18,651.29 |
| 29/07/15 | SALE DEBIT | 34.35- | 18,616.94 |
| 29/07/15 | PRE-AUTH DEBIT | 359.98- | 18,256.96 |
| 31/07/15 | SALE DEBIT | 357.94- | 17,899.02 |
| 31/07/15 | PRE-AUTH REFUND | 359.98+ | 18,259.00 |
| 02/08/15 | PRE-AUTH DEBIT | 171.88- | 18,087.12 |
| 04/08/15 | PRE-AUTH DEBIT | 347.13- | 17,739.99 |
| 04/08/15 | PRE-AUTH REFUND | 171.88+ | 17,911.87 |
| 04/08/15 | SALE DEBIT | 170.20- | 17,741.67 |
| 08/08/15 | PRE-AUTH DEBIT | 281.18- | 17,460.49 |
| 09/08/15 | PRE-AUTH DEBIT | 900.09- | 16,560.40 |
| 10/08/15 | PRE-AUTH REFUND | 281.18+ | 16,841.58 |
| 10/08/15 | SALE DEBIT | 278.43- | 16,563.15 |
| 10/08/15 | PRE-AUTH DEBIT | 41.80- | 16,521.35 |

THE PERSONAL DATA PROTECTION ACT 2010 HAS BEEN ENFORCED ON 15 NOVEMBER 2013.
PLEASE READ OUR PRIVACY NOTICE WHICH CAN BE FOUND AT WWW.MAYBANK.COM
OR AT ANY BRANCH FOR DETAILS ON HOW WE PROCESS/PROTECT YOUR PERSONAL DATA.

CP71

SAV/02-OCT15-srt          0R4453

**PX 42**          **FTC-MOBE-003501**

 OCBC Bank

## Balance Summary Report

### Operating Accounts

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 01-FEB-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 354,928.23 | 354,928.23 |
| 01-FEB-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 62,060.87 | 62,060.87 |
| 31-JAN-2016 | 274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 354,928.23 | 354,928.23 |
| 31-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 62,060.87 | 62,060.87 |
| 30-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 354,928.23 | 354,928.23 |
| 30-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 62,060.87 | 62,060.87 |
| 29-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 372,548.60 | 354,928.23 |
| 29-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 62,060.87 | 62,060.87 |

| Printed By | CSTHONG | | |
|---|---|---|---|
| Printed On | 03-Feb-2016 04:09:14 | | Page 1 of 17 |

FTC-MOBE-003502

 OCBC Bank

## *Balance Summary Report*

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 28-JAN-2016 | ███2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 140,128.60 | 372,548.60 |
| 28-JAN-2016 | ███2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 122,060.87 | 62,060.87 |
| 27-JAN-2016 | ███2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 140,128.60 | 140,128.60 |
| 27-JAN-2016 | ███2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 78,209.62 | 122,060.87 |
| 26-JAN-2016 | ███2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 144,951.56 | 140,128.60 |
| 26-JAN-2016 | ███2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 68,315.62 | 78,209.62 |
| 25-JAN-2016 | ███2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 144,951.56 | 144,951.56 |
| 25-JAN-2016 | ███2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 68,315.62 | 68,315.62 |

**PX 42**          **FTC-MOBE-003503**

 OCBC Bank

## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 24-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 144,951.56 | 144,951.56 |
| 24-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 68,315.62 | 68,315.62 |
| 23-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 144,951.56 | 144,951.56 |
| 23-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 68,315.62 | 68,315.62 |
| 22-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 149,551.78 | 144,951.56 |
| 22-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 68,315.62 | 68,315.62 |
| 21-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 68,315.62 | 68,315.62 |
| 21-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 149,551.78 | 149,551.78 |

**PX 42**          **FTC-MOBE-003504**

 OCBC Bank

## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 20-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 170,433.44 | 149,551.78 |
| 20-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 68,315.62 | 68,315.62 |
| 19-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 176,048.77 | 170,433.44 |
| 19-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 68,315.62 |
| 18-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 176,048.77 | 176,048.77 |
| 18-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |
| 17-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 176,048.77 | 176,048.77 |
| 17-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |

**PX 42**          **FTC-MOBE-003505**

  OCBC Bank

## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 16-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 176,048.77 | 176,048.77 |
| 16-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |
| 15-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 182,226.60 | 176,048.77 |
| 15-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |
| 14-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 182,226.71 | 182,226.60 |
| 14-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |
| 13-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 182,226.71 | 182,226.71 |
| 13-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |

PX 42          FTC-MOBE-003506



## *Balance Summary Report*

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 12-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 182,226.71 | 182,226.71 |
| 12-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |
| 11-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 182,226.71 | 182,226.71 |
| 11-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |
| 10-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 182,226.71 | 182,226.71 |
| 10-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |
| 09-JAN-2016 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 182,226.71 | 182,226.71 |
| 09-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |

**PX 42**                    **FTC-MOBE-003507**

 OCBC Bank

## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 08-JAN-2016 | ████2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 182,226.71 | 182,226.71 |
| 08-JAN-2016 | ████2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |
| 07-JAN-2016 | ████2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 182,226.71 | 182,226.71 |
| 07-JAN-2016 | ████2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 35,845.93 | 35,845.93 |
| 06-JAN-2016 | ████2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 187,214.29 | 182,226.71 |
| 06-JAN-2016 | ████2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 115,845.93 | 35,845.93 |
| 05-JAN-2016 | ████2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 206,998.89 | 187,214.29 |
| 05-JAN-2016 | ████2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 116,952.33 | 115,845.93 |

**PX 42**          **FTC-MOBE-003508**



## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 04-JAN-2016 | ███ 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 207,210.89 | 206,998.89 |
| 04-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 116,952.33 | 116,952.33 |
| 03-JAN-2016 | ███ 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 207,210.89 | 207,210.89 |
| 03-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 116,952.33 | 116,952.33 |
| 02-JAN-2016 | ███ 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 207,210.89 | 207,210.89 |
| 02-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 116,952.33 | 116,952.33 |
| 01-JAN-2016 | ███ 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 207,210.89 | 207,210.89 |
| 01-JAN-2016 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 116,952.33 | 116,952.33 |

**PX 42**    FTC-MOBE-003509

 OCBC Bank

## *Balance Summary Report*

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 31-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 207,210.89 | 207,210.89 |
| 31-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 116,973.53 | 116,952.33 |
| 30-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 207,210.89 | 207,210.89 |
| 30-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 116,973.53 | 116,973.53 |
| 29-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 211,726.65 | 207,210.89 |
| 29-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 106,983.89 | 116,973.53 |
| 28-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 211,726.65 | 211,726.65 |
| 28-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 106,983.89 | 106,983.89 |

**PX 42**   **FTC-MOBE-003510**

 OCBC Bank

## Balance Summary Report

### Operating Accounts

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 27-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 211,726.65 | 211,726.65 |
| 27-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 106,983.89 | 106,983.89 |
| 26-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 211,726.65 | 211,726.65 |
| 26-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 106,983.89 | 106,983.89 |
| 25-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 211,726.65 | 211,726.65 |
| 25-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 106,983.89 | 106,983.89 |
| 24-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 211,726.65 | 211,726.65 |
| 24-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 106,983.89 | 106,983.89 |

**PX 42**      **FTC-MOBE-003511**

 OCBC Bank

## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 23-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 221,478.87 | 211,726.65 |
| 23-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 106,983.89 | 106,983.89 |
| 22-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 193,082.05 | 221,478.87 |
| 22-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 106,983.89 | 106,983.89 |
| 21-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 201,629.38 | 193,082.05 |
| 21-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 80,334.59 | 106,983.89 |
| 20-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 201,629.38 | 201,629.38 |
| 20-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 80,334.59 | 80,334.59 |

| | | |
|---|---|---|
| Printed By | CSTHONG | |
| Printed On | 03-Feb-2016 04:09:14 | Page  11  of  17 |

PX 42                    FTC-MOBE-003512

 OCBC Bank

## *Balance Summary Report*

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 19-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 201,629.38 | 201,629.38 |
| 19-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 80,334.59 | 80,334.59 |
| 18-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 80,334.59 |
| 18-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 210,069.49 | 201,629.38 |
| 17-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 210,069.49 | 210,069.49 |
| 17-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 16-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 210,069.49 | 210,069.49 |
| 16-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |

| | | |
|---|---|---|
| Printed By | CSTHONG | |
| Printed On | 03-Feb-2016 04:09:14 | Page 12 of 17 |

 OCBC Bank

## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 15-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 191,747.86 | 210,060.49 |
| 15-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 14-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 191,747.86 | 191,747.86 |
| 14-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 13-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 191,747.86 | 191,747.86 |
| 13-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 12-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 191,747.86 | 191,747.86 |
| 12-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |

**PX 42**          **FTC-MOBE-003514**



## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 11-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 11-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 191,747.86 | 191,747.86 |
| 10-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 191,747.86 | 191,747.86 |
| 10-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 09-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 358,307.04 | 191,747.86 |
| 09-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 08-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 358,307.04 | 358,307.04 |
| 08-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |

| Printed By | CSTHONG | |
|---|---|---|
| Printed On | 03-Feb-2016 04:09:14 | Page  14  of  17 |

FTC-MOBE-003515

  OCBC Bank

## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 07-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 333,307.04 | 358,307.04 |
| 07-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 06-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 333,307.04 | 333,307.04 |
| 06-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 05-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 333,307.04 | 333,307.04 |
| 05-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 70,339.03 | 70,339.03 |
| 04-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 144,590.26 | 353,307.04 |
| 04-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 120,339.03 | 70,339.03 |

**PX 42**                    **FTC-MOBE-003516**



## Balance Summary Report

**Operating Accounts**

| Statement Date | Account No. | Account Name | Bank Name | Opening Balance | Closing Balance |
|---|---|---|---|---|---|
| 03-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 144,590.26 | 144,590.26 |
| 03-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 120,339.03 | 120,339.03 |
| 02-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 73,902.26 | 144,590.26 |
| 02-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 61,216.43 | 120,339.03 |
| 01-DEC-2015 | 2274-MYR | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 73,902.26 | 73,902.26 |
| 01-DEC-2015 | 2282-USD | MOBE LTD | OCBC BANK (MALAYSIA) BERHAD | 65,871.65 | 61,216.43 |

**PX 42**                      **FTC-MOBE-003517**

 OCBC Bank

*Balance Summary Report*

**Fixed Deposit/General Investment Accounts**

| Account No. | A/C Status | No. of Deposits | Ccy | Total Amount |
|---|---|---|---|---|
| | | | | |

** END OF REPORT **

| | | | |
|---|---|---|---|
| Printed By | CSTHONG | | |
| Printed On | 03-Feb-2016 04:09:14 | | Page 17 of 17 |

FTC-MOBE-003518

OCBC Bank

## Daily Statement of Account - Detail- Internet Version
## From   01-Feb-2016   To   11-Feb-2016

| Account Number | ████ 282-USD | | Opening Balance | | 62,060.87 | 01-Feb-2016 |
| --- | --- | --- | --- | --- | --- | --- |
| Account Name | MOBE LTD | | Closing Ledger Balance | | 53,761.39 | 11-Feb-2016 |
| Debits | 9 | Amount | 57,186.48 Closing Available Balance | | 48,520.49 | 11-Feb-2016 |
| Credits | 3 | Amount | 48,887.00 Hold Amount | | 5,240.90 | 11-Feb-2016 |
| BIC Code | OCBCMYKLXXX | | BIC Name | OCBC BANK (MALAYSIA) BERHAD | | |

| Post Date | Bank Ref. | Client Ref. | Debit Amount | Credit Amount | Balance |
| --- | --- | --- | --- | --- | --- |
| Value Date | Transaction Desc. | | | | |
| | Details | | | | |
| 02-Feb-2016 | ████ 0202 | ████ 5900 | | 8,967.00 | 71,027.87 |
| 02-Feb-2016 | Cr Inward (TT)<br>Branch: 701<br>Ordering Bank:IRVTUS3NXXX Txn Ref:████ 0202<br>Amount: USD 8,967.00<br>FX Rate: 4.15200000  MYR equivalent: MYR 37,230.98<br>Commission: MYR .00  S/C: MYR .00 | | | | |
| 02-Feb-2016 | ████ 0202 | ████ 5900 | 2.41 | | 71,025.46 |
| 02-Feb-2016 | No TLUSTM 7131<br>BRANCH: 701 | | | | |
| 02-Feb-2016 | ████ 0022 | MODE LTD | 50,000.00 | | 21,025.46 |
| 02-Feb-2016 | Debit as Advised<br>BRANCH: 869<br>OWN AC FUND TRF | | | | |
| 04-Feb-2016 | ████ 0402 | ████ 2778 | 522.79 | | 20,502.67 |
| 04-Feb-2016 | VEL TT PURCHASE<br>Branch: 799<br>Beneficiary Bank:PNBPUS3NNYC Txn Ref:████ 0402<br>Amount: USD 497.00<br>FX Rate: 4.22000000  MYR equivalent: MYR 2,097.34<br>Commission: MYR .00  S/C: MYR 106.00 | | | | |
| 04-Feb-2016 | ████ 0402 | ████ 4401 | 497.00 | | 20,005.67 |
| 04-Feb-2016 | VEL TT PURCHASE<br>Branch: 799<br>Beneficiary Bank:PNBPUS3NNYC Txn Ref:████ 0402<br>Amount: USD 497.00<br>FX Rate: 4.22000000  MYR equivalent: MYR 2,097.34<br>Commission: MYR .00  S/C: MYR 106.00 | | | | |
| 04-Feb-2016 | ████ 6790 | . | 1,954.17 | | 18,051.50 |
| 04-Feb-2016 | Debit as Advised<br>BRANCH: 869 | | | | |

| Printed By | TIRMIDZI | | Page   1   of   3 |
| --- | --- | --- | --- |
| Printed On | 11-Feb-2016 22:59:35 | | |

Insured by Perbadanan Insurans Deposit Malaysia

**PX 42**          **FTC-MOBE-003519**

OCBC Bank

## Daily Statement of Account - Detail- Internet Version
### From   01-Feb-2016   To   11-Feb-2016

| Account Number | ████2282-USD | | Opening Balance | | 62,060.87 | 01-Feb-2016 |
|---|---|---|---|---|---|---|
| Account Name | MOBE LTD | | Closing Ledger Balance | | 53,761.39 | 11-Feb-2016 |
| Debits | 9 | Amount | 57,186.48 | Closing Available Balance | 48,520.49 | 11-Feb-2016 |
| Credits | 3 | Amount | 48,887.00 | Hold Amount | 5,240.90 | 11-Feb-2016 |
| BIC Code | OCBCMYKLXXX | | BIC Name | OCBC BANK (MALAYSIA) BERHAD | | |

| Post Date | Bank Ref. | Client Ref. | Debit Amount | Credit Amount | Balance |
|---|---|---|---|---|---|
| Value Date | Transaction Desc. | | | | |
| | Details | | | | |

| | BW CAPITAL HK LIMITED | | | | |
|---|---|---|---|---|---|
| 04-Feb-2016 | ████4797 | . | 1,840.19 | | 16,211.31 |
| 04-Feb-2016 | Debit as Advised | | | | |
| | BRANCH: 869 | | | | |
| | PARTNERSHIP PROPERTIES INCORP | | | | |
| 04-Feb-2016 | ████0302 | ████8581 | 2,365.00 | | 13,846.31 |
| 04-Feb-2016 | VEL TT PURCHASE | | | | |
| | Branch: 799 | | | | |
| | Beneficiary Bank:PNBPUS3NNYC Txn Ref ████0302 | | | | |
| | Amount: USD 2,365.00 | | | | |
| | FX Rate: 4.29300000  MYR equivalent: MYR 10,152.95 | | | | |
| | Commission: MYR .00  S/C: MYR 106.00 | | | | |
| | LAW AND COMMERCE TRUST LIMITED | | | | |
| 11-Feb-2016 | ████02 | F1S160210██7400 | | 29,953.00 | 43,799.31 |
| 11-Feb-2016 | Cr Inward (TT) | | | | |
| | Branch: 701 | | | | |
| | Ordering Bank:IRVTUS3NXXX Txn Ref ████102 | | | | |
| | Amount: USD 29,953.00 | | | | |
| | FX Rate: 4.06500000  MYR equivalent: MYR 121,758.95 | | | | |
| | Commission: MYR .00  S/C: MYR .00 | | | | |
| 11-Feb-2016 | ████102 | F1S160210██7400 | 2.46 | | 43,796.85 |
| 11-Feb-2016 | Dr Trans - Others | | | | |
| | BRANCH: 000 | | | | |
| 11-Feb-2016 | ████102 | FDC160210██4400 | | 9,967.00 | 53,763.85 |
| 11-Feb-2016 | Cr Inward (TT) | | | | |
| | Branch: 701 | | | | |
| | Ordering Bank:IRVTUS3NXXX Txn Ref:████1102 | | | | |
| | Amount: USD 9,967.00 | | | | |
| | FX Rate: 4.06500000  MYR equivalent: MYR 40,515.86 | | | | |
| | Commission: MYR .00  S/C: MYR .00 | | | | |
| 11-Feb-2016 | ████102 | FDC160210██4400 | 2.46 | | 53,761.39 |
| 11-Feb-2016 | Dr Trans - Others | | | | |

| Printed By | TIRMIDZI | | | Page  2  of  3 |
|---|---|---|---|---|
| Printed On | 11-Feb-2016 22:59:35 | | | |

Insured by Perbadanan Insurans Deposit Malaysia.

**PX 42**

OCBC Bank

## Daily Statement of Account - Detail- Internet Version
### From 01-Feb-2016 To 11-Feb-2016

| Account Number | | 2282-USD | | Opening Balance | | 62,060.87 | 01-Feb-2016 |
|---|---|---|---|---|---|---|---|
| Account Name | MOBE LTD | | | Closing Ledger Balance | | 53,761.39 | 11-Feb-2016 |
| Debits | 9 | Amount | | 57,186.48 Closing Available Balance | | 48,520.49 | 11-Feb-2016 |
| Credits | 3 | Amount | | 48,887.00 Hold Amount | | 5,240.90 | 11-Feb-2016 |
| BIC Code | | | | BIC Name | | | |

| Post Date | Bank Ref. | | Client Ref. | | Debit Amount | Credit Amount | | Balance |
|---|---|---|---|---|---|---|---|---|
| Value Date | Transaction Desc. | | | | | | | |
| | Details | | | | | | | |

BRANCH: 000

** END OF REPORT **

| Printed By | TIRMIDZI | Page 3 of 3 |
|---|---|---|
| Printed On | 11-Feb-2016 22:59:35 | |

Insured by Perbadanan Insurans Deposit Malaysia.

**PX 42**  **FTC-MOBE-003521**

**Westpac**

## United States Dollars Currency Account



BSB and Account Number
**034-702 ▮ 1129**

MR M MCPHEE BUILDING SOHO AT KLCC
UNIT B1-8-7
20 JALAN PERAK
KUALA LUMPUR 50250
MALAYSIA

*I, Matthew Lloyd McPhee, hereby certify this to be a true copy of the original — matt mcphee*

Account name
**MR MATTHEW LLOYD MCPHEE**
**▮6037 USD CURRENCY ACCOUNT**

Customer Number
**37845976  MCPHEE, MATTHEW LLOYD**

| Account Summary | (USD) |
|---|---|
| **Opening Balance** | + 28,407.60 |
| **Total credits** | + 0.00 |
| **Total debits** | - 0.00 |
| **Closing Balance** | + 28,407.60 |

Account enquiries ☎
In Australia 131 032
From Overseas +61 2 9293 9270
Call Monday to Friday 8:00am to 6:00pm

### Details of your account

From Last Statement Dated  30 Oct 2015 to  30 Nov 2015

| Date | Description of transaction | Debit | Credit | Balance |
|---|---|---|---|---|
| | | | | (USD) |
| 30 Nov | **CLOSING BALANCE** | | | **28,407.60** |

Further information regarding your account is available upon request at a Westpac branch, by calling 131 032 or from your Terms and Conditions (T&C).

Our dispute resolution process handles customer complaints, accessible by calling 1300 130 467 or refer to your PDS for more information.

Proceeds of cheques are not available until cleared. Please check all entries promptly and report any errors, or unauthorised transactions to us immediately.

Please check all entries on this statement and promptly inform the Bank of any possible error or unauthorised transaction.

**Statement No. 39  Page 1 of 1**

Westpac Banking Corporation ABN 33 007 457 141 AFSL and Australian credit licence 233714

**PX 42**          **FTC-MOBE-003522**



## YOUR TM BILL

Page 1 of 10
Telekom Malaysia Berhad (128740-P)
Level 51, Menara TM, 50672 Kuala Lumpur
GST ID: 000084049920
### TAX INVOICE

| Customer Name | : MOBE LTD | | | Credit Limit: RM 5,991.00 |
|---|---|---|---|---|
| **Account No** | **Bill Date** | **Payment Due Date** | **Bill No** | **Deposit (RM)** |
| 4775 | 16 SEP 2015 | 07 OCT 2015 | 000894223700 | 0.00 |

### ACCOUNT SUMMARY

| Previous Charge | RM | Current Charge | RM |
|---|---|---|---|
| Previous Balance | 4,233.60 | Recurring Charges | 1,997.00 |
| Payment -Thank You | -4,233.60 | GST | 119.82 |
| **Total Amount Outstanding** | **0.00** | **Total Current Charges** | **2,116.82** |
| | | **Total Amount** | **2,116.82** |
| | | **Rounding Amount** | **-0.02** |
| | | **Total Amount to be Paid** | **2,116.80** |

Starting from 11 SEPTEMBER 2014, the bill payment period has been changed to 21 days. For more details, refer to announcement page.
For the current charges, kindly remit them before or on the due date stated on your bill.

---

For payment via post, please attach this slip with crossed cheque payable to 'Telekom Malaysia Berhad' and state account no with total payment at the back of the cheque.
### PAYMENT SLIP

MOBE LTD
B1-8-7 FLR 8
SOHO SUITES @ KLCC
JLN PERAK
KUALA LUMPUR
50450 KUALA LUMPUR
WILAYAH PERSEKUTUAN

| | |
|---|---|
| Account No | 1021994775 |
| Bill No | 000894223700 |
| Bill Date | 16 SEP 2015 |
| Revenue Code | 751 |
| Total Amount Due | RM 2,116.80 |
| | S10        10 |
| | OFF |

**Biller Code : 8888**
**Ref-1 : 1021994775**

**JomPAY** online at Internet and Mobile Banking with your Current, Savings or Credit Card account

BT:CP

## PX 42         FTC-MOBE-003523