# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

**v.**                                           **Case No:  6:18-cv-862-Orl-37DCI**

**MOBE LTD.,
MOBEPROCESSING.COM, INC.,
TRANSACTION MANAGEMENT USA,
INC., MOBETRAINING.COM, INC.,
9336-0311 QUEBEC INC., MOBE PRO
LIMITED, MOBE INC., MOBE
ONLINE LTD., MATT LLOYD
PUBLISHING.COM PTY LTD.,
MATTHEW LLOYD MCPHEE, SUSAN
ZANGHI and RUSSELL W. WHITNEY,
JR. ,**

        **Defendants.**

---

# REPORT AND RECOMMENDATION

    This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **RECEIVER'S VERIFIED FIRST APPLICATION FOR PAYMENT FOR SERVICES RENDERED AND REIMBURSEMENT FOR COSTS INCURRED (Doc. 92)** |
| **FILED:** | **August 17, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

| | |
|---|---|
| **MOTION:** | **RECEIVER'S VERIFIED FIRST APPLICATION FOR PAYMENT FOR SERVICES RENDERED AND REIMBURSEMENT FOR COSTS INCURRED BY AKERMAN LLP (Doc. 93)** |
| **FILED:** | **August 17, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

## I.    Background

On June 4, 2018, the Federal Trade Commission (FTC) filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) (the FTC Act).  Doc. 1.  The FTC also moved pursuant to Federal Rule of Civil Procedure 65(b) for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants.  Doc. 3. At the same time, the FTC made an application for a temporary receiver.  Doc. 6.  The next day, the Court granted the FTC's motions, issued a temporary restraining order, and appointed Mark J. Benet as temporary receiver (the Receiver).  Doc. 13.  The Receiver now moves to recover payment for services rendered both by the Receiver (Doc. 92, the Receiver's motion to pay himself) and by counsel hired by the Receiver to assist him (Doc. 93, the Receiver's motion to pay counsel).  The motions are unopposed.  Docs. 92 at 23; 93 at 12.

In sum, in the Complaint, the FTC alleged that Defendants operated a fraudulent internet business education program called "My Online Business Education," or "MOBE," through which Defendants claimed they would reveal a "simple 21-step system that will show consumers how to quickly and easily start their own online business and make substantial income."  Doc. 1 at 2. However, the FTC further alleged that, contrary to Defendants' representations, "the vast majority of consumers who join the MOBE program and purchase . . . costly MOBE memberships lose

money." *Id*. at 3.  According to the FTC, Defendants defrauded thousands of consumers who collectively paid Defendants over $125,000,000.00 based on misrepresentations by Defendants concerning MOBE.  *Id*. at 3-4.

## II.    Discussion

The Court has already determined that the Receiver and counsel to the Receiver are entitled to payment of a reasonable fee and reimbursement of actual out-of-pocket expenses.  This is memorialized in the Court's order appointing the Receiver, which provides that:

> **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

Doc**.** 13 at 22-23.  On August 8, 2018, the Court granted the Receiver an extension of time until August 19, 2018 to file his initial fee applications.  Doc. 82.  The Receiver timely filed his initial fee applications.  *See* Docs. 92; 93.

Courts are required to utilize the lodestar approach to determine reasonable compensation. *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008).  The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); *see also Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).  The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable.  *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  "If evidence is inadequate, a

court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests." *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *10-11 (M.D. Fla. June 8, 2018), *report and recommendation adopted sub nom.*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (internal citations and quotations omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

### A. The Receiver's Fee

The Receiver requests a payment of fees in the amount of $99,726.00, which is based on 302.2 hours expended at an hourly rate of $330.00. Doc. 92 at 2.

Based on the detailed account of receivership events contained in the motion (*id*. at 5-18), and the itemized timesheet attached to the motion (Doc. 92-1 at 1-13), the undersigned finds that

---

[1] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

the hours expended by the Receiver from the initiation of this action through July 31, 2018 are reasonable.

The Receiver maintains that his requested hourly rate of $330.00 represents a $220.00 discount off his 2018 standard rate of $550.00.  Doc. 92 at 2 n.1.  As reported by Plaintiffs in their Application for a Temporary Receiver, the Receiver agreed to accept the reduced hourly rate.  Doc. 6 at 2-3.  The undersigned finds the Receiver's hourly rate to be reasonable for his services in this case. Upon consideration of all these factors, it is respectfully recommended that the Court allow the Receiver to be paid $99,726.00 in fees.

### B.  The Receiver's Costs

In addition to fees, the Receiver is requesting $780.35 in expenses.  Doc. 92 at 23.  These expenses appear to be justified and to have been actually incurred, based upon a review of the Receiver's Affidavit of Costs and the attachments thereto.  Doc. 93-2.  Thus, the undersigned respectfully recommends that the Court allow the Receiver to be paid $780.35in expenses.

### C.  The Receiver's Counsel's Fee

To assist him in his duties, the Receiver hired counsel, the law firm Akerman LLP.  Thus, the Receiver requests permission to pay Akerman fees in the amount of $69,182.50, which is based on 214.7 hours expended at a "blended" hourly rate that averages $322.23.  Doc. 93 at 2.  This is blend of both attorney and paralegal time.  *See id*. at 7-9.  According to the Receiver, the requested amount also reflects the Receiver's write-off of 39.1 hours of recorded time, having a value of $10,893.60.  *Id*. at 2.  The Receiver represents that all the services for which the Receiver requests compensation for Akerman were rendered solely in connection with this case and solely at the request and under the supervision of the Receiver, and that Akerman received no retainer for professional fees and costs in connection with its services, but instead agreed to wait for a Court

order authorizing payment before taking payment. *Id*. at 2. The Receiver is a partner at Akerman, but the Receiver has requested his fees separately, as set forth in the foregoing section of this Report. *Id*. at 3. The Receiver maintains that, in light of the difficult and complex nature of this case, the requested compensation for Akerman is fair and reasonable. *Id*.

Based on the account of receivership events contained in the motion (*id*. at 5-8), and the itemized timesheet attached to the motion (Doc. 93-1 at 1-21), the undersigned finds that the hours expended by the Receiver's counsel from June 4, 2018 through July 31, 2018 are reasonable. But the Court notes that, in the motion itself, the description of services rendered is deficient, and, thus, the Court is relying primarily upon the attached timesheets (Doc. 93-1) and information gleaned from the Receiver's motion (Doc. 92) in making this finding.

In turning to the second component of the lodestar, however, the undersigned finds that the Receiver has not provided sufficient justification or support for the hourly rates requested for the professionals at Akerman. To assist him in his duties, the Receiver has retained the services of nine professionals at Akerman, including two "experienced litigation attorney[s]," five paralegals, and two persons whose role is not specified in the motion. *See* Doc. 93 at 5. The following is an explanation of the rates and hours billed for each professional:

|  | Role | Rate | Hours | Total |
|---|---|---|---|---|
| Richard Martin | "experienced litigation attorney" | $525 | 64 | $33,600.00 |
| Tamara S. Malvin | "experienced litigation attorney" | $430 | 23.8 | $10,234.00 |
| Serena Vasquez | Paralegal | $195 | 109.6 | $21,372.00 |
| Kimberly Shinder | Paralegal | $270 | 2 | $540.00 |
| Amanda M. Herrera | Paralegal | $185 | 1.1 | $203.50 |
| Jennifer Meehan | Paralegal | $250 | 0.8 | $200.00 |

| Kimberly Abbate | Paralegal | $270 | 0.4 | $108.00 |
|---|---|---|---|---|
| Brooke Rollins | No information provided | $100 | 10.5 | $1,050.00 |
| Frank Cordero | No information provided | $750 | 2.5 | $1,875.00 |
| | | | Total: | $69,182.50 |

*See* Doc. 93-1 at 21.

This being the Receiver's first request for fees for services rendered by its counsel in this case, the undersigned is disappointed at the inadequacy of the Receiver's effort to justify its counsel's fees. It is the Receiver's burden to justify the rates he seeks to collect for his counsel. But there is almost no information provided to the Court justifying the hourly rates at issue – and absolutely no information at all concerning Mr. Cordero (who seeks the highest rate) or Ms. Rollins (who the undersigned can only assume is a paralegal based upon the rate requested). Further, there is absolutely no information concerning the reason for the variability of the paralegal rate, which ranges from $100 per hour to $270 per hour. While the Receiver did include a brief discussion of each *Johnson* factor (Doc. 93 at 9-11), he appeared to do so in the context of an adjustment of the total fee amount following the lodestar calculation, but then did not request an upward adjustment, leaving the Court unsure as to the import of the argument. Doc. 93 at 8. Regardless, the Receiver provided little explanation of each professional's role at their firm (other than "experienced litigation attorney" or paralegal), no information concerning the professionals' qualifications justifying their requested rates, no opinion testimony supporting the requested rates, and identified no similar cases in which courts awarded similar rates for similar work.

Given the dearth of information within the motion, the undersigned is left to the exercise of discretion and, thus, may reduce the award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests. *See Proescher*, 2018

WL 3432737, at *10-11, *report and recommendation adopted sub nom.*, 2018 WL 3428157.  Here, drawing upon the undersigned's own experience and expertise, and considering the lack of supporting information provided by the Receiver, the undersigned will set the following hourly rates, which the undersigned finds reasonable:

|  | Role | Rate | Hours | Total |
|---|---|---|---|---|
| Richard Martin | "experienced attorney" | $500 | 64 | $32,000.00 |
| Tamara S. Malvin | "experienced attorney" | $400 | 23.8 | $9,520.00 |
| Serena Vasquez | Paralegal | $150 | 109.6 | $16,440.00 |
| Kimberly Shinder | Paralegal | $125 | 2 | $250.00 |
| Amanda M. Herrera | Paralegal | $125 | 1.1 | $137.50 |
| Jennifer Meehan | Paralegal | $125 | 0.8 | $100.00 |
| Kimberly Abbate | Paralegal | $125 | 0.4 | $50.00 |
| Brooke Rollins | No information provided | $100 | 10.5 | $1,050.00 |
| Frank Cordero | No information provided | $500 | 2.5 | $1,250.00 |
|  |  |  | Total: | $60,797.50 |

In coming to the foregoing rates (which the undersigned deems significant, especially in light of the lack of information supporting the request), the undersigned has also considered the lack of opposition to the motions by any party, as well as the *Johnson* factors, including particularly the significant time and effort involved, the difficulty and complexity of this case, the skill necessary to perform the services requested, the preclusion of other work opportunities as to Ms. Vasquez, the fee requested by Akerman (which it deems customary), the time limitations involved in a case such as this, the significant results obtained by Akerman in securing assets thus far, and the experience and reputation of the law firm.

Upon consideration of all these factors, it is respectfully recommended that the Court allow the Receiver to pay Akerman $60,797.50 in fees.

### D.  The Receiver's Counsel's Costs

In addition to fees, the Receiver is requesting that Akerman be paid $1,473.08 in expenses. Doc. 93 at 10.  These expenses appear to be justified and to have been actually incurred, based upon a review of the invoices attached to the motion which show the itemized disbursements of funds for identified expenses.  Doc. 93-1 at 1-21.  Thus, the undersigned respectfully recommends that the Court allow the Receiver to pay Akerman $1,473.08 in expenses.

### III.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Receiver's motion to pay himself (Doc. 92) be **GRANTED** and that the Receiver be authorized payment in the amount of $99,726.00; in fees and $780.35 in expenses; and

2. The Receiver's motion to pay his counsel (Doc. 93) be **GRANTED in part** to the extent that the Receiver be authorized to pay Akerman $60,797.50 in fees and $1,473.08 in expenses, and that motion (Doc. 93) be **DENIED in all other respects**.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 17, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy