UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                                                         Case No. 6:18-cv-862-Orl-37DCI

MOBE LTD.;
MOBEPROCESSING.COM, INC.;
TRANSACTION MANAGEMENT
USA, INC.; MOBETRAINING.COM,
INC.; 9336-0311 QUEBEC INC.; MOBE
PRO LIMITED; MOBE INC.; MOBE
ONLINE LTD.; MATT LLOYD
PUBLISHING.COM PTY LTD.;
MATTHEW LLOYD MCPHEE; SUSAN
ZANGHI; and RUSSELL W. WHITNEY,
JR.,

    Defendants.
_____

## ORDER

Plaintiff Federal Trade Commission ("**FTC**") initiated this action against Defendants on June 4, 2018, seeking injunctive and equitable relief for violations of the Federal Trade Commission Act, 15 U.S.C. § 53(b). (*See* Doc. 1 ("**Complaint**").) The FTC also applied for a temporary receiver ("**Receiver**") (Doc. 6), whom the Court appointed (Doc. 13). Now, the Receiver seeks payment for services rendered and reimbursement for costs incurred by the Receiver and his hired counsel, Akerman LLP ("**Akerman**"). (*See* Doc. 92 ("**Receiver Fee Motion**"); Doc. 93 ("**Akerman Fee Motion**").) Specifically, the Receiver requests $99,726.00 in fees, and a reimbursement of $780.35 for expenses

-1-

incurred. (Doc. 92, p. 1.) Additionally, the Receiver requests the authority to pay Akerman $69,182.50 in fees, and to reimburse Akerman $1,473.08 for costs incurred. (Doc. 93, p. 1.)

On referral, U.S. Magistrate Judge Daniel C. Irick concludes that the fees and reimbursements for the Receiver are fair and reasonable. (Doc. 110, pp. 4–5 ("**R&R**").) However, given the lack of information regarding Akerman's requested fee, Magistrate Judge Irick used his own experience and expertise to conclude that a slightly lower fee, $60,797.50, is more appropriate. (*Id.* at 5–9) With this, he recommends granting the Receiver Fee Motion and granting in part and denying in part the Akerman Fee Motion. (*Id.* at 9.)

The parties did not object to the R&R, and the time for doing so has now passed. Absent objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Marcort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 110) is **ADOPTED, CONFIRMED**, and made a part of this Order.

2. The Receiver's Verified First Application for Payment for Services Rendered and Reimbursement for Costs Incurred (Doc. 92) is **GRANTED**. The Receiver is authorized to receive payment in the amount of $99,726.00 in fees and $780.35 in expenses.

3. The Receiver's Verified First Application for Payment for Services Rendered and Reimbursement for Costs Incurred by Akerman LLP (Doc. 93) is **GRANTED IN PART AND DENIED IN PART**.

   a. The Akerman Fee Motion is **GRANTED** to the extent that the Receiver is authorized to pay Akerman LLP $60,797.50 in fees and $1,473.08 in expenses.

   b. The Akerman Fee Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on October 3, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record