FILED
2019 APR 15 PM 3: 26
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

| | |
|---|---|
| **Federal Trade Commission,**<br><br>Plaintiff,<br><br>v.<br><br>**MOBE Ltd., et al.,**<br><br>Defendants. | Case No. 6:18-CV-862-ORL-DCI |

### Response to Federal Trade Commission's Motion for Default Judgment

Pro Se Defendant, I, Mathew McPhee, hereby submit my response to the Federal Trade Commission's Motion for Default Judgment. I certify that I have conferred with opposing counsel. They refused to agree to the withdrawal of the Motion. Opposing counsel did, however, agree to an extension up to and including April 12, 2019 to submit this Response.

### Introduction

Pursuant to the Court's Order, the Federal Trade Commission ("FTC"), seized all of my monetary assets. Friends and family provided me with a small sum of money to retain counsel who repeatedly requested that the FTC release a modest amount of funds obtained in asset seizure to pay my attorneys. While the Commissions attorneys agreed to release $50,000 for attorneys' fees, it steadfastly refused to agree to any additional monetary release. Thereafter, retained counsel withdrew and I am now left without any money whatsoever.

### Facts

My lawyers entered into settlement discussions, including the necessity to obtain a release of funds, for several months. On December 10, 2018, my counsel withdrew because that had not been paid. On December 18, 2018, I requested that the FTC release enough money to obtain and pay counsel. Other than the afore-mentioned initial release the FTC refused.

On December 22, 2018 the U.S. Government partially shut down for 34 days causing the FTC, and later the entire U.S. federal court system, to close its doors.

On February 1, 2019, five days after the shutdown ended, the FTC applied for a Clerk's Entry of Judgment.

On February 2, 2019, I attempted to file my response to the FTC's complaint. The same day, the Clerk of the Court entered the Clerk's default.

On February 8, 2019, I wrote the following to the FTC:
"I was wondering if you guys would be willing to allow me to state that you won't oppose my motion to set aside the clerk's default... I expect to file my motion either today or Monday.
Please let me know."


The same day the FTC responded:
"Dear Matt,

You were afforded multiple extensions since this case was brought to file your answer. We made clear to your counsel that November 5 would be the last extension we would request from the court, even if the parties continued settlement negotiations after the deadline. The fact that we were willing to keep talking after the deadline also does not mean you were excused from answering the complaint indefinitely. In any event, by December 10, your counsel withdrew and on December 18 we expressly declined your request for additional attorney's fees. We have not heard from you or your counsel since we sent that email.

Sung"

I was surprised and disappointed at the FTC's response so I reached out again the next day:

"Hi Sung,
I was under the impression, as were both DJ and Andy, that we all had a mutual understanding; while we continued to work out what to do with the resorts / apartments, and the injunction language, we'd delay the deadline.
As recently as November 29th, we were discussing by email (you, Ben Davidson, and both DJ and Andy) the proposed language for the injunction - this was well past the November 5th deadline.

We were also talking about a release of funds for legal fees - and both DJ and Andy were going to help me put together the answers to Mark's questions received on December 7th.

The reasonable assumption from my side was that we'd focus on working out the details of the above and delay the deadline.
Respectfully, I would request that you please reconsider. I have been extremely co-operative up to this point - and I think you, Benjamin and Mark have also been very fair to deal with, considering the circumstances.
Please can you reconsider,
Sincerely,

Matt"


On Fri, Feb 8, 2019 the FTC wrote:


"Dear Matt,

The FTC intends to oppose your proposed motion to set aside the default. As you know, the deadline to answer the complaint was back on November 5, 2018 and your former counsel, Andy and DJ, surely advised you of the consequences of defaulting. You have not provided us with a good reason for failing to respond by November 5 or at any time before the clerk's entry of default on February 1, 2019.

Regards,
Sung"

### Law

Pursuant to Rule 55 © of the Federal Rules of Civil Procedure, "[t]he court may set aside an entry of default for good cause." *See, e.g., EEOC v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527-28 (11th Cir. 1990). The Eleventh Circuit has held that the "good Cause" standard under Rule 55© is a "liberal one." *See, e.g., Compania Interamicana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Even where there is uncertainty as to whether "good cause" exists, courts generally set aside the default so that the case may be decided on its merits. *See, Singh*, No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *2.

To set aside an entry of default, district courts consider whether: (1) there was excusable neglect; (2) the defaulting party responded promptly after notice of the entry of the default; (3) setting aside the default will not cause prejudice to the opposing party; and (4) the defaulting party has a meritorious defense. *See, e.g., Lee v. Golden Fortune Int'l*, No. 6:08-vc-1394-Orl-22DAB, 2009 WL 36452, at *2(M.D. Fla. Jan. 6, 2009)." The defense appears to present a meritorious defense at this stage in the litigation. Therefore, Plaintiff's request to set aside the entry of default is supported by good cause and the well-established public policy in favor of deciding cases on the merits. *See, BP Prods. N. Am. Inc. v. Super Stop #701, Inc.*, No. 08-61301-CTV, 2009 WL 2852780. At *2 (S.D. Fla. Sept. 1, 2009) (setting aside default where delay was only 21 days, and finding good faith although the delay was within the control of the defendants); *Singh*, No. 6:08-cv-1605-Orl-35KRS, 2008 WL 4922071, at *3 (setting aside default where the plaintiff was not prejudiced by a three business day delay and the defendant claimed to have documents to refute plaintiff's claim for relief); *Mendoza v. S. Heritage Constr. Corp.*, No. 6:08-cv-1-Orl-28GJK, 2008 WL 2944913, *1 (M.D. Fla. July 29, 2008) (finding good cause and setting aside entry of default where defendant misplaced the complaint)."

### Discussion

Here, my response to entry of default judgment is supported by good cause. First,

my "neglect" should be deemed excusable. Specifically, my failure to timely respond to the Complaint in this matter was an oversight due to miscommunications between the FTC attorneys and the effect of the 34-day government shutdown.

Second, I filed my Answer and Affirmative Defenses in conjunction with this Motion on February 2, 2019, the day the Clerk entered judgment.

Third, once I realized that I needed to respond to the entry of the Clerk's Default, I submitted my response within 12 days. Clearly such a short delay did not and could not have caused the FTC any prejudice in that sort of time.

Fourth, I have a meritorious and perhaps dispositive defense. On December 3rd, 2018, the Ninth Circuit Court of Appeals handed down its opinion in F.T.C. v. AMG Capital Management, et al. (Attached hereto as Exhibit A). Two judges disagreed with the majority. Writing in separate opinions, Judge O'Scannlain and Judge Bea both acknowledged that the Circuit had been wrong all along regarding the FTC's practice of seeking huge monetary rewards in the form of restitution or disgorgement, and that the time had come to set things right. These concurring opinions suggest that the Ninth Circuit may finally overrule all FTC equitable disgorgement cases.

*AMG Capital* filed their petition for rehearing *en banc* in March 2019, and we will learn whether the Ninth Circuit will accept the concurrence's invitation to revisit this issue by late spring 2019.

This issue is heating up quickly among informed commentators.
At least three Amicus briefs have been filed to date in support of an *en banc* petition for rehearing urging that the Court finally overrule all FTC equitable disgorgement cases:

1) The Chamber of Commerce of the United States of America (Attached hereto as Exhibit B)

2) Cause Of Action Institute (Attached hereto as Exhibit C)

3) Washington Legal Foundation (Attached hereto as Exhibit D)

**Conclusion**

-5-

When a party appears to present a meritorious defense at this stage in the litigation, well-established policy in this jurisdiction dictates that the Motion for Entry of Default Judgment should be denied in favor of deciding cases on their merits. *(id)*.

Here, I have clearly presented a meritorious and perhaps a wholly dispositive defense to the Motion. Indeed, if allowed, within 30 days, I intend to file and serve a motion to set aside the entire stealth *ex parte*, Temporary Restraining Order issued last summer.

For the reasons set forth above, I respectfully ask that this Court deny the Commission's Motion for Default Judgment, and that my Answers and Affirmative Defenses be allowed to be filed.

Respectfully submitted,

*[signature]*

12th April, 2019

Matt McPhee, pro se Defendant, with the assistance of counsel.

_____