# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

v.                                                                 Case No: 6:18-cv-862-Orl-37DCI

**MOBE LTD.,
MOBEPROCESSING.COM, INC.,
TRANSACTION MANAGEMENT USA,
INC., MOBETRAINING.COM, INC.,
9336-0311 QUEBEC INC., MOBE PRO
LIMITED, MOBE INC., MOBE
ONLINE LTD., MATT LLOYD
PUBLISHING.COM PTY LTD.,
MATTHEW LLOYD MCPHEE, SUSAN
ZANGHI and INGRID WHITNEY,**

        **Defendants.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST THE MOBE CORPORATE DEFENDANTS (Doc. 172)** |
| **FILED:** | May 2, 2019 |

**THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

On June 4, 2018, Plaintiff filed this action against Matthew Lloyd McPhee, the MOBE Corporate Defendants[1], Susan Zanghi, and Russell W. Whitney, Jr.[2]  Doc. 1.  In the Complaint, Plaintiff alleged that Defendants violated Section 5(a) of the Federal Trade Commission Act by engaging in unfair or deceptive acts or practices, and that "Defendants' scheme has defrauded thousands of consumers who collectively have paid over $125,000,000 to Defendants based on" Defendants' misrepresentations.  Doc. 1 at 3-4.  In addition, Plaintiff alleged that Defendants McPhee, Zanghi, and Whitney "formulated, directed, controlled, had the authority to control, or participated in the acts and practices of [the MOBE Corporate Defendants] as set forth in this Complaint."  Doc. 1 at 11-13.  Plaintiff also alleged that the MOBE Corporate Defendants "are all controlled and dominated by [Defendant McPhee] and others acting at his behest."  Doc. 1 at 13.  Plaintiff then directed most of its allegations toward "Defendants" generally.  Doc. 1 at 13-36.  Finally, the Court notes that Plaintiff brought each Count of its Complaint against all Defendants.  Doc. 1 at 34-36.

On February 1, 2019, the Clerk entered default against Defendant McPhee and the MOBE Corporate Defendants.  Docs. 149 through 158.  Thereafter, Defendant McPhee moved to set aside the Clerk's entry of default against him and Plaintiff moved for default judgment against Defendant McPhee and the MOBE Corporate Defendants.[3]  Docs. 160; 166. On April 19, 2019,

---

[1] The "MOBE Corporate Defendants" consists of Defendants MOBE Ltd.; MOBEProcessing.com, Inc.; Transaction Management USA, Inc.; MOBETraining.com, Inc.; 9336-0311 Quebec Inc.; MOBE Pro Limited; MOBE Inc.; MOBE Online Ltd.; and Matt Lloyd Publishing.com Pty Ltd.

[2] The Court notes that Defendant Ingrid Whitney was later substituted in place of Russell W. Whitney.  Doc. 179.

[3] In its motion for default judgment against Defendant McPhee and the MOBE Corporate Defendants, Plaintiff argued that Defendant McPhee and the MOBE Corporate Defendants are jointly and severally liable, and that Defendant McPhee and the MOBE Corporate Defendants "each may be held liable for the deceptive acts and practices of the other."  Doc. 166 at 13.

the Court granted Defendant McPhee's motion to set aside the Clerk's default entered against him and denied Plaintiff's motion for default judgment as moot. Doc. 168.

On May 2, 2019, Plaintiff again moved for default judgment, this time only as to the MOBE Corporate Defendants. Doc. 172 (the Motion). However, Plaintiff did not brief the Court on the issue of whether granting default judgment as to the MOBE Corporate Defendants could lead to inconsistent judgments given that Defendants McPhee and Whitney appear to be active participants in this case.[4]

"[I]n cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp.*, Case No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). As the court explained:

> [I]f the plaintiff prevails against the nondefaulting defendants, he is entitled to judgment against both the defaulting and nondefaulting defendants, but if the nondefaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant.

*Id.* The purpose behind this result is the prohibition against logically inconsistent judgments. *See Frow*, 82 U.S. at 554. "This district has followed *Frow* and has been sensitive to the risk of inconsistent judgments." *Nationwide*, 2011 WL 6752561 at *6 (citing authority).

Here, given that the Court vacated the Clerk's default entered against Defendant McPhee and that Defendant McPhee appears to be participating in this action, the Court finds that a default judgment against the MOBE Corporate Defendants risks offending the prohibition against

---

[4] The Court notes that this action has been stayed as to Defendant Whitney on the basis that Plaintiff and Defendant Whitney have reached an agreement in principle on a proposed stipulated final order that would resolve Plaintiff's claims against Defendant Whitney. Docs. 187; 190.


inconsistent judgments. Therefore, the Court finds that the Motion is due to be denied without prejudice. However, given that the Court did not have the benefit of briefing on this issue, the Court further finds that Plaintiff should be given an opportunity to properly brief the issue should Plaintiff feel that a default judgment against the MOBE Corporate Defendants does not risk offending the prohibition against inconsistent judgments. Should Plaintiff decide to file a renewed motion for default judgment as to the MOBE Corporate Defendants, Plaintiff shall address the issue of inconsistent judgments with respect to Defendant McPhee, Defendant Whitney, and any other parties to this case that may pose a threat of an inconsistent judgment if a default judgment were to be entered against the MOBE Corporate Defendants.

Accordingly, it is **ORDERED** that the Motion (Doc. 172) is **DENIED without prejudice**. On or before **July 29, 2019**, Plaintiff may file a renewed motion for default judgment provided that Plaintiff addresses the issue of inconsistent judgments and otherwise fully complies with Local Rule 3.01(a). Alternatively, Plaintiff may renew its motion for default judgment after Plaintiff's claims against Defendants McPhee and Whitney have been resolved.[5]

**DONE** and **ORDERED** in Orlando, Florida on July 1, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[5] Should any parties remain in this action once Plaintiff's claims against Defendants McPhee and Whitney have been resolved, Plaintiff shall address any potential issues regarding the risk of inconsistent judgments in the event that such issues are implicated.