UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                                     Case No. 6:18-cv-862-Orl-37DCI

MOBE LTD.;
MOBEPROCESSING.COM, INC.;
TRANSACTION MANAGEMENT
USA, INC.; MOBETRAINING.COM,
INC.; 9336-0311 QUEBEC INC.; MOBE
PRO LIMITED; MOBE INC.; MOBE
ONLINE LTD.; MATT LLOYD
PUBLISHING.COM PTY LTD.;
MATTHEW LLOYD MCPHEE; SUSAN
ZANGHI; and INGRID WHITNEY,

    Defendants.
_____

## ORDER

Plaintiff Federal Trade Commission ("**FTC**") initiated this action against Defendants on June 4, 2018, seeking injunctive and equitable relief for violations of the Federal Trade Commission Act, 15 U.S.C. § 53(b). (*See* Doc. 1.) After the Court appointed a Receiver (Doc. 13), the Receiver moved to recover a first round of expenses for services rendered and reimbursement for costs for himself and his hired counsel. (Doc. 92 ("**First Receiver Fee Motion**"); Doc. 93 ("**First Akerman Fee Motion**").) The Court granted the First Receiver Fee Motion and granted in part and denied in part the First Akerman Fee Motion. (Doc. 114.) Now, the Receiver seeks a second round of payments for services rendered and reimbursement for costs incurred by the Receiver and his hired counsel,

-1-

Akerman LLP ("**Akerman**"). (*See* Doc. 175 ("**Second Receiver Fee Motion**"); Doc. 176 ("**Second Akerman Fee Motion**").) Specifically, the Receiver requests $101,541.00 in fees. (Doc. 92, p. 1.) Additionally, the Receiver requests the authority to pay Akerman $59,690.00 in fees and to reimburse Akerman $1,378.91 for costs incurred. (Doc. 93, p. 1.)

On referral, U.S. Magistrate Judge Daniel C. Irick concludes that the fees for the Receiver are fair and reasonable. (Doc. 207, pp. 4–5 ("**R&R**").) However, given the lack of information to justify Akerman's requested hourly rates, Magistrate Judge Irick used his own experience and expertise to conclude that a lower fee, $49,802.50, was more appropriate, but took no issue with Akerman's cost request. (*Id.* at 5–8.) With this, he recommends granting the Second Receiver Fee Motion and granting in part and denying in part the Second Akerman Fee Motion. (*Id.* at 8–9.)

The parties did not object to the R&R, and the time for doing so has now passed. Absent objections, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no such error, the Court concludes that the R&R is due to be adopted in its entirety.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 207) is **ADOPTED, CONFIRMED**, and made a part of this Order.
2. Receiver's Verified Second Application for Payment for Services Rendered (Doc. 175) is **GRANTED**. The Receiver is authorized to receive payment in the amount of $101,541.00 in fees.

3. Receiver's Verified Second Application for Payment for Services Rendered and Reimbursement for Costs Incurred by Akerman LLP (Doc. 176) is **GRANTED IN PART AND DENIED IN PART**:

   a. The Second Akerman Fee Motion is **GRANTED** to the extent the Receiver is authorized to pay Akerman LLP $49,802.50 in fees and $1,378.91 in expenses.

   b. The Second Akerman Fee Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on August 9, 2019.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record