UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                                Case No. 6:18-cv-862-Orl-37DCI

MOBE LTD.;
MOBEPROCESSING.COM, INC.;
TRANSACTION MANAGEMENT
USA, INC.; MOBETRAINING.COM,
INC.; 9336-0311 QUEBEC INC.; MOBE
PRO LIMITED; MOBE INC.; MOBE
ONLINE LTD.; MATT LLOYD
PUBLISHING.COM PTY LTD.;
MATTHEW LLOYD MCPHEE; and
SUSAN ZANGHI,

    Defendants.

## ORDER

Before the Court is Plaintiff Federal Trade Commission's ("**FTC**" or "**Commission**") Renewed Motion and Memorandum of Law in Support of Entry of Default Judgment and Permanent Injunction Against the MOBE Corporate Defendants. (Doc. 257 ("**Motion**").) The FTC filed a Complaint for Permanent Injunction and Other Equitable Relief for violations of the Federal Trade Commission Act ("**FTC Act**") against twelve defendants, including corporate Defendants MOBE Ltd., MOBEProcessing.com, Inc., Transaction Management USA, Inc., MOBETraining.com, Inc., 9336-0311 Quebec Inc., MOBE Pro Limited, MOBE Inc., MOBE Online Ltd., MattLloydPublishing.com Pty

Ltd. (collectively "**MOBE Corporate Defendants**" or "**Defaulting Defendants**"), alleging they engaged in a scheme to defraud consumers. (Doc. 1 ("**Complaint**").) Despite being properly served and having notice of this action, the MOBE Corporate Defendants failed to timely answer or otherwise respond to the Complaint. (Doc. 71.) So pursuant to Federal Rule of Civil Procedure 55(a), the Clerk of Court entered defaults against the MOBE Corporate Defendants. (Docs. 150–158.) The FTC now moves this Court for entry of a default judgment on all counts of the Complaint against the Defaulting Defendants, seeking injunctive, ancillary, and equitable monetary relief. (Doc. 257, pp. 9–17.) On referral, U.S. Magistrate Judge Daniel C. Irick recommends the Court grant the Motion, finding default judgment appropriate and the relief requested in the Motion is consistent with the relief pled in the Complaint. (Doc. 259 ("**R&R**").)

The parties did not object to the R&R, and the time for doing so has now passed. As such, the Court has examined the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the R&R is due to be adopted in its entirety.

It is **ORDERED** and **ADJUDGED:**

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 259) is **ADOPTED, CONFRIMED,** and made a part of this Order.

2. Plaintiff Federal Trade Commission's Renewed Motion and Memorandum of Law in Support of Entry of Default Judgment and Permanent Injunction

Against the MOBE Corporate Defendants (Doc. 257) is **GRANTED.**

3. The Clerk is **DIRECTED** to close the file.

4. A permanent injunction is **ORDERED**:

### I. DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. "**Business Coaching Program**" means any program, plan, or product, including those related to work-at-home opportunities, that is represented, expressly or by implication, to train or teach a participant or purchaser how to establish a business or earn money or other consideration through a business or other activity.

2. "**Corporate Defendant(s)**" means MOBE Ltd., MOBEProcessing.com, Inc., Transaction Management USA, Inc., MOBETraining.com, Inc., 9336-0311 Quebec Inc., MOBE Pro Limited, MOBE Inc., MOBE Online Ltd., Matt Lloyd Publishing.com Pty Ltd., and each of their subsidiaries, affiliates, successors, and assigns.

3. "**Defaulting Defendants**" means all of the Corporate Defendants, individually, collectively or in any combination.

4. "**Defendant(s)**" means all of the Corporate Defendants and Individual Defendants, individually, collectively, or in any combination.

5. "**Individual Defendant(s)**" means Matthew Lloyd McPhee, Susan Zanghi, and Russell W. Whitney, Jr., individually, collectively, or in any

combination.

6. **"Investment Opportunity"** means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

7. **"Receiver"** means the permanent receiver appointed in this action, Mark J. Bernet, Esq., and any deputy receivers that the receiver names.

8. **"Receivership Entities"** means Corporate Defendants as well as any other entity that has conducted any business related to Defendants' marketing and sale of Business Coaching Programs or Investment Opportunities to consumers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

II. **PERMANENT BAN ON SALE OR MARKETING OF BUSINESS COACHING PROGRAMS AND INVESTMENT OPPORTUNITIES**

It is **ORDERED** that Defaulting Defendants are permanently restrained and enjoined from:

A. Creating, advertising, marketing, promoting, offering for sale, or selling, or assisting others in creating, advertising, marketing, promoting, offering for sale, or selling any Business Coaching Program or any Investment Opportunity;

B.  Holding, directly or through a third-person, any ownership or other financial interest in any business entity that is creating, advertising, marketing, promoting, offering for sale, or selling, or that assists others in creating, advertising, marketing, promoting, offering for sale, or selling any Business Coaching Program, any Investment Opportunity, or any product to assist in the creation or development of a Business Coaching Program or an Investment Opportunity.

### III. PROHIBITION AGAINST MISREPRESENTATIONS

It is **ORDERED** that Defaulting Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.  That consumers who purchase Defaulting Defendants' goods or services will earn or are likely to earn substantial income;

B.  That purchases of Defaulting Defendants' goods or services are refundable without conditions; and

C.  Any other fact material to consumers concerning any good or service, such as: the total costs; any refund policy; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or

central characteristics.

## IV. MONETARY JUDGMENT

It is **ORDERED**:

A.  Judgment is hereby entered in favor of the FTC against the Defaulting Defendants, jointly and severally, in the amount of Three Hundred Eighteen Million, Five Hundred Twelve Thousand, Three Hundred Thirty Six Dollars ($318,512,336), which is the amount of injury suffered by consumers and the amount of unjust enrichment obtained by Defaulting Defendants in connection with the practices alleged in Counts I and II of the Complaint. This monetary judgment, less any amount previously paid by any other Defendant, shall become immediately due and payable by Defaulting Defendants upon entry of this Final Order. Interest computed at the rate prescribed under 28 U.S.C. § 1961(a), as amended, shall immediately begin to accrue on the unpaid balance;

B.  All funds paid to the Commission shall be made by wire transfer in accordance with directions provided by the Commission, or as otherwise agreed to by the Commission;

C.  All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any

attendant expenses for the administration of any redress fund. If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the Commission may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. Defaulting Defendants have no right to challenge any actions the Commission or its representatives may take pursuant to this Subsection.

D. No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty or punitive assessment.

E. Plaintiff is entitled to exercise any and all rights and remedies against Defaulting Defendants and their assets to collect the judgment and interest thereon, less any amounts already paid by Defaulting Defendants or any other Defendant.

## V. TURNOVER OF ASSETS HELD BY THIRD PARTIES

It is **ORDERED** that in order to partially satisfy the monetary judgment set forth in Section IV above, any law firm, financial or brokerage institution, escrow agent, title company, commodity trading company, automated clearing house, payment processor, person or entity served with a copy of this Final Order, that holds, controls, or maintains

custody of any account or asset of MOBE Ltd., MOBEProcessing.com, Inc., Transaction Management USA, Inc., MOBETraining.com, Inc., 9336-0311 Quebec Inc., MOBE Pro Limited, MOBE Inc., MOBE Online Ltd., and MattLloydPublishing.com Pty Ltd., whether real or personal, whether located within the United States or outside the United States, shall turn over such account or asset to the FTC or to its designated agent within ten (10) business days of receiving notice of this Final Order by any means, including but not limited to via email or facsimile.

The accounts and assets to be turned over to the Commission or its designee, pursuant to this Section include, without limitation, the following:

- A. All funds held in any account in the name of or on behalf of any Defaulting Defendant at the time of entry of the Temporary Restraining Order (Doc. 13 ("**TRO**"));
- B. All other funds that the Receiver has obtained from accounts previously in the name of or held on behalf of any Defaulting Defendant;
- C. All assets owned by any Defaulting Defendant;
- D. All funds associated with credits, debits, or charges made by or on behalf of any Defaulting Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities, including, without limitation:

1.  Funds held or controlled by Credicorp Bank, S.A. ("Credicorp"), including the approximately $660,000 (USD) held in the merchant reserve accounts of MOBE Inc., as of the time of Credicorp's notice of the TRO;

2.  Funds held or controlled by Transact Europe JSC or Transact Europe EAD (collectively, "Transact Europe"), including the approximately $200,000 (USD) held in the merchant reserve accounts of MOBE Pro Limited, as of the time of Transact Europe's notice of the TRO.

E.  All shares or equitable interest or title in real estate property, assets or interest held by or maintained for the benefit of any of the Defaulting Defendants.

## VI. LIFTING OF ASSET FREEZE AS TO DEFAULTING DEFENDANTS

It is **ORDERED** that the freeze of Defaulting Defendants' assets shall remain in effect as set forth in Sections III and IV of the Revised Preliminary Injunction entered on September 10, 2018 (Doc. 107), until the Commission has received the total amount required by Section IV above, provided, however, that Defaulting Defendants may transfer funds to the extent necessary to make all payments required by Section IV. Upon payment to the Commission of the total amount required by Section IV above, the freeze against the assets of Defaulting Defendants shall be lifted permanently.

## VII. COMPLETION OF RECEIVERSHIP

It is **ORDERED** that the appointment of Mark J. Bernet, Esq. as Receiver over the

MOBE Corporate Defendants, pursuant to Section XII of the Revised Preliminary Injunction (Doc. 107), is hereby continued as modified by this Section. The Receiver is hereby directed and authorized to accomplish the following within twelve (12) months of entry of this Order, which time may be extended at the request of the Receiver or any party for good cause shown:

    A.    Complete, as necessary, the liquidation of the assets of the Defaulting Defendants;

    B.    Prepare and submit a final report describing the Receiver's activities pursuant to this Order, and a final application for compensation and expenses; and

    C.    Distribute to the Commission any remaining liquid assets at the conclusion of the Receiver's duties, in partial satisfaction of the monetary judgment set forth in this Order.

Upon completion of the above tasks, the duties of the Receivership over the Defaulting Defendants shall terminate, and the Receiver shall be discharged as to the Defaulting Defendants.

## VIII. CUSTOMER INFORMATION

It is **ORDERED** that Defaulting Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order are permanently restrained and enjoined from directly or indirectly:

A. Failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress. If a representative of the Commission requests in writing any information related to redress, Defaulting Defendants must provide it, in the form prescribed by the Commission, within 14 days;

B. Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, Social Security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defaulting Defendant obtained prior to entry of this Order in connection with any activity that pertains to the sale of any Business Coaching Program or Investment Opportunity; and

C. Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

### IX. ORDER ACKNOWLEDGMENTS

It is **ORDERED** that Defaulting Defendants obtain acknowledgments of receipt of this Order:

A. Each Defaulting Defendant, within 7 days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 20 years after entry of this Order, each Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Defaulting Defendant delivered a copy of this Order, that Defaulting Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## X. COMPLIANCE REPORTING

It is **ORDERED** that Defaulting Defendants make timely submissions to the Commission:

A. One year after entry of this Order, each Defaulting Defendant must submit

a compliance report, sworn under penalty of perjury:

1. Each Defaulting Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with that Defaulting Defendant; (b) identify all of that Defaulting Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant; (d) describe in detail whether and how that Defaulting Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

B. For 20 years after entry of this Order, each Defaulting Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Defaulting Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that a Defaulting Defendant has any ownership interest in or controls directly or indirectly that may affect

compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

C. Each Defaulting Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defaulting Defendant within 14 days of its filing.

D. Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC 20580. The subject line must begin: FTC v. MOBE, et al. (MOBE), No. X180034.

## XI. RECORDKEEPING

It is **ORDERED** that Defaulting Defendants must create certain records for 20 years after entry of the Order and retain each such record for 5 years. Specifically, Corporate Defendants must create and retain the following records:

A. Accounting records showing the revenues from all goods or services sold;

B. Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. Records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission; and

E. A copy of each unique advertisement or other marketing material.

## XII. COMPLIANCE MONITORING

It is **ORDERED** that, for the purpose of monitoring Defaulting Defendants' compliance with this Order and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the Commission, each Defaulting Defendant must: submit additional compliance reports or other requested information, which must be sworn

under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the Commission is authorized to communicate directly with each Defaulting Defendant. Defaulting Defendants must permit representatives of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The Commission may use all other lawful means, including posing through its representatives as consumers, suppliers, or other individuals or entities, to Defaulting Defendants or any individual or entity affiliated with Defaulting Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

### XIII. ENTRY OF JUDGMENT

It is **ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter

this Order as a final judgment as to the Defaulting Defendants.

## XIV. RETENTION OF JURISDICTION

It is **ORDERED** that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Final Order.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 13, 2020.

ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record
*Pro Se* Parties