# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

v.                                                                Case No:  6:18-cv-862-Orl-37DCI

**MOBE LTD.,
MOBEPROCESSING.COM, INC.,
TRANSACTION MANAGEMENT USA,
INC., MOBETRAINING.COM, INC.,
9336-0311 QUEBEC INC., MOBE PRO
LIMITED, MOBE INC., MOBE
ONLINE LTD., MATT LLOYD
PUBLISHING.COM PTY LTD.,
MATTHEW LLOYD MCPHEE and
SUSAN ZANGHI,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    Receiver's Verified Fifth Application for Payment for Services Rendered (Doc. 269)
>
> **FILED:**      October 7, 2020
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

### I.  Background

On June 4, 2018, the Federal Trade Commission (FTC) filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) (the FTC Act).  Doc. 1.  The FTC also moved pursuant to Federal Rule of

Civil Procedure 65(b) for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants. Doc. 3. At the same time, the FTC made an application for a temporary receiver. Doc. 6. The next day, the Court granted the FTC's motions, issued a temporary restraining order, and appointed Mark J. Bernet as temporary receiver (the Receiver). Doc. 13.

In sum, in the Complaint, the FTC alleged that Defendants operated a fraudulent internet business education program called "My Online Business Education," or "MOBE," through which Defendants claimed they would reveal a "simple 21-step system that will show consumers how to quickly and easily start their own online business and make substantial income." Doc. 1 at 2. However, the FTC further alleged that, contrary to Defendants' representations, "the vast majority of consumers who join the MOBE program and purchase . . . costly MOBE memberships lose money." *Id*. at 3. According to the FTC, Defendants defrauded thousands of consumers who collectively paid Defendants over $125,000,000.00 based on misrepresentations by Defendants concerning MOBE. *Id*. at 3-4.

On August 17, 2018, the Receiver first moved to recover payment for services rendered both by the Receiver (Doc. 92, the Receiver's first motion to pay himself) and by counsel hired by the Receiver to assist him (Doc. 93, the Receiver's first motion to pay counsel). The motions were unopposed. Docs. 92 at 23; 93 at 12. The undersigned recommended that the Receiver's first motion to pay himself be granted in full and recommended that the Receiver's first motion to pay counsel be granted in part and denied in part such that the undersigned reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable. Doc. 110. No party objected to that Report, and the Court adopted the Report. Doc. 114.

On May 9, 2019, the Receiver moved for the second time to recover payment for services rendered both by the Receiver (Doc. 175) and by counsel hired by the Receiver to assist him (Doc. 176). The motions were unopposed. Docs. 175; 176. The undersigned recommended that the Receiver's second motion to pay himself be granted in full and recommended that the Receiver's second motion to pay counsel be granted in part and denied in part such that the undersigned again reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable. Doc. 207. No party objected to that Report, and the Court adopted the Report. Doc. 215.

On December 16, 2019, the Receiver moved to recover payment for services rendered by Canadian counsel hired by the Receiver to assist him. Doc. 240. The motion was unopposed. Doc. 240. The undersigned recommended that the Receiver's motion to pay Canadian counsel be granted in part and denied in part such that the undersigned again reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable. Doc. 248. No party objected to that Report, and the Court adopted the Report. Doc. 249.

On December 17, 2019 and December 18, 2019, the Receiver moved for the third time to recover payment for services rendered both by the Receiver (Doc. 241) and by counsel hired by the Receiver to assist him (Doc. 243), respectively. The motions were unopposed. Docs. 241; 243. The undersigned recommended that the Receiver's third motion to pay himself be granted in full and recommended that the Receiver's third motion to pay counsel be granted in part and denied in part such that the undersigned again reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable. Doc. 247. No party objected to that Report, and the Court adopted the Report. Doc. 250.

On May 28, 2020, the Receiver moved for the fourth time to recover payment for services rendered both by the Receiver (Doc. 261) and by counsel hired by the Receiver to assist him (Doc. 262), respectively. On that same date, the Receiver also moved to pay counsel in Hong Kong (Doc. 263) and an accounting firm the Receiver hired to assist him (Doc. 264). The motions were unopposed. The undersigned recommended that the Receiver's fourth motion to pay himself and the Receiver's motion to pay the accounting firm be granted in full; the undersigned recommended that the Receiver's fourth motion to pay counsel and the Receiver's motion to pay counsel in Hong Kong be granted in part and denied in part such that the undersigned again reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable. Doc. 265. No party objected to that Report, and the Court adopted the Report. Doc. 266.

Now before the Court is the Receiver's fifth unopposed motion to pay himself (Doc. 269, the Motion).

## II.     Overview of Applicable Law

The Court has already determined that the Receiver and counsel to the Receiver are entitled to payment of a reasonable fee and reimbursement of actual out-of-pocket expenses. This is memorialized in the Court's order appointing the Receiver, which provides that:

> **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

Doc. 13 at 22-23.

Courts are required to utilize the lodestar approach to determine reasonable compensation. *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); *see also Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "If evidence is inadequate, a court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests." *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *10-11 (M.D. Fla. June 8, 2018), *report and recommendation adopted sub nom.*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (internal citations and quotations omitted). In determining if the requested rate is reasonable, the Court may consider the applicable Johnson factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

---

[1] The Johnson factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. Johnson, 488 F.2d at

### III. Discussion

The Receiver requests a payment of fees for the period October 1, 2019 through March 31, 2020 in the amount of $89,991.00 which is based on 272.7 hours expended by the Receiver at an hourly rate of $330.00. Doc. 269 at 1-2. Based on the detailed account of receivership events contained in the Motion (*id*. at 7-14), and the itemized timesheet attached to the motion (Doc. 269-1), the undersigned finds that the hours expended by the Receiver for the period May 1, 2019 through September 30, 2019 are reasonable. The Receiver maintains that his requested hourly rate of $330.00 represents a $230.00 discount off his "2019/2020 standard rate" of $560.00. Doc. 269 at 2 n.2. As reported by Plaintiffs in their Application for a Temporary Receiver, the Receiver agreed to accept the reduced hourly rate. Doc. 6 at 2-3. The undersigned finds the Receiver's hourly rate to be reasonable for his services in this case. Upon consideration of all these factors, it is respectfully recommended that the Court allow the Receiver to be paid $89,991.00 in fees.

### IV. Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Receiver's Verified Fifth Application for Payment for Services Rendered (Doc. 269) be **GRANTED** and that the Receiver be authorized payment in the amount of $89,991.00 in fees.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

717-19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the Johnson] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" Mock v. Bell Helicopter Textron, Inc., 456 F. App'x 799, 801 (11th Cir. 2012) (quoting ADA v. Neptune Designs, Inc., 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

      Recommended in Orlando, Florida on October 23, 2020.

                                          DANIEL C. IRICK
                                          UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy