# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

**v.**                                         **Case No:  6:18-cv-862-Orl-37DCI**

**MOBE LTD.,
MOBEPROCESSING.COM, INC.,
TRANSACTION MANAGEMENT USA,
INC., MOBETRAINING.COM, INC.,
9336-0311 QUEBEC INC., MOBE PRO
LIMITED, MOBE INC., MOBE
ONLINE LTD., MATT LLOYD
PUBLISHING.COM PTY LTD.,
MATTHEW LLOYD MCPHEE, SUSAN
ZANGHI and INGRID WHITNEY,**

        **Defendants.**

_____

# REPORT AND RECOMMENDATION

This cause is before the undersigned upon referral of the Receiver's Motion to Establish Claims Procedures.  Doc 279 (the Motion).  Upon review, the undersigned respectfully recommends that the Motion be granted.

## I.      Background

On June 4, 2018, the Federal Trade Commission (FTC) filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) (the FTC Act).  Doc. 1.  In sum, in the Complaint, the FTC alleged that Defendants operated a fraudulent internet business education program called "My Online Business Education," or "MOBE," through which Defendants claimed they would reveal a "simple 21-step system that will show consumers how to quickly and easily start their own online business and

make substantial income." Doc. 1 at 2. However, the FTC further alleged that, contrary to Defendants' representations, "the vast majority of consumers who join the MOBE program and purchase . . . costly MOBE memberships lose money." *Id.* at 3. According to the FTC, Defendants defrauded thousands of consumers who collectively paid Defendants over $125,000,000.00 based on misrepresentations by Defendants concerning MOBE. *Id.* at 3-4.

The FTC also moved pursuant to Federal Rule of Civil Procedure 65(b) for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants. Doc. 3. At the same time, the FTC made an application for a temporary receiver. Doc. 6. The next day, the Court granted the FTC's motions, issued a temporary restraining order, and appointed Mark J. Bernet as temporary receiver (the Receiver). Doc. 13. The case proceeded;[1] now, the Receiver moves for entry of an order establishing claims procedures for potential non-consumer creditors of the Receivership entities. *See* Doc. 279.

In the Motion, the Receiver explains that he is "largely finished with collecting assets" and believes that it is appropriate for the Court to establish summary claims administration procedures so that the funds the Receiver has collected can be distributed and the Receivership concluded. *See id.* The Receiver seeks an order approving his proposed claims administration process for non-consumer creditors; a proposed order is attached to the Motion (Doc. 279-3, the Proposed Order). No parties have objected to the Motion, and it is ripe for review.

---

[1] The background of this case has been addressed at length in previous reports and orders (*see e.g.*, Docs. 259, 260, 265, 266); the undersigned will not reiterate that information here.

## II.    Overview of Applicable Law

A "district court has broad powers and wide discretion to determine relief in an equity receivership." *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992) (citations omitted); *see also SEC v. Torchia*, 922 F.3d 1307, 1316 (11th Cir. 2019) (same).  This discretion derives from the inherent powers of an equity court to fashion relief. *Elliott*, 953 F.2d at 1566.  In granting relief, it is appropriate for the district court to use summary proceedings. *Id.*  A summary proceeding reduces the time necessary to settle disputes, decreases litigation costs, and prevents further dissipation of receivership assets. *Id.*

Parties subject to summary procedures are entitled to the due process right to notice and an opportunity to be heard; the particular process that is due varies according to the nature of the right and the type of proceedings. *Id.; see also Torchia*, 922 F.3d at 1319 ("[A]t minimum summary proceedings must provide affected investors with necessary information, a meaningful opportunity to argue the facts and their claims and defenses, and an adjudication of their claims and defenses."). "Generally, if government action will deprive an individual of a significant property interest, that individual is entitled to an opportunity to be heard. . . However, a hearing is not required if there is no factual dispute." *Elliott*, 953 F.2d at 1566.  Generally, a district court's use of summary proceedings complies with due process if the parties are permitted to "present evidence when the facts are in dispute and to make arguments regarding those facts." *Id.* at 1567.

## III.    Discussion

Here, the Receiver seeks an order approving his proposed summary claims administration process for non-consumer creditors. *See* Doc. 279.  As an initial matter, the Receiver explains that his proposed procedures apply only to non-consumer creditors. *See id.* at 7.  The Receiver asserts that "the Receiver and the FTC have already collected sufficient information concerning the

identity of consumer claimants and their amount of injury to administer redress." *Id.* at 7.  The Receiver explains that "[i]n most FTC enforcement cases the FTC administers funds collected during the case for the benefit of injured consumers, and there is no reason in this case to deviate from that procedure." *Id.*  Thus, it is the non-consumer creditors who require an opportunity to present their claims to the Receiver before the receivership is wound up.  *See id.* at 8.

The Receiver proposes a two-stage claims procedure process for non-consumer creditors: "First, the Receiver would evaluate any outstanding claims asserted by non-consumer creditors, and second, after paying allowed claims, the Receiver would turn over the remaining funds in the receivership estates to the FTC for the administration of redress to MOBE consumers." *Id.* at 1. The Receiver explains that the proposed procedures require potential non-consumer creditors to file claims with the Receiver by a specific date (the claims bar date),[2] and, in the event a potential creditor and the Receiver cannot reach agreement on the legitimacy or amount of a claim, then the Receiver's proposed procedures permit the potential creditor to petition the Court to resolve the matter.  *Id.*  The Receiver asserts that the proposed procedures satisfy due process requirements. *See id.* at 14.  Upon review, the undersigned agrees.

The Receiver's proposed procedures set forth specific notice provisions, including posting a copy of the Court's order and a claim form,[3] or a link thereto, on the Receiver's website and various social media platforms; as well as compiling a list of all known actual or potential non-consumer creditors and providing a copy of the Court's order and a claim form, or a link thereto, to each person on that list.  *See* Doc. 279 at 9.  The proposed procedures also provide for an

[2] The Receiver suggests that the claims bar date be set "30 days after the date on which the Receiver provides notice to Non-Consumer Creditors."  Doc. 279 at 10.

[3] The Receiver also attached a proposed Claim Form for Non-Consumer Creditors.  Doc. 279-2.

opportunity to be heard in the event of a dispute.  *See id.* at 12.  Under the proposed procedures, the Receiver will file—and serve on all interested parties—a claim report, and the FTC may then file an objection to any claims the Receiver allows or disallows.  *See id.*  If a claim is disallowed by the Receiver or objected to by the FTC, the claim holder may file an objection to the Receiver's decision or a response to the FTC's objection.  *See id.*  Then, the Receiver, the FTC, and/or the claim holder may file a motion for summary judgment; if the matter is not resolved at the summary judgment stage, the dispute will be set for an evidentiary hearing.  *See id.* at 13.  Additionally, if a claim holder believes he cannot "present facts essential to justify a motion for summary judgment . . . or that [he] otherwise believe[s] are essential to develop [his] Claim for adjudication," he may file a motion seeking the Court's leave to conduct discovery.  *Id.*  The undersigned finds that these proposed procedures provide for notice and for an opportunity "to present evidence when the facts are in dispute and to make arguments regarding those facts."  *Elliott*, 953 F.2d at 1567. Accordingly, the undersigned finds that the Motion is due to be granted.

The undersigned notes that neither the Motion nor the Proposed Order discusses specific distribution procedures; rather, the Receiver seeks to establish a mechanism for assessing "the validity of the [non-consumer creditors'] claims and [assessing] whether any such claims should take priority over the claims of MOBE's consumer victims."  *See* Doc. 279 at 2.  Thus, the undersigned explicitly makes no finding related to the validity, priority, or distribution of any non-consumer creditor's claim.

### IV.     Conclusion

For the reasons stated herein, the undersigned respectfully **RECOMMENDS** that the Motion (Doc. 279) be **GRANTED**.  The undersigned recommends that the Court enter the Proposed Order (Doc. 279-3) using the deadlines suggested in the Motion.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 8, 2020.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy