UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.                                                                                    Case No. 6:18-cv-862-Orl-37DCI

MOBE LTD.;
MOBEPROCESSING.COM, INC.;
TRANSACTION MANAGEMENT
USA, INC.; MOBETRAINING.COM,
INC.; 9336-0311 QUEBEC INC.; MOBE
PRO LIMITED; MOBE INC.; MOBE
ONLINE LTD.; MATT LLOYD
PUBLISHING.COM PTY LTD.;
MATTHEW LLOYD MCPHEE; SUSAN
ZANGHI; and INGRID WHITNEY,

    Defendants.

_____

# ORDER

Before the Court is Receiver Mark J. Bernet's ("**Receiver**") motion to establish claims procedures. (Doc. 279 ("**Motion**").) On referral, U.S. Magistrate Judge Daniel C. Irick recommends granting the Motion and entering the proposed order (Doc. 279-3). (Doc. 280 ("**R&R**").)

No objections were filed, and the time for doing so has now passed. Absent objection, the Court reviewed the R&R only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding none, the Court adopts

the Report and Recommendation (Doc. 280) in full.

Accordingly, it is **ORDERED AND ADJUDGED:**

1. U.S. Magistrate Judge Daniel C. Irick's Report and Recommendation (Doc. 280) is **ADOPTED, CONFIRMED,** and made a part of this Order.

2. The Receiver's Motion to Establish Claims Procedures (Doc. 279) is **GRANTED, as follows:**

    **I.   FINDINGS AND CONCLUSIONS**

1. This Court has jurisdiction over this matter.

2. The Court has entered a final order and judgment against Defendants awarding Plaintiff Federal Trade Commission $318,512,336, which represents the amount of injury suffered by consumers and the amount of unjust enrichment obtained by Defendants in connection with the practices alleged in the Complaint. (Docs. 139, 242, 258, 260.) The judgments are final, unappealed, and unappealable. As previously ordered, all money paid to the Commission pursuant to the final order against the Receivership Defendants may be deposited into a fund administered by the Commission or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. (Doc. 260, Sec. IV.A.)

3. To conclude the receivership, the Receiver will be required to pay legitimate receivership expenses, including any valid and enforceable claim held by

       potential third party creditors that are legally superior to the right of recovery of injured consumers. It therefore is appropriate for the Court to establish summary claims procedures to be employed to afford potential Non-Consumer Creditors the ability to present and prosecute a Claim.

4. District courts have broad powers and wide discretion to determine relief in equity receiverships. *SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. Wencke*, 783 F.2d 829 (9th Cir. 1986). This discretion derives from the inherent powers of an equity court to fashion relief, *Elliott*, 953 F.2d at 1566, and any action by a trial court in supervising an equity receivership is committed to the sound discretion of the court and will not be disturbed unless there is a clear showing of abuse. *SEC v. Pension Fund of Am. LC*, No. 09-10241 (11th Cir. May 6, 2010) (citing *SEC v. Safety Fin. Servs., Inc.*, 674 F.2d 368, 373 (5th Cir. 1982)).

5. In granting relief in an equity receivership, it is appropriate for a district court to fashion and utilize summary procedures, because summary procedures reduce the time necessary to settle disputes, decrease litigation costs, and prevent dissipation of receivership assets. *Elliott*, 953 F.2d at 1566. Parties subject to summary procedures are entitled to the due process right to notice and an opportunity to be heard; the particular process that is due varies according to the nature of the right and the type of proceeding. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985); *Matthews v. Eldridge*,

424 U.S. 319 (1976).

## II. DEFINITIONS

For the purpose of this Order, the following definitions apply:

1. **"Administrative Fees"** means any fees and/or costs owed to the Receiver or Special Receiver, or to professionals retained by the Receiver or Special Receiver, in performance of the duties and responsibilities of the Receiver and Special Receiver under the authority previously granted by the Court (Docs. 107, 182), to the extent such fees or costs have not been settled, and which will be the subject of separate court orders.

2. **"Business Coaching Program"** means any program, plan, or product, including those related to work-at-home opportunities, that is represented, expressly or by implication, to train or teach a participant or purchaser how to establish a business or earn money or other consideration through a business or other activity.

3. **"Claim"** means any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

4. **"Claim Form"** means the form attached hereto as Exhibit "1." Non-Consumer Creditors who intend to file a Claim Form may contact the Receiver to obtain a version of the Claim Form in a fillable format.

5. **"Consumer"** means any person or entity who paid money to any of the

MOBE Receivership Defendants or any related entity (i) to enroll in a Business Coaching Program or an Investment Opportunity, or (ii) to obtain goods or services related to a Business Coaching Program or an Investment Opportunity.

6. "**Contested Matter**" means any proceeding brought in the Court whereby (i) a Non-Consumer Creditor objects to the Receiver's disallowance of such Non-Consumer Creditor's Claim, whether in whole or in part, in a Receiver's Claim Report, or (ii) the FTC objects to the Receiver's allowance of any Claim in favor of any Non-Consumer Creditor.

7. "**Defendant(s)**" means Receivership Defendants and Individual Defendants, individually, collectively, or in any combination.

8. "**Individual Defendant(s)**" means Matthew Lloyd McPhee a/k/a Matt Lloyd, Susan Zanghi, and Ingrid Whitney (as personal representative of the Estate of Deceased Defendant Russell W. Whitney), individually, collectively, or in any combination.

9. "**Interested Parties**" means Plaintiff, the Receiver, and all Non-Consumer Creditors who timely file a Claim with the Receiver and Plaintiff.

10. "**Investment Opportunity**" means anything, tangible or intangible, that is offered, offered for sale, sold, or traded based wholly or in part on representations, either express or implied, about past, present, or future income, profit, or appreciation.

11. "**McPhee**" means Individual Defendant Matthew Lloyd McPhee, a/k/a Matt Lloyd.

12. "**Non-Consumer Creditor**" means any persons or entity who is <u>not</u> a Consumer and who has or claims to have a Claim against the Receiver, the Special Receiver or any of the Receivership Defendants.

13. "**Receiver**" means the receiver appointed in this action, Mark J. Bernet, and any deputy receivers that he names.

14. "**Receiver's Claim Report**" means a report to be filed by the Receiver analyzing Claim Forms received timely and determining whether each Claim Form timely received is allowed, disallowed, or allowed in part and disallowed in part.

15. "**Receivership Claim**" means any Claim asserted by any Non-Consumer Creditor, whether the claim arose prior to or during the pendency of the Receivership on or after June 5, 2018, with the exception of Administrative Fees.

16. "**Receivership Defendants**" or "**Receivership Entities**" means MOBE Ltd., MOBEProcessing.com, Inc., Transaction Management USA, Inc., MOBETraining.com, Inc., 9336-0311 Quebec Inc., MOBE Pro Limited, MOBE Inc., MOBE Online Ltd., Matt Lloyd Publishing.com Pty Ltd., and their subsidiaries, affiliates, successors, and assigns. as well as any other entity that has conducted any business related to Defendants' marketing

and sale of Business Coaching Programs or Investment Opportunities to consumers, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

17. "**Special Receiver**" means Burton W. Wiand, and any deputy special receivers that he names.

### III.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

A.   **Notice Provisions.**

Within thirty days of the date of this Order the Receiver and Plaintiff shall provide notice of the provisions contained in this Order as follows:

1. The Receiver shall post a copy of this Order on his website, www.bernet-receiver.com, and he also shall post a copy of this Order, or a link to a copy of this Order, on his Facebook, Instagram and Twitter accounts;

2. Plaintiff shall post this Order on its website;

3. The Receiver shall compile a list of all known potential Non-Consumer Creditors, to include name and contact information (physical address, e-mail address and/or facsimile number), and provide a copy of this Order, or a statement containing a link to this Order, to each person identified on said list.

Upon providing notice as described above, the Receiver shall file a Notice of

Compliance with the Court. The Notice of Compliance shall contain a list of all known potential Non-Consumer Creditors to whom notice was provided, the date on which notice was provided, and the manner in which it was provided, to include the physical address, e-mail address and/or facsimile number utilized.

**B.     Claims Bar Date.**

All Non-Consumer Creditors shall present a completed Claim Form to the Receiver **so that he receives it by 5:00 p.m. Eastern Standard Time on Monday, March 8, 2021**. The completed Claim Form, with all required attachments, must be transmitted by e-mail or facsimile to the Receiver, Mark J. Bernet, at the following addresses or number:

e-mail: mark.bernet@akerman.com, brooke.rollins@akerman.com, & mary.mclees@akerman.com,
facsimile no.: (813) 223-2837.

In the event of extraordinary circumstances, and after consulting with Plaintiff, the Receiver may extend the deadline described herein for any particular Non-Consumer Creditor.

**Consumers harmed by the acts or practices alleged in the Complaint shall not provide any Claim Form to the Receiver.**

**C.     Information to be Provided in Claim Form.**

Non-Consumer Creditors who present a Claim Form to the Receiver shall provide all information requested therein and shall attach to their Claim Form all supporting materials as requested therein. All Claim Forms shall be signed under penalty of perjury by the Non-Consumer Creditor presenting the Claim Form, or by an officer, manager or

other responsible person on behalf of the Non-Consumer Creditor presenting the Claim Form.  Material modifications to the Claim Form will constitute grounds for disallowing the Claim. The Receiver and/or Plaintiff may request additional information from any Non-Consumer Creditor pertaining to the validity, extent, legality, enforceability or amount set forth in such Non-Consumer Creditor's Claim Form, and in this regard, the Receiver and Plaintiff shall be entitled to conduct discovery relating to the Non-Consumer Creditor's claim or its relationship with Receivership Defendants, in accordance with the following rules of civil procedure (and all corresponding local rules): Rule 30 (depositions), Rule 33 (interrogatories), Rule 34 (document requests), and Rule 37 (compelling discovery/protective orders). Failure to cooperate with the Receiver or Plaintiff in connection with any such request for additional information will constitute grounds for disallowing the Claim of the non-cooperating Non-Consumer Creditor.

        D.     **Receiver to File Receiver's Claim Report.**

The Receiver shall analyze each Claim Form timely received. The Receiver and Plaintiff, independently or jointly, may contact Non-Consumer Creditors concerning their Claim Forms to request additional information or otherwise to obtain clarity concerning the Claim; in particular, the Receiver and Plaintiff may request from a Non-Consumer Creditor supporting documentation and legal authority showing the validity and legality of the Non-Consumer Creditor's Claim. By no later than Thursday, **April 22, 2021**, and after consulting with Plaintiff, the Receiver shall file and serve on all Interested Parties his Receiver's Claim Report describing each Claim Form received, to include the

identity of Non-Consumer Creditors who filed Claims, the amount set forth on each Claim Form, a general narrative description of each Claim presented, and the Receiver's determination as to whether the Claim has been allowed, disallowed, or allowed in part and disallowed in part.

### E. Procedures after Receiver's Claim Report.

After the Receiver files his Claims Report, Plaintiff shall have **fourteen (14) days** to file a statement noting whether it objects to any of the Claims that the Receiver has decided to allow in whole or in part. After Plaintiff files its statement, all Claims the Receiver allows, as set forth in the Receiver's Claims Report, and to the extent (i) not objected to by Plaintiff, and (ii) arising after the commencement of this lawsuit, shall be deemed allowed and paid from the assets of the receivership estates. The holder of any Claim that is disallowed by the Receiver, in whole or in part, shall be permitted to object to the Receiver's determination by filing a written objection with the Court and serving a copy on the Receiver and the Plaintiff, thereby initiating a Contested Matter. The holder of any Non-Consumer Creditor Claim that has been allowed by the Receiver but objected to by Plaintiff shall file a response to Plaintiff's objection, serving a copy on the Receiver and Plaintiff, which also will initiate a Contested Matter. The deadline for a Non-Consumer Creditor to file an objection to the Receiver's Claim Report shall be **thirty (30) days** after the time the Receiver files his Receiver's Claim Report, and the deadline for a Non-Consumer Creditor to file a response to the Plaintiff's objection to an allowed Claim shall be **thirty (30) days** after Plaintiff files its objections. Any objection filed after the

deadlines established herein shall be overruled as untimely.

The Receiver or Plaintiff shall advise the Court when a Contested Matter is ripe for adjudication by the Court. In this regard, Rule 56, Fed R. Civ. P. shall apply, and the Receiver, Plaintiff, and/or the Non-Consumer Victim Creditor initiating a Contested Matter may file a motion for summary judgment. The Court shall consider motions filed in any Contested Matter, with or without oral argument at the Court's discretion, under the standards established in Rule 56, Fed. R. Civ. P., and shall grant any such motion if it finds there is no genuine dispute as to any material fact, and that the movant is entitled to the requested relief as a matter of law. Any Contested Matter not resolved under Rule 56, Fed. R. Civ. P., shall be set for a final evidentiary hearing.

In the event Non-Consumer Creditors initiating a Contested Matter believe that they cannot present facts essential to justify a motion for summary judgment, or that they otherwise believe are essential to develop their Claim for adjudication, then they may file a motion with the Court seeking leave to conduct discovery. Any such motion shall include (i) specific material facts that the Non-Consumer Creditor seeks to discover, (ii) the form of discovery the Non-Consumer Creditor seeks to undertake, and (iii) an explanation as to why the proposed discovery is reasonably calculated to demonstrate those specific material facts.

### F. Payment of Claims and Expenses.

Upon payment of any allowed Receivership Claim or Receivership Claim from a Contested Matter ultimately held in favor of a Non-Consumer Creditor by the Court, and

after payment or settlement of Administrative Fees separately approved by the Court, the Receiver shall distribute any remaining assets or funds to the Commission and terminate the Receivership pursuant to the Court's prior orders.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 6, 2021.

4.



ROY B. DALTON JR.
United States District Judge

5.

Copies to:
Counsel of Record
*Pro se* Party

Attachments: Claim Form