UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FEDERAL TRADE COMMISSION,

          Plaintiff,

v.                                      Case No:  6:18-cv-862-Orl-37DCI

MOBE LTD.,
MOBEPROCESSING.COM, INC.,
TRANSACTION MANAGEMENT USA,
INC., MOBETRAINING.COM, INC.,
9336-0311 QUEBEC INC., MOBE PRO
LIMITED, MOBE INC., MOBE
ONLINE LTD., MATT LLOYD
PUBLISHING.COM PTY LTD.,
MATTHEW LLOYD MCPHEE and
SUSAN ZANGHI,

          Defendants.

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motions:

- Receiver's Verified Sixth Application for Payment for Services Rendered (Doc. 289)

- Receiver's Verified Fifth Application for Payment for Services Rendered and Reimbursement for Costs Incurred by Akerman LLP (Doc. 290)

### I.    Background

On June 4, 2018, the Federal Trade Commission (FTC) filed its Complaint for Permanent Injunction and Other Equitable Relief pursuant to Section 13(b) of the Federal Trade Commission Act, 15 U.S.C. § 53(b) (the FTC Act).  Doc. 1.  The FTC also moved pursuant to Federal Rule of Civil Procedure 65(b) for a temporary restraining order, asset freeze, other equitable relief, and an

order to show cause why a preliminary injunction should not issue against Defendants.  Doc. 3. At the same time, the FTC made an application for a temporary receiver.  Doc. 6.  The next day, the Court granted the FTC's motions, issued a temporary restraining order, and appointed Mark J. Bernet as temporary receiver (the Receiver).  Doc. 13.

In sum, in the Complaint, the FTC alleged that Defendants operated a fraudulent internet business education program called "My Online Business Education," or "MOBE," through which Defendants claimed they would reveal a "simple 21-step system that will show consumers how to quickly and easily start their own online business and make substantial income."  Doc. 1 at 2. However, the FTC further alleged that, contrary to Defendants' representations, "the vast majority of consumers who join the MOBE program and purchase . . . costly MOBE memberships lose money."  *Id*. at 3.  According to the FTC, Defendants defrauded thousands of consumers who collectively paid Defendants over $125,000,000.00 based on misrepresentations by Defendants concerning MOBE.  *Id*. at 3-4.

On August 17, 2018, the Receiver first moved to recover payment for services rendered both by the Receiver (Doc. 92, the Receiver's first motion to pay himself) and by counsel hired by the Receiver to assist him (Doc. 93, the Receiver's first motion to pay counsel).  The motions were unopposed.  Docs. 92 at 23; 93 at 12.  The undersigned recommended that the Receiver's first motion to pay himself be granted in full and recommended that the Receiver's first motion to pay counsel be granted in part and denied in part such that the undersigned reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable.  Doc. 110.  No party objected to that Report, and the Court adopted the Report.  Doc. 114.

On May 9, 2019, the Receiver moved for the second time to recover payment for services rendered both by the Receiver (Doc. 175) and by counsel hired by the Receiver to assist him (Doc.

176).  The motions were unopposed.  Docs. 175; 176.  The undersigned recommended that the Receiver's second motion to pay himself be granted in full and recommended that the Receiver's second motion to pay counsel be granted in part and denied in part such that the undersigned again reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable.  Doc. 207.  No party objected to that Report, and the Court adopted the Report.  Doc. 215.

On December 16, 2019, the Receiver moved to recover payment for services rendered by Canadian counsel hired by the Receiver to assist him.  Doc. 240.  The motion was unopposed. Doc. 240.  The undersigned recommended that the Receiver's motion to pay Canadian counsel be granted in part and denied in part such that the undersigned again reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable.  Doc. 248.  No party objected to that Report, and the Court adopted the Report.  Doc. 249.

On December 17, 2019 and December 18, 2019, the Receiver moved for the third time to recover payment for services rendered both by the Receiver (Doc. 241) and by counsel hired by the Receiver to assist him (Doc. 243), respectively.  The motions were unopposed.  Docs. 241; 243.  The undersigned recommended that the Receiver's third motion to pay himself be granted in full and recommended that the Receiver's third motion to pay counsel be granted in part and denied in part such that the undersigned again reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable.  Doc. 247.  No party objected to that Report, and the Court adopted the Report.  Doc. 250.

On May 28, 2020, the Receiver moved for the fourth time to recover payment for services rendered both by the Receiver (Doc. 261) and by counsel hired by the Receiver to assist him (Doc. 262), respectively.  On that same date, the Receiver also moved to pay counsel in Hong Kong

(Doc. 263) and an accounting firm the Receiver hired to assist him (Doc. 264).  The motions were unopposed.  The undersigned recommended that the Receiver's fourth motion to pay himself and the Receiver's motion to pay the accounting firm be granted in full; the undersigned recommended that the Receiver's fourth motion to pay counsel and the Receiver's motion to pay counsel in Hong Kong be granted in part and denied in part such that the undersigned again reduced certain of the requested rates as unsupported and set rates that the Court deemed reasonable.  Doc. 265.  No party objected to that Report, and the Court adopted the Report.  Doc. 266.

On October 7, 2020, the Receiver moved for the fifth time to recover payment for services rendered by the Receiver.  Doc. 269.  The motion was unopposed.  *Id.*  The undersigned recommended that the Receiver's motion be granted in full.  Doc. 274.  No party objected to that Report, and the Court adopted the Report.  Doc. 277.

 On November 16, 2020, the Receiver moved to establish claims procedures for potential non-consumer creditors and attached thereto a proposed order.  Docs. 279, 279-3.  The undersigned recommended that the Receiver's motion be granted and recommended that the Court enter the proposed order.  Doc. 280.   No party objected to that Report, and the Court adopted the report and entered an order establishing claims procedures for potential non-consumer creditors.  Doc. 282.

On May 21, 2021, the Receiver moved for authority to make an interim distribution to the FTC.  Doc. 286.  The undersigned recommended that the Court grant the Receiver's motion.  Doc. 287.  No party objected to the Report.  On August 20, 2021, the Court adopted the Report and authorized the Receiver to distribute $15.2 million to the FTC and retain approximately $500,000 in the receivership accounts.  Doc. 288.

Now before the Court are the Receiver's sixth motion to pay himself (Doc. 289) and his fifth motion to pay his counsel (Doc. 290). The motions are unopposed.

## II.    Discussion

The Court has already determined that the Receiver and counsel to the Receiver are entitled to payment of a reasonable fee and reimbursement of actual out-of-pocket expenses. This is memorialized in the Court's order appointing the Receiver, which provides that:

> **IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession or control of, or which may be received by, the Receivership Entities. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

Doc. 13 at 22-23.

Courts are required to utilize the lodestar approach to determine reasonable compensation. *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); *see also Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "If evidence is inadequate, a court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests." *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *10-11 (M.D. Fla. June 8, 2018),

*report and recommendation adopted sub nom*., No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (internal citations and quotations omitted).   In determining if the requested rate is reasonable, the Court may consider the applicable Johnson factors and may rely on its own knowledge and experience.  *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

## A.  The Receiver's Fee

The Receiver requests a payment of fees for the period April 1, 2020 through January 31, 2021 in the amount of $91,203.00 which is based on 299.1 hours expended by the Receiver at an hourly rate of $330.00, less a $7,500.00 "courtesy discount requested by [the FTC]."  Doc. 289 at 1-2.  Based on the detailed account of receivership events contained in the Motion (*id*. at 5-16), and the itemized timesheet attached to the motion (Doc. 289-1), the undersigned finds that the hours expended by the Receiver for the period April 1, 2020 through January 31, 2021 are reasonable.  The Receiver maintains that his requested hourly rate of $330.00 represents a $230.00

---

[1] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases.  *Johnson*, 488 F.2d at 717-19.  The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the Johnson] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'"  *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

discount off his "2020/2021 standard rate" of $560.00. Doc. 289 at 2 n.1. As reported by Plaintiffs in their Application for a Temporary Receiver, the Receiver agreed to accept the reduced hourly rate. Doc. 6 at 2-3. The undersigned finds the Receiver's hourly rate to be reasonable for his services in this case. Upon consideration of all these factors, it is respectfully recommended that the Court allow the Receiver to be paid $91,203.00 in fees.

**B. The Receiver's Counsel's Fees**

To assist him in his duties, the Receiver hired counsel, the law firm Akerman LLP. Thus, the Receiver requests permission to pay Akerman fees for the period May 1, 2020 through July 31, 2021 in the amount of $15,037.50, which is based on 98.35 hours expended by two paralegals at a "blended hourly rate" of $150.00. Doc. 290 at 1-2, 5-6.[2]

The Receiver explains that during this interim billing period he relied upon those paralegals, Serena Vasquez and Mary A. McLees, and did not utilize the assistance of any attorneys at Akerman. *Id*. at 5-6.[3]

The Receiver represents that all the services for which the Receiver requests compensation for Akerman were rendered solely in connection with this case and solely at the request and under the supervision of the Receiver, and that Akerman received no retainer for professional fees and costs in connection with its services, but instead agreed to wait for a Court order authorizing

---

[2] The undersigned notes that the Receiver's calculation of his total fee request here appears to be based on a non-blended hourly rate, with Ms. Vasquez working 27.35 hours at an hourly rate of $150.00 and Ms. McLees working 71.00 hours at an hourly rate of $154.01. *See* Doc. 290-1 at 11. This appears to be an inadvertent error; thus, the undersigned will proceed with the total fee amount that corresponds to 98.35 hours expended at an hourly rate of $150.00, as set forth in the Motion— such that the total fee requested is $14,752.50.

[3] The Receiver notes that Ms. Vasquez "was the paralegal primarily assigned to this matter until she went on medical leave in mid-June 2020" and that "Ms. McLees has ably and competently assumed responsibility on this matter since that time." Doc. 290 at 6 n.3.

payment before taking payment. *Id*. at 3.  The Receiver is a partner at Akerman, but the Receiver has requested his fees separately, as set forth in the foregoing section of this Report. *Id*. at 4.  The Receiver maintains that, in light of the difficult and complex nature of this case, the requested compensation for Akerman is fair and reasonable. *Id*.

Based on the detailed account of events contained in the motion (*id*. at 6-8), and the itemized timesheet attached to the motion (Doc. 290-1), the undersigned finds that the hours expended by the Receiver's counsel from May 1, 2020 through July 31, 2021 are reasonable.

In turning to the second component of the lodestar, the undersigned also finds that the Receiver has provided sufficient justification and support for the blended hourly rate requested for Ms. Vasquez and Ms. McLees.  The undersigned has already set a rate of $150.00 for Ms. Vasquez in the previously adopted Reports, and the undersigned will continue to recommend that rate for the reasons set forth in those Reports.  The Receiver represents that Ms. McLees has at least the same amount of experience and education as Ms. Vasquez and states that Ms. McLees "took over" when Ms. Vasquez went on medical leave.  Doc. 290 at 12-13.  Thus, drawing upon the undersigned's own experience and expertise, and considering the information provided by the Receiver, the undersigned will set an hourly rate for Ms. Vasquez and Ms. McLees of $150.00, which the undersigned finds reasonable.  In coming to that rate (which the undersigned deems significant), the undersigned has also considered the lack of opposition to the motions by any party, as well as the *Johnson* factors, including particularly the significant time and effort involved, the skill necessary to perform the services requested, the preclusion of other work opportunities as to Ms. McLees, the fee requested by Akerman (which the Receiver deems lower than is customary), the time limitations involved in a case such as this, the significant results obtained by Akerman in securing assets thus far, and the experience and reputation of the law firm.  Upon consideration of

all these factors, it is respectfully recommended that the Court allow the Receiver to pay Akerman $14,752.50 in fees.  *See supra* n. 2.

### C.  The Receiver's Counsel's Costs

In addition to fees, the Receiver is requesting that Akerman be paid thirty cents for costs incurred.  Doc. 290 at 2.  These expenses and appear to be justified, necessarily charged, and to have been actually incurred, based upon a review of the invoice attached to the Motion which show the itemized disbursements of funds for identified expenses. Doc. 290-1 at 2, 9.   Thus, the undersigned respectfully recommends that the Court allow the Receiver to pay Akerman thirty cents for costs incurred.

### III.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.  The Receiver's Verified Sixth Interim Application for Payment for Services Rendered (Doc. 289) be **GRANTED** such that the Receiver be authorized payment in the amount of $91,203.00 in fees;

2.  The Receiver's Verified Fifth Application for Payment for Services Rendered and Reimbursement for Costs Incurred by Akerman LLP (Doc. 290) be **GRANTED** such that the Receiver be authorized to make payment to Akerman LLP in the amount of $14,752.80.in fees and costs.

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R.

3-1.

      Recommended in Orlando, Florida on August 30, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE