# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**FEDERAL TRADE COMMISSION,**

        **Plaintiff,**

v.                                                                Case No: 6:18-cv-862-RBD-DCI

**MOBE LTD.,
MOBEPROCESSING.COM, INC.,
TRANSACTION MANAGEMENT USA,
INC., MOBETRAINING.COM, INC.,
9336-0311 QUEBEC INC., MOBE PRO
LIMITED, MOBE INC., MOBE
ONLINE LTD., MATT LLOYD
PUBLISHING.COM PTY LTD.,
MATTHEW LLOYD MCPHEE, SUSAN
ZANGHI and INGRID WHITNEY,**

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the undersigned for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | Receiver's Verified Seventh Interim Application for Payment for Services Rendered (Doc. 293) |
| **FILED:** | September 21, 2022 |
| **THEREON** it is **Recommended** that the motion be **GRANTED**. | |

Receiver requests authority to pay himself $70,125.00 for services rendered during the seventh interim fee period. Doc. 293 (the Motion). The Motion is unopposed,[1] and the Motion is due to be granted.

Courts are required to utilize the lodestar approach to determine reasonable compensation. *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008). The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate." *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); *see also Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010). The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable. *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). "If evidence is inadequate, a court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests." *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *10-11 (M.D. Fla. June 8, 2018), *report and recommendation adopted sub nom.*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (internal citations and quotations omitted). In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience. *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either

---

[1] The undersigned notes that the Federal Trade Commission's lack of objection is a factor in the analysis. *See, e.g., S.E.C. v. Kirkland*, 2011 WL 5985025, at *1 (M.D. Fla. Nov. 4, 2011) ("[T]he Court will consider the SEC's lack of objection as simply one factor in the analysis.").

with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2]

As this is Receiver's seventh application for fees, there is little need for table-setting; the background of this case has been thoroughly outlined previously. *See* Doc. 291 at 1–4; *see also* Doc. 269 at 4–7. Receiver requests $70,125.00 in fees for services rendered from February 1, 2021 through August 31, 2022.[3] This total represents 212.5 hours expended at an hourly rate of $330.00.

As in the undersigned's previous report, Doc. 291 at 6–7, which was adopted by the Court, Doc. 292, the undersigned finds that Receiver's requested hourly rate of $330.00 is reasonable. Further, based on the events detailed in the Motion, Doc. 293 at 6–13, and the itemized timesheet attached to the Motion, Doc. 293-1, the undersigned finds that the hours expended by Receiver from February 1, 2021 through August 31, 2022 are reasonable. Upon consideration of all factors, the undersigned finds that Receiver is due to be paid $70,125.00 for services rendered.

---

[2] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717–19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the *Johnson*] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

[3] In the Motion, Receiver states the period starts at February 1, 2022, but this appears to be a scrivener's error. Receiver's itemized timesheet starts at February 1, 2021, Doc. 293-1, and Receiver's previous application for fees covered up to January 31, 2021, Doc. 291 at 6.

Accordingly, for the foregoing reasons, the undersigned respectfully **Recommends** that the Motion (Doc. 293) be **GRANTED**, such that the Receiver be authorized to pay himself $70,125.00 for services rendered.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 7, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy